IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LAVON HEATH,
      Petitioner/Plaintiff, 2007 MAR 23 A 9:38 Case No. _2:07cv255-WKW_
                                                  (to be assigned)

vs.

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DARLENE A. DREW, WARDEN
    FPC MONTGOMERY,
            Respondent/Defendant.  /

PETITION FOR WRIT OF
HABEAS CORPUS
PURSUANT TO TITLE
28 U.S.C.§2241

Evidentiary Hearing requested

     **COMES NOW**, Petitioner, Lavon Heath, pro-se, and moves this Honorable Court to issue said request for Writ of Habeas Corpus based on the submitted facts, the circumstances, the citations of authority and the arguments set forth herein this petition. Petitioner submits this petition pursuant to the "Savings Clause" of Title 28 U.S.C.§2255 ¶5. In support of this petition, Petitioner submits the following:

<u>FACTS AND PROCEDURAL HISTORY</u>

     1.) Petitioner is currently incarcerated under this federal sentence after being found guilty for the involvement in a crack cocaine and cocaine distribution operation in Palm Beach County, Florida, From June 1,1998 through June 14, 1990. Less pertinent background facts of this case are fully fleshed out in the decision regarding Petitioner's first appeal from conviction. see generally <u>United States v. Glinton</u>, 154 F.3d 1245(11th Cir. 1998). for the purposes of the instant petition for writ of habeas corpus, only the following facts, gleaned from the Eleventh Circuit's recap and the Petitioner's post-conviction

proceedings, are necessary for this Honorable Court's consideration.

2.) Following conviction, Petitioner was sentenced to 400 months. The Eleventh Circuit remanded for resentencing. Petitioner was resentenced to 292 months of imprisonment. Petitioner appealed this sentence. This sentence was affirmed, and the mandate issued on March 3,2000. Petitioner filed a timely motion to vacate pursuant to 28 U.S.C.§2255. In support of this motion, Petitioner argued, inter alia, that the "Trial court erred in admitting evidence, conversations and derivative, of intercepted communications for the government's failure to satisfactorily explain the absence of the seal before the contents of intercepted communications can be disclosed at trial, in violation of 18 U.S.C.§2518(8)(a)" and Petitioner "was denied effective assistance of counsel in that trial counsel failed to object to the government's failure to present evidence of the seal provided for by 18 U.S.C.§2518(8)(a), or a 'satisfactory explanation' for its absence, when it is a prerequisite for the use or disclosure of any evidence derived from such recordings." Heath v. U.S., No.00-8925-CIV(Oct.3,2000)[DE1](Corrected Motion to Vacate,Set Aside,or Correct Sentence). See Attachment #1. Copy of Petitioner's §225 Motion. Petitioner also included other claims in this §2255 motion that are not relevant to this petition.

3.) As to Petitioner's first claim, Magistrate Judge Sorrentino found that even if this claim was not procedurally barred for Petitioner's failure to raise it before trial, the claim lacked merit because Assistant State Attorney Shephard's

-2-

suppression hearing testimony demonstrated that the wiretap was indeed sealed. with respect to the ineffective assistance of counsel claim, the magistrate found that Petitioner's trial counsel did, in fact, move to suppress the wiretap on several grounds, but the motion was denied and the denial was affirmed on appeal. Moreover, the record demonstrated that the wiretap was indeed sealed. Accordingly, the magistrate found that Petitioner's counsel was not ineffective. Indeed, the Magistrate Judge recommended dismissal.

4.) However, before Magistrate Sorrentino ruled on Petitioner's §2255 motion and, after the government filed its response to Petitioner's §2255, Petitioner filed a "Traverse to Government's Response to Movant's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.§2255." Heath v. U.S., No.00-8925-CIV(Oct.3,2000)[DE#19]. See Attachment #2. Copy of Petitioner's Reply to Government's Response. Petitioner argued that the government had not demonstrated immediate sealing of the tape recordings at Petitioner's trial. Additionally, Petitioner cited a recent decision, during that period in time, of the Eleventh Circuit that held that the "government could not use wiretap evidence unless it could show either prompt sealing of tapes or a reasonable excuse for not doing so." Jones v. United States, 224 F.3d 1251(2000). Furthermore, as to the ineffective assistance of counsel claim, Petitioner refuted the government's claim that trial counsel was not ineffective for failing to object or argue for the suppression wiretap evidence because of an unsupported allegation that recordings were not sealed in conformance with §2518(8)(a).

-3-

5.) Moreover, Petitioner, on this same day also filed to the court a "Notice of Supplemental Authority in Support of Motion filed Pursuant to 28 U.S.C.§2255." Heath v. U.S., No.00-8925-CIV(Oct.3,2000)[DE#18]. See Attachment #3. Copy of Notice of Supplemental Authority. Petitioner notified the court of the recent decision in Jones v. U.S., 224 F.3d 1251(11th Cir.2000), to support Petitioner's claim that the trial court committed error in admitting wiretap evidence for the government's failure to demonstrate immediate sealing of wiretap recordings before contents can be admitted at trial under 18 U.S.C.§2518(8)(a), and to support Petitioner's claim of ineffective assistance of counsel for failing to argue for suppression of wiretap evidence despite the government's failure to demonstrate immediate sealing of wiretap recordings. More importantly, Petitioner argued that if the immediacy claim was not sufficiently alleged in the original pleadings of Petitioner's §2255 motion Petitioner requested permission to amend/supplement Section 2255 motion to include a claim pursuant to Rule 15(a) of the Federal Rule of Civil Procedure, see footnote 1 of "Notice of Supplemental Authority in Support of Motion filed Pursuant to 28 U.S.C.§2255."

6.) Despite Petitioner's contention that the government not only must demonstrate sealing of the wiretap recordings but also prove immediate sealing of such recordings upon expiration of each underlying wiretap order as prerequisite to the admissibility of the evidence or contents at trial of Petitioner, the magistrate judge failed to address this specific requirement of §2518(8)(a) although Magistrate Sorrentino readily admits to having Petitioner's Traverse Motion("reply") and the notice of

-4-

Supplemental Authority for the <u>court's consideration of
Petitioner's §2255 motion</u>. See Attachment #4. <u>Copy of
Magistrate's Report and Recommendation ppg. 1-2</u>.(emphasis added).
Indeed, Magistrate Sorrentino's own admission indisputably
supports Petitioner's contention that this claim was properly
before the court for adjudication of the merits of such claim,
the immediacy of the seal requirement as prerequisite to the
admissibility of the evidence or contents.

7.) Before the Court adopted the magistrate's report and
recommendation, Petitioner filed "Objections to the Magistrate's
Report" and a "Motion for Reconsideration and Clarification" on
February 26,2002. See Attachment #5. <u>Copy of Petitioner's
Objections to Report</u>; and Attachment #6. <u>Copy of Motion for
Reconsideration and Clarification</u>. First, in the Objections to
report of magistrate, Petitioner specifically stated that the
report of the magistrate failed to address the fact that the
government had not proven, whether through testimonial or
documentary evidence, that state and federal agents had
"immediately" sealed wiretap recordings upon the expiration of
each underlying order allowing the interception. In fact, without
such proof the wiretap recordings were inadmissible, per se §2518
(8)(a). With respect to Petitioner's ineffective assistance of
counsel claim, Petitioner vigorously argued that it was the duty
of counsel to argue for suppression  of wiretap evidence that
was warranted in light of the requirements of §2518(8)(a), the
absence of an immediate seal and the controlling precedent.
Second, as for the motion for Reconsideration and Clarification,
Petitioner for precautionary purposes, argued that the magistrate
had erroneously misconstrued the claim and the requirements of

-5-

§2518(8)(a). Petitioner stated not only that the government had failed to show that the recordings were sealed but also that the government had not proven immediate sealing under wording of §2518(8)(a), without explanation, the District Court adopted the magistrate's report and recommendation. <u>Heath v. U.S.</u>, No.00-8925-CIV(March 17,2002)[DE# 24](Order on Report and Recommendation of U.S. Magistrate). Accordingly, the District Court also failed to fully and fairly address Petitioner's ineffective assistance of counsel claim based on counsel's failure to argue for suppression of the wiretap evidence pursuant to the requirements of 18 U.S.C.§2518(8)(a), despite the absence of facts in the record that the sealed was immediately obtained upon the expiration of the underlying order allowing the interception.

8.) Petitioner then filed a Civil rights suit under 42 U.S.C.§1983, in December of 2005. The Magistrate construed this action as a Mandamus under 28 U.S.C.§1361. This complaint requested an order compelling state and federal prosecutors, as well as their offices to produce documentation demonstrating the date(s) tapes of intercepted communications of Petitioner were sealed upon the expiration of each underlying order or account for its absence.

9.) The magistrate found that the court did not have the power to issue a mandamus order as to the state defendants. Therefore, the magistrate dismissed the claims against the state defendants. As for AUSA Thomas O'Malley and the U.S. Attorney's Office, the magistrate determined that Petitioner had failed to provide any duty on the part of these Defendants to provide the

-6-

documents that Petitioner requested. Without such a duty a mandamus order was not proper, the magistrate determined. <u>Heath v. O'Malley, et.al.</u>, No.05-61976-CIV(Feb.13,2006)[DE #4].

10.) After timely objections to the report and recommendation. The District Court issued an "Order Modifying In Part and Otherwise Adopting Magistrate's Report and Order Closing Case." <u>Heath v. O'Malley, et.al.</u>, No.05-61976-CIV(Apr.13,2006)[DE #8]. See Attachment #7. <u>Copy of Order Dated 4/13/06</u>. Despite the District Court's decision adopting the magistrate's report, the Court noted that "if [Petitioner] obtains evidence that state investigators did not obtain a seal of the wiretap recordings within one or two days after the expiration of the state court's order allowing the wiretap, [Petitioner] could demonstrate that the evidence used against [Petitioner] should have been suppressed." Id. at pg.8. Futhermore, the Court in its opinion found that Petitioner, under the materiality prong of <u>Brady</u>, even if the Court ordered disclosure of requested evidence materiality "would depend on whether [Petitioner] could actually affect the outcome of a post-conviction proceeding should [Petitioner] have access to such evidence." Id. Therefore, as found by the Court, since Petitioner had already filed a §2255 motion this "additional evidence cannot have any affect on [Petitioner's] predicament unless [Petitioner] could actually make use of the evidence in a second or successive §2255 motion." Id.

11.) In other words, the Court finds that Petitioner's claim is not a second or successive claim "given that in [Petitioner's] first §2255 proceeding, Petitioner filed a motion for reconsider-

-7-

ation and clarification" and "[t]his motion raised the very claims [Petitioner] would bring **should** [Petitioner] obtain evidence that the wiretap recordings were not immediately sealed." However, had the court during this instant proceeding thoroughly reviewed the records of the previous §2255 proceeding, the court would have discovered that Petitioner had presented this claim during that proceeding, consequently, the previous court failed to address this specific claim, e.g. refer to the original §2255 motion, the Notices of Supplemental Authority, filed in Support of §2255 Motion and Objections to Magistrate's Report and Recommendation. This motion was denied, however, so the court essentially held in the words of the mandamus court: "Petitioner was bound by [Petitioner] original pleadings, which failed to specifically raise any issue concerning whether the wiretap recordings were immediately sealed." Heath v. O'Malley, et.al., No.05-61976-CIV(Apr.13,2006)[DE #8] ppg.8-9 fn.4. But what was more compelling was the court's statement that "[o]ne could question the fairness of such a denial, especially with a pro-se prisoner and especially where the denial was without explanation. Nevertheless, it is binding in a subsequent §2255 motion, see Shore v. Warden, 942 F.2d 1117,1123(7th Cir.1991), and this court shall not disturb the earlier Court's determination." Id. As demonstrated this specific claim was fairly presented. Simply put, the previous §2255 proceeding was defective because it did not give Petitioner's claims a full and complete review, it was not meaningful.

12.) Petitioner appealed the Court's decision. On December 21, 2006, the Eleventh Circuit Court of Appeals in an unpublished

-8-

opinion affirmed the district court's denial of the issuance of mandamus for basically the same reasons the district court had found. Heath v. Asst. U.S. Attorney, et.al., No.06-12521(11th Cir.2006). See Attachment #8. Copy of Court of Appeals Decision.

## I. DEFINITION OF TERMS AS USED IN THIS PETITION

The following definitions apply to the Petition contained herein, and are as defined:

a.) "Immediately" : "recordings are sealed '[i]mmediately upon the expiration of the period of the order' if they are sealed within within one or two days of the expiration. U.S. v. Matthews, 431 F.3d 1296,1307(11th Cir.2005).

b.) Liberty: means freedom, exemption from extraneous control, the power of will to follow the dictates of its unrestricted choice, and to direct the external acts of the individual without restraint, coercion, or control from other parties; it also includes and comprehends all personal rights and their enjoyment...Freedom/right from imprisonment or restraint without lawful Constitutional due process of law; use of all one's powers, faculties and property, Freedom/Right to enjoy to the fullest extent the privileges and immunities given or assured by law to the people of the United States of America, the Freedom/right to demand the nature and case of any allegation made against a citizen.

c.) Plenary: adj. 1. Full; complete; entire. Black's Law Dictionary, Eighth Edition.

## II. JURISDICTION

Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C.§2255 ¶5(emphasis added). Thus, where it is shown that the procedure under §2255 to be "inadequate or ineffective", a petitioner is entitled to apply for a writ of habeas corpus, and courts are empowered to grant the writ under 28 U.S.C.§2241. See <u>U.S. v. Hayman</u>, 342 U.S.205,223, 96 L.Ed. 232(1952). "The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the §2255 remedy rests with the petitioner." <u>McGhee v. Hanberry</u>, 604 F.2d 9,10(5th Cir.1979).

Indeed, based upon the submitted facts and circumstances demonstrated supra, Petitioner finds instructive the precedent of the Third Circuit Court of Appeals. In <u>U.S. v. Brooks</u>, 230 F.3d 643(2000), the Third Circuit held that:

> "[T]he remedy by motion [under §2255] becomes 'inadequate or ineffective to test the legality of ... detention' <u>only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention</u>."

Id. at 648(citing <u>U.S.ex rel Leguillou v. Davis</u>, 212 F.2d 681,684(3rd.Cir.1954; same <u>Brown v. Mendez</u>, 167 F.Supp.2d 723, 726(M.D.Pa.2001). Thus, Petitioner argues that the underscored statement entitles Petitioner to have the claims decided in a §2241 petition, because of judicial oversight that essentially

-10-

caused the proceeding before the §2255 Court to be defective and meaningless. In other words, the previous §2255 proceeding did not afford Petitioner a full hearing on a fairly and properly presented claim nor an adjudication of Petitioner's claim of an unconstitutional detention. <u>Brooks</u>, 230 F3d at 648. Accordingly, this Honorable Court has jurisdiction to entertain Petitioner's §2241 petition.

### III. <u>ISSUES</u>

1.) Should the principles developed in <u>Townsend v. Sain</u>[1] be considered by the court in determining whether the remedy under §2255 is "inadequate or ineffective" to test the legality of Petitioner's detention, thereby allowing Petitioner to proceed under §2241 when the habeas applicant did not receive a full and fair hearing in the previous §2255 proceeding?

2.) Whether the limitation of scope and procedure during the previous §2255 proceeding because of the Court's failure to afford Petitioner the opportunity to be heard and the Court's failure to fully adjudicate a fairly and properly presented constitutional claim cause the remedy under Section 2255 to be "inadequate or ineffective" to test the legality of Petitioner's detention?

3.) How Petitioner's liberty is being restrained by Respondents in violation of the Sixth Amendment of the United States Constitution.

4.) Alternatively, the failure of the district court to "summarily hear and determine the facts, and dispose of the

---

1. 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770(1963).

matter as law and justice require" is an unconstitutional suspension of the writ as applied to Petitioner and 28 U.S.C.§§ 2255 and 2244(b) as applied to Petitioner is also an unconstitutional suspension of the writ of habeas corpus in violation of the United States Constitution Article I, Section 9, Clause 2.

ISSUE I.
SHOULD THE PRINCIPLES DEVELOPED IN TOWNSEND v. SAIN
BE CONSIDERED BY THE COURT IN DETERMINING WHETHER THE
REMEDY UNDER §2255 WAS "INADEQUATE OR INEFFECTIVE" TO
TEST THE LEGALITY OF PETITIONER'S DETENTION, THEREBY
ALLOWING PETITIONER TO PROCEED UNDER §2241 WHEN HABEAS
APPLICANT DID NOT RECEIVE A FULL AND FAIR HEARING IN
THE PREVIOUS §2255 PROCEEDING?

Petitioner contends that there is no reason why that the principles developed in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745 , 9 L.Ed.2d 770(1963), should not govern and, at the very least be instructive, equally to a proceeding under §2241 when it is alleged that the remedy under §2255 was "inadequate or ineffective" to test the legality of Petitioner's detention because the proceeding before the district court was not in any way "full and fair". In fact, generally the principles of Townsend apply to federal collateral under §2255. See Kaufman v. U.S., 394 U.S. 217,228,230-31(1969).

At the outset, Petitioner looks to the essential function of habeas corpus. The Seventh Circuit in In re Davenport, 147 F.3d 605,609(1998), characterized that function as "giv[ing] a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and

-12-

sentence." Id. In Petitioner's case, in stark contrast to the above mentioned principle, as demonstrated and shown although Petitioner raised the issue in the previous §2255 motion, would seem to be enough to serve that essential function. But merely having a procedural opportunity to raise an issue does not in of itself tantamount to a "reliable judicial determination of the fundamental legality" of a prisoner's conviction and sentence. The Writ of Habeas Corpus of the United States Constitution demands more.

Indeed, the United States Supreme Court described the duty of a federal court when reviewing a petition for writ of a habeas corpus in <u>Harris v. Nelson</u>, 394 U.S.286,292, 22 L.Ed.2d 281,287, 89 S.Ct.1082(1969), in holding:

> "There is no higher duty of court, under our constitutional system,than the careful processing and adjudication of petitions for writs of habeas corpus, for it is in such proceedings that person in custody charges that error, neglect, or evil purpose has resulted in his unlawful confinement and that he is deprived of his freedom contrary to law. This Court has insistently said that the power of the federal courts to conduct inquiry in habeas corpus is equal to the responsibility which the writ involves: 'The language of Congress, the history of the writ, the decisions of this Court, all make clear that the power of inquiry on federal habeas corpus is plenary.'"

Id.(quoting <u>Townsend v. Sain</u>, 372 U.S.293,312, 9 L.Ed.2d 770,785, 83 S.Ct. 745(1963)). In the present case, with all due respect to the previous §2255 court, the District Judge's inquiry into the facts of Petitioner's ineffective assistance of counsel claim was far from "plenary". In fact, the court completely failed to ascertain facts that were indispensable to a decision of Petitioner's constitutional claim. See e.g. <u>Townsend</u>, 372 U.S at 309.

In <u>Townsend</u>, the Supreme Court laid down certain criterias that may make the discretionary power of inquiry on habeas corpus, which is "plenary", mandatory. The principle holding in <u>Townsend</u> is: "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time trial or in a <u>collateral proceeding</u>." Id.at 372 U.S.at 312. Further, the Court in <u>Townsend</u>, delineated six particularized circumstances which warrant a federal habeas corpus evidentiary hearing they are as follows:

> "(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3)the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

Id.at 372 U.S. 313. At the outset of the Court's six catalogued circumstances, the Court explicitly held "a evidentiary hearing is required unless the state court trier of fact has after a full hearing <u>reliably</u> found the relevant facts." Id.at 312.(emphasis added).

The Court explained each of the delineate circumstances enunciated in <u>Townsend</u>. A summary of 1,2,3,5 and 6, which Petitioner contends are pertinent for this Honorable Court's consideration of Petitioner's §2241 petition are as stated: "(1) There cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided the issues

-14-

of fact tendered by the defedant; (2) state factual determinations not fairly supported by the record cannot be conclusive of federal rights; (3)even where the procedure employed does not violate the Constitution, if it appears to be seriously inadequate for the ascertainment of the truth, it is the federal judge's duty to disregard the state findings and take evidence anew. Of course...errors which, although less serious, are nevertheless grave enough to deprive the state evidentiary hearing of its adequacy as a means of finally determining facts upon which constitutional rights depend; (5) If, for any reason not attributable to the inexcusable neglect of petitioner...evidence crucial to the adequate consideration of the constitutional claim was not developed at the state hearing, a federal hearing is compelled...And for some justifiable reason he was previously unable to assert his rights...it is neither necessary nor reasonable to deny him all opportunity of obtaining judicial relief; (6) The duty to try the facts anew exists in every case in which the state court has not after a full hearing reliably found the relevant facts." Id. at 372 U.S. 313-318. (citations omitted).

Of these, Petitioner contends, only the "allegation of newly discovered evidence" under circumstance (4) is not relevant for a federal habeas court's determination, under §2241, whether the remedy under §2255 is "inadequate or ineffective" to test the legality of Petitioner's detention thereby allowing Petitioner proceed under §2241.

Indeed, Petitioner is a federal prisoner that proceed under Section 2255 as opposed to Townsend which was state prisoner,

-15-

that challenged the integrity of the state court fact-finding procedure. The rationale of <u>Townsend</u> is applicable to federal prisoners, as well. Because the basic purpose of <u>Townsend</u> was to afford state and federal prisoners alike, the full protection of the Great Writ of Habeas Corpus. And this can only be accomplished if a prisoner has received the fullest opportunity for plenary federal judicial review of the constitutionality of the legality of that prisoner's detention. In other words, the right "is not merely to a federal forum but to full and fair consideration of constitutional claims." <u>Kaufman v. U.S.</u>, 394 U.S.217,228, 22 L.Ed.2d 227,238, 89 S.Ct.1068(1969). And, <u>"[f]ederal prisoners are no less entitled to such consideration than are state prisoners.</u>" Id. at 394 U.S.228(emphasis added).

In the present case the federal post-conviction court(§2255) found only that the wiretap recordings were sealed and trial counsel was not ineffective for failing to pursue such a meritless claim. This finding would be correct if the was the only requirement of 18 U.S.C.§2518(8)(a), but this statute mandates more. It requires that "[i]mmediately upon the expiration of the period of the order, or extension thereof, such recordings shall be made available to the judge issuing such order and sealed under directions.".The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents...or evidence derived therefrom under (3) of section 2517."Id. And wiretap tapes are sealed "immediately" upon the expiration of the period of the order if they are found to be sealed within one or two days after the

-16-

expiration of the order. See <u>U.S. v. Matthews</u>, 411 F.3d 1210,1220 (11th Cir.2005). Under these circumstances it was Petitioner's trial counsel's duty argue or it was warranted to move for suppression of wiretap evidence, for the absence of immediately obtained seal in the record.

Thus, indistinguishable from the criterias set out in <u>Townsend</u>, that is 1,2,3,5 and 6, the court in the §2255 did not afford Petitioner a full and fair hearing for the following reasons: (1) the merits of the factual dispute were not resolved in the §2255 proceeding——Petitioner's ineffective assistance of counsel claim was not fully adjudicated on the merits——and "[t]here cannot even be the semblance of a full and fair hearing unless the [court] actually reached and decided the issues of fact tendered by the [Petitioner]"; (2) even if the §2255 court impliedly found that wiretap recordings were immediately sealed is not fairly supported by the record as a whole and this inadequacy is not conclusive of Petitioner's Sixth Amendment right to effective counsel; (3) the fact-finding procedure employed by the §2255 court was not adequate to afford a full and fair hearing. Indeed, it was inadequate for the ascertainment of the truth, in that the procedure deprived the §2255 proceeding of its adequacy as a means of finally determining facts upon which Petitioner's Sixth Amendment depended; (5) the date(s) that wiretap recordings were sealed after expiration of the order was not adequately developed during the §2255 proceeding and evidence crucial to the adequate consideration of Petitioner's constitutional claim was not developed at the §2255 proceeding; and (6) the court did not

-17-

afford Petitioner a full and fair fact proceeding in that after the §2255 court made its finding it did not reliably find the relevant facts(date(s) wiretap recordings were sealed upon the expiration of the period of the order).

The above structure of analysis when applied to facts of the present case, yields the conclusion that Petitioner be granted an evidentiary hearing pursuant to a proceeding under §2241. The existing record demonstrates that Petitioner has made a clear showing on the five of six <u>Townsend</u> elements that is analogous to, Petitioner contends, the inquiry under §2241 of whether the remedy under §2255 is "inadequate or ineffective" to test the legality of Petitioner's detention. Indeed, the facts (date(s) wiretap recordings were sealed after the expiration of the order) pertaining to Petitioner's constitutional claim was not developed at the federal collateral proceeding(§2255) level. In allegation of ineffective assistance of counsel, nothing could be more "indispensable to fair, rounded development of the material facts," <u>Townsend v. Sain</u>, 372 U.S.at 321-22, in light Petitioner claim that there is an absence of an immediate seal and counsel was ineffective for failing to argue for suppression, than the date(s) sealing of wiretap recordings were sealed after the expiration of the order. To this date no court has made this finding of historical fact that was necessary to resolve Petitioner's constitutional claim fully and fairly.

Because material facts pertaining to Petitioner's constitutional claim were not developed in the §2255 proceeding, this Honorable Court must conclude that "it also appears that remedy by motion[§2255] is inadequate or ineffective to test the

-18-

legality of [Petitioner's] detention." 18 U.S.C.§2255 ¶5. Accord U.S. v. Brooks, 230 F.3d 643,648(3d Cir.200)("The remedy by motion under §2255 can be inadequate or ineffective to test the legality of detention only if can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention...Indeed, Brooks does not argue that his hearing before the district court was in any way defective or not meaningful")(citations omitted)(emphasis added). As such, §2255's "savings clause" grants this Honorable Court authority to issue the writ of habeas corpus by 28 U.S.C.§2241. See U.S. v. Hayman, 342 U.S. 205,233, 72 S.Ct 263, 96 L.Ed 232 (1952).

ISSUE 2.

WHETHER THE LIMITATIONS OF SCOPE AND PROCEDURE DURING THE PREVIOUS §2255 PROCEEDING BECAUSE OF THE COURT'S FAILURE TO AFFORD PETITIONER THE OPPORTUNITY TO BE HEARD AND THE COURT'S FAILURE TO FULLY ADJUDICATE A FAIRLY AND PROPERLY PRESENTED CONSTITUTIONAL CLAIM CAUSE THE REMEDY UNDER SECTION 2255 TO BE "INADEQUATE OR INEFFECTIVE" TO TEST THE LEGALITY OF PETITIONER'S DETENTION

Petitioner verily contends that Petitioner had been denied an adequate and effective remedy under Section 2255 for the following reasons during the previous proceeding:

1.) Petitioner motion under Section 2255 alleged a deprivation of the Sixth Amendment's guarantee to effective assistance of counsel. Specifically, Petitioner alleged that trial counsel was ineffective for failing "to object to the government's failure to present evidence of the seal provided by 18 U.S.C.§2518(8)(a)." See Attachment #1. Copy of Petitioner's §2255 Motion. Under the circumstances this specific

constitutional claim in conjunction with the requirements of §2518(8)(a), the date(s) the wiretap recordings were sealed upon the expiration of each underlying wiretap order were facts that were a necessary predicate for the court's decision of Petitioner's ineffective assistance of counsel claim. See Townsend v. Sain, 372 U.S.293, 9 L.Ed.2d 770(1963)("where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the application is made has the power to receive evidence and try the facts anew...in certain cases [it] may make exercise of that power mandatory.")

In fact, the absence of these facts is undisputed. The Honorable Judge James I. Cohn of the Southern District of Florida, on April 13,2006, in an Order Modifying in Part and Otherwise Adopting Magistrate's Report and Order Closing Case twice iterated the fundamental importance of the date(s) in stating: (1) The documentation [Petitioner] seeks could be material in that it could demonstrate that the wiretap was not sealed 'immediately' in accord with Title III...18 U.S.C.§2518"; and (2) "hence, if [Petitioner] obtains evidence that state investigators did not obtain a seal of the wiretap recordings within one or two days after the expiration of the state court's order allowing the wiretap, [Petitioner] could demonstrate that the evidence used against [Petitioner] should have been suppressed." See Attachment #7. Copy of Judge's Order dated 4/13/06. These statements of this Judge unequivocally support Petitioner's contention that previous §2255 proceeding was not adequate to inquire into the facts underlying Petitioner's

-20-

constitutional claim.

2.) Thus, Petitioner's remedy by motion under §2255 is "inadequate or ineffective" to test the legality of Petitioner's detention. Petitioner argues that the immediacy claim was in fact properly presented in Petitioner's §2255 motion and Petitioner should not be penalized for the failure of the court to address it. See e.g. <u>U.S. v. Barrett</u>, 178 F.3d 34(1st Cir.1999). Here, while Petitioner sought §2255 relief for counsel's deficient performance in failing to argue for the suppression of wiretap evidence based on the sealing requirements of 18 U.S.C.§2518(8) (a), the circumstances are such that the inaction of the district court effectively denied Petitioner the opportunity to seek relief under §2255, see <u>Hill v. U.S.</u>, 368 U.S.424,427, 7 L.Ed.2d 417,420(1962)(§2255 "legislation was intended simply to provide in the sentencing court a remedy <u>exactly commensurate</u> with that which had previously available by habeas corpus in the court of the district where the prisoner was confined."), thus impairing Petitioner's right to the writ of habeas corpus. See <u>Smith v. Bennett</u>, 365 U.S.708,713, 6 L.Ed.2d. 39,43(1961)("there is higher duty than to maintain [the writ of habeas corpus] unimpaired").

Assuming arguendo, that the Court finds that the immediacy of the seal claim was not fairly or properly presented during the previous §2255 proceeding, therefore, making this claim a new claim that was available to petitioner but Petitioner failed to raise it. Petitioner legitimately contends that this claim is not new and that Petitioner failed to raise it. First of all, Petitioner proceeded pro-se threfore Petitioner was entitled to a liberal construction of the claims presented therein the §2255

motion. Haines v. Kerner, 404 U.S.519,520(1972)(Habeas petitioner's pleadings are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers). It would seem that the principle underlying this liberal construction of a petitioner's pleadings, is to give pro-se petitioners a reasonable opportunity to be heard by the court. Because without such a liberal construction pro-se petitioner would not have access to the court. Petitioner contends, had the court in the previous §2255 proceeding utilized this liberal construction viewed with tolerance and forbearance, even the least liberal interpretation of Petitioner's claim would have salvage the claim.

Petitioner had made specific citations to the statute that Petitioner had contended that trial counsel was ineffective for not objecting to the admissibility of the wiretap evidence for the government's failure to follow the requirements before evidence can be admitted. Additionally, Petitioner cited the Supreme Court decision in U.S. v. Ojeda Rios, 495 U.S.257(1990), which clarified the scope and role of the sealing provision of §2518(8)(a) that had generated disagreement in the lower federal courts. See Attachment #1 Copy of Petitioner's original §2255 motion filed Oct.3,2000.

What is the only seal provided for in Section 2518(8)(a)? The only seal that is provided is an "[i]mmediately obtained seal under this subsection. §2518(8)(a), provides in pertinent part: "Immediately upon the expiration of the period of the order... such recordings shall be made available to the judge issuing such orderand sealed under his directions...the presence of the seal

provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents...or evidence derived therefrom under subsection (3) of section 2517. Id.(emphasis added). Thus, it clear that this subsection requires not only any seal but a seal that has been obtained "[i]mmediately" before wiretap evidence can be disclosed at trial. In addition, the Supreme Court in Ojeda Rios, 495 U.S.at 260, it was emphatically held that Subsection 2518(8)(a) has its own explicit exclusionary remedy for noncompliance with the sealing requirement, per the Supreme Court. These specific citations to §2518(8)(a) and to Supreme Court's decision in Ojeda Rios in Petitioner's original §2255 motion was reasonably adequate enough to sufficiently include the immediacy requirement of the statute and, along with the court's duty to liberally view pro-se pleadings with tolerance and forbearance, to have the court address that facts underlying Petitioner's ineffective assistance of counsel claim fully and fairly.

Furthermore, Petitioner filed two Notices of Supplemental Authority, see attachment #s 3 and 3(a), and a Traverse Motion to the Government's Response to Petitioner's §2255 Motion. See Attachment #2. In these responsive pleadings Petitioner argued to the court that the government had not shown the specific date(s) that sealing of the wiretap recordings had occurred or the court was compelled to hold an evidentiary hearing to ascertain facts that were not part of the record or disclosed by the government in its Response to Petitioner's motion, that were dispositive to Petitioner's ineffective assistance of

-23-

counsel claim. Further, the magistrate judge in it's report and
recommendation clearly acknowledges that it had "[f]or its
consideration of this motion...[Petitioner's] Notices of
Supplemental Authority(CV-DE#s 18,20)...the [Petitioner's]
reply(DE# 19)." See Attachment #4. Copy of Magistrate's Report
and Recommendation pg.1-2. Admitting to have these pleadings for
the court's consideration it is indisputable that Petitioner had,
indeed, presented the absence of an immediate seal claim to the
court for adjudication on the merits, but the court failed to
address it.

More importantly, Petitioner objected to the report of the
magistrate on February 26,2002. See Attachment #5. Specifically,
throughout these objections Petitioner had objected to the
magistrate's failure to find that the wiretap tapes were sealed
immediately as prerequisite to the admissibility of such wiretap
evidence. In fact, this was the heading in bold letters of Claim
One, refer to page 2 of Petitioner's objections. On page 14 of
Petitioner's objections to magistrate's report, Petitioner
vigorously contended that the magistrate did not ascertain facts
that were a predicate to Petitioner's ineffective assistance of
counsel claim, e.g. date(s) the wiretap tapes were sealed upon
the expiration of the order. Nevertheless, district court did
not address this claim although Petitioner had "allege[d] facts
which, if proved, would entitle [Petitioner] to relief." Porter
v. Wainwright, 805 F.2d 930,933(11th Cir.1986)(citing Townsend
v. Sain, 372 U.S.293,312, 83 S.Ct.745,756, 9 L.Ed.2d. 770(1963)).

Contrary to well established precedent of the U.S. Supreme
Court, which has consistently held that "[t]he language of

-24-

Congress, the history of the writ, the decisions of this Court, all make clear that <u>power of inquiry on federal habeas corpus is plenary</u>." <u>Townsend</u>, 372 U.S.at 312; see also <u>Fay v. Noia</u>, 372 U.S.391,424, 9 L.Ed.2d. 837,860(1963)("federal constitutional rights of personal liberty shall not be denied without the fullest opportunity for plenary federal judicial review.")

Despite the very principle of the writ of habeas corpus, the Supreme Court's decisions interpreting the scope of the writ and, the constitutional right that was alleged by Petitioner to have been violated mandated the power of the court to receive evidence and try the facts anew. <u>Townsend</u>, 372 U.S.at 312. Nevertheless, the <u>scope</u> of review applied in Petitioner's §2255 proceeding was overwhelmingly limited that it effectively caused the remedy by motion to be "inadequate and ineffective" to test the legality of Petitioner's detention.

Accordingly, Petitioner verily contends that §2255 is inadequate or ineffective to test the legality of Petitioner's detention because the district court in the previous §2255 proceeding applied(or, misapplied) §2255 in a manner that precluded consideration of an illegal detention that would otherwise be cognizable under §2241. See <u>U.S. v. Brooks</u>, 230 F.3d 643,646(3d Cir.2000)("the remedy by motion [under §2255] can be inadequate or ineffective to test the legality of...of detention only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention...Indeed, <u>Brooks</u> does not argue that his hearing before the District Court was in any way defective or

-25-

not meaningful."); see also <u>Cradle v. U.S.</u>, 290 F.3d 536,538(3d Cir.2002)("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."); <u>Wofford v. Scott</u>, 177 F.3d 1236,1244(11th Cir.1999)(prisoner may avail himself of §2241 if "the prisoner had no reasonable opportunity for judicial remedy of [a] fundamental defect before filing the §2241 proceeding"); <u>In re Davenport</u>, 147 F.3d 605,609(7th Cir.1998)("To decide what 'adequacy' means(or, more realistically, what it should mean) in this context requires determining what the essential function of habeas corpus is and whether it is impaired in the circumstances before us by limitations on the use of the remedy provided in section 2255."). And, indeed, the denial of plenary review of Petitioner's constitutional claim, by the §2255 court, "had effectively deprived th[e] [P]etitioner of any reasonable opportunity to obtain a reliable judicial determination of [Petitioner's ineffective assistance of counsel claim]." <u>Wofford</u>, 177 F.3d at 1244(citing <u>Davenport</u>, 147 F.3d at 610-11).

<u>ISSUE</u> 3.

HOW PETITIONER'S LIBERTY IS BEING RESTRAINED BY RESPONDENTS IN VIOLATION OF THE U.S. CONSTITUTION, AMENDMENT VI.

In support of this petition for writ of habeas corpus, Petitioner verily contends that the Petitioner is being restrained contrary to the Constitution of the United States of America by the Respondent.

The Sixth Amendment of the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy

the right...to have the Assistance of Counsel for his defence."
This right, Petitioner argues, is so fundamental and essential
to a fair trial and due process of law that it plays a central
role assuring that the trial of the accused will be a reliable
means of testing that defendant's guilt or innocence. Therefore,
the denial of effective assistance of counsel impugns the
integrity of the fact-finding process. Thus, criminal conviction
should never ever be invulnerable to collateral attack where
there is left the probability that the right to the "Assistance
of Counsel", which is an integral component to the integrity of
the fact-finding process, has been violated. As such, the
government has failed to perform its obligation to prove beyond
a reasonable doubt that the accused committed the crime charged.

In response to this probability the U.S. Supreme Court has
constantly emphasized that "[t]he right of an accused to counsel
is beyond question a fundamental right." Kimmelman v. Morrison,
477 U.S.365,377, 91 L.Ed.2d 305,320(1986). Further, the Court,
in Kimmelman, stated: "without counsel the right to a fair trial
itself would be of little consequence...for it is through counsel
that the accused secures his other rights." Id(citations
omitted). And, indeed, "the right to counsel is [not] conditioned
upon actual innocence." Id.at 477 U.S.380. A criminal defendant
"requires the guiding hand of counsel at every step in the
proceeding against him." Powell v. Alabama, 287 U.S.45,69, 77
L.Ed. 158(1932). The Court further noted in Powell that:

> "if charged with a crime, he is incapable, generally,
> of determining for himself whether the indictment is
> good or bad. He is unfamiliar with the rules of
> evidence. Left without the aid of counsel he may be
> put on trial without a proper charge, and convicted

upon incompetent evidence, or evidence irrelevant to
the issue or otherwise inadmissible."

Id. at 287 U.S.68-69.

Subsequently, the Supreme Court established legal principles
that govern claims of ineffective assistance of counsel in
Strickland v. Washington, 466 U.S.668, 80 L.Ed.2d 674, 104 S.Ct.
2052(1984). There are two components that a petitioner must prove
under an ineffective assistance of counsel claim: (1) A
petitioner must show that counsel's performance was deficient;
and (2) that the deficiency prejudiced the defense. Id. at 466
U.S.674. To establish deficient performance, a petitioner must
demonstrate that counsel's representation "fell below an
objective standard of reasonableness. Id. As to the "prejudice"
prong, a petitioner must prove "that there exists a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different." Id. at 466
U.S.694.

Though counsel's competence is presumed and the burden is
on the petitioner to rebut this presumption. However, this
presumption is in no way insurmountable. A petitioner must prove
that counsel's "representation was unreasonable under prevailing
professional norms and that the challenged action [or omission]
was not sound strategy." Strickland, 466 U.S.at 688-89. In fact,
"reasonableness of counsel's performance is to be evaluated from
counsel's perspective at the time of the alleged error and in
light of all the circumstances." Id.at 466 U.S.689. Thus, "[i]n
making the competency determination, the court 'should keep in
mind that counsel's function, as elaborated in prevailing

-28-

professional norms, is to make the adversarial testing process work in the particular case. <u>Because that testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and to various defense strategies, [the Supreme Court] noted 'that counsel has a duty to make a reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'"</u> <u>Kimmelman v. Morrison</u>, 477 U.S.365,384, 91 L.Ed.2d 305,325(1986)(quoting <u>Strickland</u>, 466 U.S.at 690-91)(emphasis added).

And, of course, the Supreme Court in <u>Kimmelman</u>, applied the legal principles of <u>Strickland</u> to the defendant's claim that counsel was ineffective because of counsel's failure to litigate a fourth amendment claim competently. The Court affirmed the United States Court of Appeals for the Third Circuit's decision that counsel's performance had been incompetent with respect to defendant's fourth amendment claim and remanding the case to the district court to determine <u>Strickland's</u> prejudice prong. In so holding the Court explained:

> "In order to prevail, the defendant must show that counsel's representation fell below an objective standard of reasonableness...and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...Where defense counsel's failure to litigate a fourth amendment claim competently is the principle allegation of ineffectiveness, the defendant must also prove that his fourth amendment claim is meritorious and the there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."

<u>Kimmelman</u>, 477 U.S.at 375, 91 L.Ed.2d at 319.

-29-

Last, similar to Petitioner's claim that counsel was ineffective in failing to argue for the suppression of wiretap evidence based on the sealing requirements of §2518(8)(a). The Eleventh Circuit Court of Appeals, in <u>Jones v. U.S.</u>, 224 F.3d 1251(2000), held that <u>Jones's</u> appellate counsel was ineffective "[b]ecause <u>Jones's</u> counsel failed to argue a change in controlling precedent that warranted moving for suppression of wiretap evidence." Id.at 244 F.3d 1260.

Particularly, the Eleventh Circuit in <u>Jones</u>, clearly acknowledged that §2518(8)(a) "contains 'an explicit exclusionary remedy for noncompliance,' providing that 'the presence of the seal...or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents' of the recordings, or evidence derived therefrom, in a proceeding." Id. 224 F.3d at 1257(quoting <u>U.S. v. Ojeda Rios</u>, 495 U.S.257,260, 109 L.Ed.2d 224(1990). Therefore, the Court in <u>Jones</u> held that once the Supreme Court ruled in <u>Ojeda Rios</u>, rejecting the Eleventh Circuit's rule that a defendant had to show prejudice, or that the evidence had become compromised as a prerequisite to suppression, the law was then clear the government must prove immediate sealing of wiretap recordings or a satisfactory explanation for not doing so, as a prerequisite to disclosure of the contents or evidence in a proceeding. See <u>Jones</u>, 224 F.3d at 1258. Thus, the absence of an "immediately obtained seal upon the expiration of the period of the order, wiretap evidence must be suppressed. See <u>U.S. v. Ricco</u>, 566 F.2d 433,435(2nd Cir.1977)(absence of timely sealing is equivalent to "absence" of the seal required by 18 U.S.C.§2518(8)(a)).

ARGUMENT

As demonstrated supra, the statute contains an explicit exclusionary remedy for noncompliance of the requirements under §2518(8)(a). Therefore, Petitioner's trial counsel, in light of the absence of a seal that was "immediately" obtained upon the expiration of the period of the order in the evidence of record, it was imperative for Petitioner's trial counsel to move for suppression of the wiretap evidence. At the very least, it was counsel's duty to investigate the facts of whether the wiretap tapes were sealed "immediately" and when, in light of the requirements of §2518(8)(a). See e.g. <u>Kimmelman</u>, 477 U.S.at 384( "because that testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into the various defense strategies ...counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary")(citations omitted).

The entire record in this case clearly reveals that Petitioner's counsel failed to file a suppression motion arguing this absence of an immediate seal, as required under §2518(8)(a), nor did counsel for Petitioner object to the admissibility of such evidence at trial. Counsel was simply ignorant to §2518(8)(a)'s requirements and this ignorance was not reasonable under prevailing professional norms and definitely not sound strategy. In fact, <u>Strickland</u>, requires a reviewing court to "determine whether, in light of all the circumstances, the identified acts or omissions were outside that wide range of professionally competent assistance."Id. 466 U.S.at 690. The identified omission

-31-

of Petitioner's trial counsel can only be catalogued as "outside the range of professionally competent assistance".

Indeed, the statements of United States District Judge for the Southern District of Florida, Honorable James I.Cohen, in his Order dated April 13,2006, underscores the unreasonableness of Petitioner's trial counsel's performance and conduct by suggesting that counsel's failure to investigate whether the wiretap tapes were sealed immediately resulted from inattention, not reasoned strategic judgement. See Wiggins v. Smith, 539 U.S. 510,526-28, 156 L.Ed.2d 471(2003)(the court indicating that a failure to investigate based on "inattention not reasoned strategic judgement" is unreasonable, as is abandoning an "investigation at an unreasonable juncture, making a fully informed decision...impossible"). In other words, "access to counsel's skill and knowledge [was] necessary to accord Petitioner the ample opportunity to meet the case of the prosecution to which [Petitioner was] entitled," see Strickland, 466 U.S.at 685(internal quotes omitted), and as stated by U.S. District Judge James I. Cohen in his Order dated April 13 ,2006.

In the present case, as in Kimmelman, Petitioner's counsel failed to competently litigate Petitioner's statutory claim, immaterially distinguished from the fourth amendment claim in Kimmelman, which is Petitioner's principle allegation of counsel's ineffectiveness. In fact, §2518(8)(a) contains its own explicit exclusionary remedy for failure to follow its requirements contrary to the discretionary judicially created exculsionary rule under the fourth amendment, making Petitioner's claim unequivocal than that under fourth amendment jurisprudence.

-32-

Therefore, having demonstrated that trial counsel's performance was well below an objective standard of reasonableness, for failing to investigate the facts under §2518 (8)(a),[2] or failing to object to the admissibility of wiretap evidence, when it was warranted under §2518(8)(a), in light of the absence of proof that the wiretap recordings were sealed within one or two days after the expiration of the order. Indeed, counsel's performance prejudiced Petitioner, such that Petitioner was deprived of a fair trial. See Jones v. U.S., 224 F.3d 1251, 1259(11th Cir.2000)(if wiretap evidence were suppressed and the outcome of the case was different, "Jones was deprived of his Sixth Amendment right to a fair trial").

Petitioner recognizes that counsel's deficient performance alone will not entitle Petitioner to relief unless Petitioner can show prejudice. Petitioner must show a reasonable probability that the outcome would have been different if trial counsel had argued for suppression based on the absence of proof that the wiretap tapes were sealed within one or two days after the expiration of the order. Under the circumstances in the present case, Petitioner "must also prove that [Petitioner's] claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman, 477 U.S.at 375; see also Jones, 224 F.3d at 1259.

---

2. Although Wiggins and Strickland were both decided in the context of counsel's failure to adequately investigate facts relevant to mitigation in death penalty cases, the Supreme Court clearly contemplates counsel's duty to investigate the applicable law as well as the relevant facts. Only strategic decisions "made after thorough investigation of the law and facts relevant to plausible options" are virtually unchallengeable. Strickland, 466 U.S. at 690-691; Wiggins, 539 U.S. at 521. Thus, knowledge of the applicable law is a necessary first step into determining what the relevant facts are.

In _Jones_, as in the present case, if the Eleventh Circuit Court of Appeals held that _Jones's_ counsel performance was deficient for counsel failure to argue a change in controlling precedent that warranted moving for suppression of wiretap evidence in light of a thirty-one day delay in sealing tapes. It must follow that Petitioner's trial counsel's performance was deficient for failing to argue for suppression of wiretap evidence for the total absence of proof that the wiretap recordings in the present case were sealed immediately upon the expiration of the period of the order in the record and, at the very least investigated law and the relevant facts.

Last, as for the "prejudice" prong of _Strickland_, the Petitioner's conviction could not stand without the use of the wiretap evidence or it's contents. _Jones_, 224 F.3d at 1259. In fact, the wiretap evidence was crucial to the government's case-in-chief.[3] Accordingly, Petitioner's conviction was obtained in violation of the Sixth Amendment's right to a fair trial and the "Assistance of Counsel" and deserves relief under §2241.

---

3. As stated by AUSA Thomas O'Malley, the wiretap evidence was the centerpiece of the government's case. In the words of AUSA O'Malley during closing arguments: "Now contrary to what the defense might argue that the star witness in this case is Jose Martin, that is not the situation. The main, star witness, in this case is the wiretap." Transcripts of Closing Arguments Vol.26 pg.5110, October 14,1992.(emphasis added).

-34-

ISSUE. 4

ALTERNATIVELY, THE FAILURE OF THE DISTRICT COURT TO "SUMMARILY HEAR AND DETERMINE THE FACTS, AND DISPOSE OF THE MATTER AS LAW AND JUSTICE REQUIRE" IS AN UNCONSTITUTIONAL SUSPENSION OF THE WRIT AS APPLIED TO PETITIONER AND 28 U.S.C.§§2255 AND 2244(b) AS APPLIED TO PETITIONER IS ALSO AN UNCONSTITUTIONAL SUSPENSION OF THE WRIT OF HABEAS CORPUS IN VIOLATION OF THE UNITED STATES CONSTITUTION ARTICLE I, SECTION 9, CLAUSE 2.

Based upon the facts and circumstances of Petitioner's case, procedural error has effectively caused the remedy under §2255 to be "inadequate and ineffective" to test the legality of Petitioner's detention, and therefore is an unconstitutional suspension of the writ of habeas corpus. And Sections 2255 and 2244(b), as applied to Petitioner's circumstances is "inadequate and ineffective" because these sections effectively forecloses Petitioner from receiving any judicial review of Petitioner's constitutional claim.

RULE OF LAW

The Writ of Habaes Corpus is Constitutionally recognized: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art.I, §9, cl.2. Thus, "[t]he writ of habeas corpus is a remedy of common law origin that protects individuals against arbitrary and wrongful imprisonment by permitting a judicial challenge to the legality of detention." Eastridge v. U.S., 372 F.Supp.2d 26,33(D.D.C. 2005)(citing McNally v. Hill, 293 U.S.131,136-37, 55 S.Ct.24, 79 L.Ed 238(1934)). Indeed, "[t]hrough the Judiciary Act of 1789, ch.20, §14, 1 Stat.73(1789), and the Habeas Act of 1867, Act of Feb.5,1867, ch. 28, §1, 14 Stat.385(codified as 28 U.S.C.§§2241-55(1976)), Congress statutorily authorized such a remedy for both

-35-

state and federal prisoners." Id.

i. The history and scope of Habeas Corpus.

The U.S. Supreme Court, in Townsend v. Sain, 372 U.S.293, 9 L.Ed.2d 770(1963), stated with clarity, the scope and the history of the writ , in stating:

> "The whole history of the writ—its unique development— refutes a construction of the federal court's habeas corpus powers that would assimilate their task to that of courts of appellate review. The function on habeas is different. It is to test by way of an original civil proceeding, independent of the normal channels of review of criminal judgements, the very gravest allegations... The language of Congress, the history of the writ, the decisions of this Court, all make clear that the power of inquiry on federal habeas corpus is plenary. Therefore, where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the application is made has the power to receive evidence and try the facts anew."

Id. 372 U.S. at 311-12. Furthermore, the Court in Townsend, established that specific "considerations which in certain cases may make that power mandatory." Id.

And the Court, in Harris v. Nelson, 394 U.S.286, 22 L.Ed.2d 281(1969), emphasized:

> "There is no higher duty of a court, under our constitution system, than the careful processing and adjudication of petitions for writs of habeas corpus, for it is in such proceedings that a person in custody charges error, neglect, or evil purpose has resulted in his unlawful confinement and that he is deprived of his freedom contrary to law. This Court has insistently said that the power of the federal courts to conduct inquiry in habeas corpus is equal to the responsibility which the writ involves: 'The language of Congress, the history of the writ, the decisions of this Court, all make clear that the power of inquiry on federal habeas corpus is plenary.'"

Id. 394 U.S. at 292.(quoting Townsend, 372 U.S. at 312).   In other words, the court shall "summarily hear and determine the facts, and dispose of the matter as law and justice require."

-36-

28 U.S.C.S.§2243. <u>Issuance of writ;return;hearing;decision</u>

ii. <u>The Historic Context and Scope of Section 2255</u>

The enactment of Section 2255 in 1948, provided a statutory motion for federal prisoners for post-conviction relief, apart from an application for a writ of habeas corpus. See Act of June 25,1948, ch.646, §2255 ¶1, 62 Stat.967(codified as amended at 28 U.S.C.§2255). The procedure under §2255 was intended to alleviate many of the practical difficulties that federal habeas courts had encountered in administering habeas corpus by directing the prisoner to file a §2255 motion in the court where the prisoner was convicted and before the judge who sentenced the prisoner. See <u>Wofford v. Scott</u>, 177 F.3d 1236,1239-42(11th Cir.1999).

The U.S. Supreme Court reviewed the historic context and purpose of Section 2255, in <u>U.S. v. Hayman</u>, 342 U.S.205 219, 96 L.Ed. 232, 72 S.Ct.263(1952), elaborately stated:

> "This review of the history of Section 2255 shows that it was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts. Nowhere in the history do we find any purpose to impinge upon prisoner's rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas hearings by affording the same rights in another and more convenient forum."

Id. <u>Hayman</u>, 342 U.S.at 219. And, in <u>Hill v. U.S.</u>, 368 U.S.424,427, 7 L.Ed.2d 417,420, 82 S.Ct.640(1961), also held that:

> "It is unnecessary to review again here this legislative history with which Chief Justice Vinson, as Chairman of the Judicial Conference of the United States, was particularly familiar. Suffice it to say that it conclusively appears from the historic context

> in which §2255 was enacted that the legislation was
> intended simply to provide in the sentencing court a
> remedy exactly commensurate with that which had
> previously been available by habeas corpus in the court
> of the district where the prisoner was confined."

Id. Hill, 368 U.S.at 427. Thus, it is presumed that a federal prisoner's remedy pursuant to §2255, is "exactly commensurate" with habeas corpus and the remedy under §2255 affords a federal prisoner the "same rights" as a habeas applicant.

## ARGUMENT

As demonstrated above with the facts and circumstances of Petitioner's ineffective assistance of counsel claim. Petitioner verily contends that it is a serious procedural error in not adjudicating the full merits of Petitioner's ineffective assistance of counsel claim. Specifically, the requirements under 18 U.S.C.S.§2518(8)(a), indeed, the date(s) that wiretap tape recordings were sealed upon the expiration of the period of the order, were facts that were a necessary predicate for the district court's decision of Petitioner's ultimate constitutional claim. The failure of court to fully inquire into these indispensable facts is constitutional error of a serious magnitude. Although decided in the context of dismissals of first habeas petitions, the Supreme Court in Lonchar v. Thomas, 134 L.Ed.2d 440(1996), in which it clearly contemplates the grave magnitude in denying a first petition without fully adjudicating fairly and properly presented constitutional claims, in stating: "when dismissal of a first habeas petition is at issue, [] such dismissals denies the petitioner the protections of the Great Writ entirely." Id. 134 L.Ed.2d at 445. Consequently, Petitioner

-38-

has been denied the protection of the writ for the district court's failure to fully inquire into the facts of the instant constitutional claim.

A "[p]etitioner is 'entitled to careful consideration and plenary processing' of his claims 'including full opportunity for presentation of the relevant facts.'" Coleman v. Zant, 708 F.2d 541,549 n.15(11th Cir.1983)(quoting Harris v. Nelson, 394 U.S.286,298, 22 L.Ed.2d 281, 89 S.Ct.1082(1969). As a result, "where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the application is made has the power to receive evidence and try facts anew," Townsend, 372 U.S. at 312, and in certain cases the exercise of that power may be mandatory.Id. In the present case, Petitioner had contended that trial counsel was ineffective for failing to object to the admissibility of wiretap evidence under §2518(8)(a). A cursory reading of the plain language of §2518(8)(a), one could only conclude that the tapes had to be sealed and sealed immediately before evidence can be disclosed in a proceeding. See §2518(8)(a)("Immediately upon the expiration of the period of the order...such recordings shall be made available to the judge issuing such order and sealed under his directions...The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents...or evidence derived therefrom under subsection (3) of section 2517."); see also U.S. v. Ojeda Rios, 495 U.S.257,260, 109 L.Ed.2d 224,232(1990)("Section 2518(8)(a) has an explicit exculsionary remedy for noncompliance with the

-39-

sealing requirement"); see also Jones v. U.S., 224 F3d 1251,,1257 (11th Cir.2000)(same). Thus, the failure of the district court to ascertain the specific date(s) wiretap recordings were sealed after the expiration of the underlying order undermined the fairness of the §2255 collateral proceeding. These facts were vital to whether Petitioner received the effective assistance of counsel, as required under Sixth Amendment.

The district court applied or misapplied §2255 in manner that precluded consideration of Petitioner's constitutional claim of an illegal detention, because the court failed to adequately inquire into material facts. In other words, the district court did not "summarily hear and determine the facts." 28 U.S.C.S§2243 ¶8. Consequently, this substantial procedural deficiency has made Petitioner's remedy under §2255 "less swift and imperative than federal habeas corpus." Sanders v. U.S., 373 U.S. 1,14, 10 L.Ed. 2d 148,160(1963). And, Petitioner was not afforded the "same rights" as the habeas corpus applicant nor was the remedy under §2255 "exactly commensurate with that which had previously been available by habeas corpus." Kaufman, 394 U.S.at 221-222. Thus, the remedy under §2255, as applied to Petitioner, was "inadequate and ineffective" to test the legality of Petitioner's detention and therefore is an unconstitutional suspension of the writ of habeas corpus, in violation of the U.S.Const. Art.I, §9, cl.2.

In addition, Sections 2255 and 2244(b), as applied to Petitioner, is an unconstitutional suspension of the writ of habeas corpus, in that judicial oversight has foreclosed any judicial review of Petitioner's constitutional claim of illegal detention. In fact, the Antiterrorism and Effective Death Penalty

-40-

Act of 1996(AEDPA), Pub.L. No. 104-132, 110 Stat.1214(1996) (codified at 28 U.S.C.§§2241-2255), included many restrictions on the availability of post-conviction relief in federal courts. Among these additions was a new statute of limitation for federal prisoners seeking post-conviction relief under §2255, and bars the filing of second and successive motions, except for specific circumstances. Specifically, AEDPA of 1996, in addition to §2255 amended §2244, also.

While Congress may prescribe the scope of the writ without violating the Suspension Clause, it must at the very least substitute "a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention." Swain v. Pressley, 430 U.S. 372,381, 51 L.Ed.2d 411, 97 S.Ct. 1224 (1977); see also Wyzykowski v. Dept. of Corrections, 226 F.3d 1213,1215(11th Cir.2000)(same).

In the present case, §2244(b) and §2255, as amended by AEDPA of 1996, forecloses Petitioner's opportunity to have a fairly and properly presented constitutional claim of an illegal detention to be heard on the merits because of the district court's failure to carefully consider and fully process Petitioner's claim,[4] which, it cannot realistically be regarded as Petitioner's inexcusable neglect.

---

4. Assuming arguendo, this Honorable Court contends with whether Petitioner fairly and properly presented the immediacy claim under §2518(8)(a) that underscored Petitioner's ineffective assistance of counsel claim that would have caused the district court to adjudicate the merits of such a claim. Petitioner argues that whatever gaps there may have been in the petition and supporting memorandum, the basic rationale of Petitioner's §2518(8)(a) claim was readily discernible. As Petitioner was without counsel, Petitioner's petition was entitled to liberal construction, Haines v. Kerner, 404 U.S. 519 (1972), and given such construction, Petitioner's petition contained enough detail to describe that claim to have the district court address it.

Indeed, the "substitution" at issue here is of collateral relief that does not afford an opportunity to have a claim earlier presented but not adjudicated on the merits reviewed by a federal court for collateral relief that afforded prisoners an opportunity to have a claim earlier presented but not adjudicated on the merits reviewed by a federal court. In particular, §2244(b) now provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in prior application shall be dismissed.

And §2255 ¶8 now provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.§§2244(b)(1) and 2255 ¶8. Prior to the addition of these narrowly defined limitations of review of a second and successive petition, the limited circumstances for the grant of a second or successive petition, though it also defined limited circumstances, afforded a prisoner an opportunity to have a claim earlier presented but not adjudicated on the merits reviewed by the court upon a second and successive application. Section 2244, prior to AEDPA of 1996, provided in pertinent part: "No circuit or district judge shall be required to entertain an application

-42-

for a writ of habeas corpus...if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and <u>determined</u>." Id.(emphasis added).

And, in addressing §2244 in <u>Sanders v. U.S.</u>, 373 U.S.1, 10 L.Ed.2d 148(1963), the Court explained with respect to second and successive applications:

> "No matter how many prior applications for federal collateral relief a prisoner has made, the principle elaborated in Subpart A, supra [having to do with successive applications on grounds previously heard and determined on the merits] cannot apply if a different ground is presented by the new application. So too, <u>it cannot apply if the same ground was earlier presented but not adjudicated on the merits</u>."

Id. at 373 U.S.17.(emphasis added). The underscored statement supra, demonstrates the requirement that the prior determination of the same ground has been on the merits. Thus, in the present case, Petitioner has shown that a previously presented claim, ineffective assistance of counsel, was not fully adjudicated on the merits. Therefore, in the present case, it is imperative that a fair opportunity for collateral review be afforded to Petitioner.

The Supreme Court has yet to directly address this issue since the enactment of AEDPA of 1996. The Court did hold in <u>Felker v. Turpin</u>, 518 U.S. 651, 135 L.Ed.2d 827(1996), that AEDPA's restrictions on successive petitions, as a general matter, "do not amount to a suspension of the writ." Id. at 664. In so holding, "[t]he new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas practice 'abuse of the writ'" Id. As stated,

-43-

Petitioner argues that the second and successive requirements
are impermissible and raises serious constitutional doubts.

As understood both before and after Felker, certain factual
scenarios would not conflict with the doctrine of writ abuse.
In Stewart v. Martinez-Villareal, 523 U.S.637, 140 L.Ed.2d 849
(1998), the Supreme Court held that when the respondent's Ford
claim was dismissed as premature(although the district court had
resolved the ripe claims presented in the first petition on their
merits) that claim was not "second or successive" petition under
§2244(b).Id. at 645-646. In addition, Supreme Court compared the
case before it to cases involving dismissals for nonexhaustion,
and explain that "[t]o hold otherwise would mean that a dismissal
of a first habeas petition for technical procedural reasons would
bar the prisoner from ever obtaining federal habeas review."Id.
at 645(noting that the Ford claim could not be decided at the
time it was first presented because petitioner's "execution was
not imminent"). In the present case, there is no significant
difference between a failure of a court to fully adjudicate a
claim presented in the first petition, as is the situation in
the present case, then the situation in which a court dismisses
a claim that was presented in the first petition as being unripe
and premature, as was the issue the Supreme Court had dealt with
in Stewart. "For in both situations, the habeas petitioner does
not receive adjudication of his claim." Id. at 523 U.S. 645.

The rationale of the Stewart decision reinforces
Petitioner's claim that §2244(b)'s restrictions is "inadequate
and ineffective to test the legality" Petitioner's detention,
as applied to the facts and circumstances of Petitioner's case.

-44-

Part of the <u>Stewart</u> Court's rationale is that some claims presented in a second or successive petition "would not be barred under any form of res judicata." Id. at 645. "The core of the AEDPA restrictions on second or successive §2255 petitions is related to the longstanding judicial and statutory restrictions embodied in the form of res judicata known as the 'abuse of the writ' doctrine." <u>U.S. v. Barrett</u>, 178 F.3d 34,44(1999). Therefore, the Court's approach in <u>Stewart</u> suggests that pre-AEDPA abuse of the writ cases are important in construing the term "second or successive."

In light of this perspective, Petitioner contends that it is clear that §2244(b), as applied to Petitioner, is "inadequate or ineffective" to test the legality of Petitioner's detention because Petitioner's claim would not be barred by any form of res judicata. In fact, a "second or successive" application by Petitioner would not be "abuse of the writ" as that term is defined, prior to AEDPA, in cases such as <u>Kuhlman v. Wilson</u>, 477 U.S. 436,445 n.6, 91 L.Ed.2d 364,375 n.6(1986)(plurality opinion) ("Abusive" petitions were those in which "prisoner...rais[ed] grounds that were available but not relied upon in prior petition, or engages in other conduct that 'disentitle[s] him to the relief he seeks.'")(quoting <u>Sanders v. U.S.</u>, 373 U.S. 1,17, 10 L.Ed.2d 148(1963). Indeed, in <u>Sanders</u>, the Supreme Court affirmatively stated: "the principle elaborated in Subpart A, supra [having to do with successive applications on grounds previously heard and determined on the merits] cannot apply...if the same ground was earlier presented but not adjudicated on the merits." <u>Sanders</u>, 373 U.S. at 17.

-45-

In sum, Petitioner fairly and properly presented the claim that trial counsel was ineffective for failing to argue for the suppression of wiretap evidence based on the sealing requirements of 18 U.S.C.S. §2518(8)(a), that even included the requirement that the government had not proven that the tapes were immediately sealed as prerequisite to the disclosure of the contents and evidence derived therefrom at Petitioner's trial. Unfortunately, Petitioner    proceeded pro-se and that petition was entitled to a liberal construction, given such construction, Petitioner's claim contained enough detail, e.g. citation to the specific statute and decisional caselaw interpreting the specific statute underlying Petitioner's constitutional claim, to have that claim fully adjudicate on the merits by the district court. See Sanders v. U.S., 373 U.S. 1,22(1963)("An applicant for such relief ought not be held to the niceties of a lawyers pleading or cursorily dismissed because his claim seems unlikely to prove meritorious. That his application is vexatious or repetitious, or that his claim lacks any substance, must be fairly demonstrated.").

As a result, Petitioner was denied the right to one full and fair opportunity to wage a collateral attack. And, §§2244(b) and §2255, as amended by AEDPA of 1996, is "inadequate or ineffective" to test the legality of Petitioner's detention, for reasons that cannot realistically be regarded as Petitioner's inexcusable neglect. To foreclose further habeas review in the present case does not curb abuse of the writ, but rather bars federal habeas review altogther. See Stewart, 523 U.S. at 645. Under these circumstances of the instant case, the inadequacy

-46-

and ineffectiveness of §2244(b) and §2255, that is, the restrictions as applied to Petitioner is an unconstitutional suspension of the writ of habeas corpus in violation of United States Constitution Article I, Section 9, Clause 2. See <u>Sanders</u>, 373 U.S. at 15("A prisoner barred by res judicata would seem as a consequence to have an 'inadequate or ineffective' remedy under §2255").

## CONCLUSION

### APPLICATION FOR A WRIT OF HABEAS CORPUS

A prior opportunity to fully and fairly litigate a claim, the denial of the Sixth Amendment right to "Assistance of Counsel" which is unquestionably a vital component to the integrity and fact-finding process of the United States judicial system, is an important factor to be considered by federal habeas courts. Thus, a prior opportunity for a full and fair hearing of Petitioner's constitutional claim is inescapably dispositive of Petitioner's contention that the remedy under §2255 is "inadequate or ineffective" to test the legality of Petitioner's detention. Indeed, the court's failure to inquire fully into the facts that were indispensable to Petitioner's ineffective assistance of counsel claim effectively denied Petitioner of that one full and fair opportunity to a reliable judicial determination of the fundamental legality of Petitioner's detention, which is the essential function of the writ of habeas corpus. Therefore, it is constitutionally mandated that a forum be available for Petitioner to have the constitutional claim fully and fairly heard on the merits. And, to the extent that

-47-

Sections 2244(b) and 2255 bars the relief sought here, §2244(b) and §2255 works an unconstitutional suspension of the writ of habeas corpus, as applied to Petitioner's case. In other words, in the absence of a forum to have this claim, Petitioner's ineffective assistance of counsel claim, fully and fairly heard on the merits the gravest constitutional doubts would be engendered.

Accordingly, Petitioner did all that was reasonably expected of a pro-se petitioner, and the district court's oversight has foreclosed Petitioner's only opportunity to be heard. In this unusual case, the inconsistent application of the law that deprived Petitioner of a right accorded to other similarly situated prisoners presents an extraordinary circumstance, to which Petitioner is entitled to seek relief in this proceeding under §2241.

<u>RELIEF REQUESTED</u>

WHEREFORE, Petitioner prays that, the United States District Court for the Middle District of Alabama immediately issue an Order to immediately release and discharge Petitioner, in that Petitioner' conviction and sentence was obtained in violation of the United States Constitution therefore the restraint of Petitioner by the foregoing Respondent is unconstitutional and Respondent does not have lawful jurisdiction of Petitioner.

Respectfully submitted,

SIGNED UNDER PENALTY OF PREJURY
DATED: 3/21/07

28 U.S.C.§1746
LAVON HEATH
REG.NO. 27989-004
FEDERAL PRISON CAMP
MAXWELL AFB
MONTGOMERY, AL 36112

-48-

LAVON HEATH
REG. NO. 27989-004
FEDERAL PRISON CAMP
MAXWELL AFB
MONTGOMERY, AL 36112

CLERK OF THE COURT FOR THE
U.S. DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, AL 36104





ATTACHMENTS

Attachment 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

90-8065-CR-ROETTGER
00-8925-CIV-ROETTGER

LAVON HEATH,

     Movant,

vs.

UNITED STATES OF AMERICA,

     Respondent.

CORRECTED MOTION TO VACATE
SET ASIDE OR CORRECT A SENTENCE
PURSUANT TO TITLE 28 U.S.C.2255

_____/

    Comes Now,Movant,LAVON HEATH,Pro-Se,and moves this Honorable
Court to vacate the sentence imposed upon him based on the facts,
citations and arguments set forth in the attached Memorandum of
law. Movant submits this Motion pursuant to the provisions set out
in Title 28 U.S.C.§2255. In support of this motion ,Movant submits
the following:

1. The judgement of conviction under attack was entered in the United States District Court, Southern District of Florida, West Palm Beach Division.

2. The judgement of conviction under attack was entered on October 27, 1992.

3. The judgement of conviction under attack resulted in a composite sentence of 292 months of incarceration followed by 5 years of supervised release after being resentenced on April 30, 1999, after a remand from the Eleventh Circuit Court of Appeals.

4. The nature of offense involved:

   a.  Conspiracy to possess with the intent to distribute cocaine base in violation of 21 U.S.C.§841(a)(1) and 21 U.S.C. §846 (count 1); Conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C.§841(a)(1) and 21 U.S.C.§846 (count 2); Possession of cocaine with the intent to manufacture cocaine base in violation of 21 U.S.C.§841(a)(1) and 18 U.S.C.§2 (count 13); Manufacturing cocaine base in violation of 21 U.S.C.§841(a)(1) and 18 U.S.C.§2 (count 14); and Possession with the intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C.§841(a)(1) and 18 U.S.C.§2 (count 15).

5.  Movant entered a plea of not guilty.

6.  Movant proceeded to trial by jury.

7.  Movant did not testify at trial.

8.  Movant filed a direct appeal of judgement of conviction and sentence.

-2-

9. Movant's appeal was filed in the United States Court of Appeals, for the Eleventh Circuit, Case Nos. 93-4350 and 99-11473-H. In Case No. 93-4350, the Court of Appeals affirmed Movant's conviction and remanded for resentencing on September 14,1998. The Court of Appeals affirmed Movant's sentence in Case No. 99-11473-H on January 26,2000.

10. Movant has previously filed a motion.

(a)(1). In the United States District Court for the Southern District of Florida,Fort Lauderdale.

(2). Motion under 28 U.S.C. §2255.

(3). Grounds raised were that amended wiretap application was insufficient under state law (ground one); Ineffective assistance of counsel (ground two).

(4). Movant did not receive an evidentiary hearing on this motion.

(5). The Movant's motion was denied without prejudice to refile after disposition of the direct appeal.

(6). The date of result was October 19,1996.

(b)(1). Movant did not appeal, to any appellate federal court having jurisdiction, the result of action taken on this motion.

(c). Movant did not appeal from this adverse action on the motion because of the reasonable opinion given by the court in its Order denying without prejudice to refile after the appeal was concluded.

11. Movant submits following grounds to support his claim that he is being held unlawfully:

-3-

A. <u>GROUND I</u>. The trial court erred in admitting evidence, conversations and derivative, of intercepted communications for the government's failure to satisfactorily explain the absence of the seal before the contents of intercepted communications can be disclosed at trial, in violation of 18 U.S.C.§2518(8)(a).

B. <u>GROUND II</u>. Movant was an "aggrieved person" as defined in 18 U.S.C.§2510(11). The government failed to disclose evidence that was favorable to the defense in violation of <u>BRADY</u>, where the government failed to disclose that it did not comply with the sealing requirements of 18 U.S.C.§2518(8)(a). Additionally, Movant filed a motion for applications and orders relevant to his case to determine whether grounds existed for suppression of wiretap evidence, the magistrate granted Movant's motion for disclosure. Despite the magistrate's order the government still did not disclose all evidence in its possession.

C. <u>GROUND III</u>. Movant's sentence was entered in violation of his rights under the Fifth and Sixth Amendments, in light of recent Supreme Court decisions in <u>APPRENDI v. NEW JERSEY</u> and <u>CARLESS JONES v. UNITED STATES</u>.

D. <u>GROUND IV</u>. Movant was denied effective assistance of counsel. The errors committed by counsel fell outside the range of professionally acceptable performance and there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

(i)  Movant was denied effective assistance of counsel in that trial counsel failed to object to the government's failure to present evidence of the seal provided by 18 U.S.C.§2518(8)(a),

-4-

or a "satisfactory explanation" for its absence, when it is a pre-requisite for the use or disclosure of any evidence derived from such recordings.

(ii) Movant was denied effective assistance of counsel in that trial counsel failed to move to have the indictment dismiss for the government's outrageous misconduct in the state judicial system as to violate due process. Therefore, making the federal court become accomplices to the willful disobedience of the law. The government committed a criminal act in that it committed prejury under oath, in violation of federal and state law.

(iii) Movant was denied effective assistance of counsel in that trial counsel failed miserably to provide Movant with an under-standing of the law in relation to the facts. Specifically, counsel's insufficient advice and omissions did not permit Movant to make an informed and conscious choice among the alternatives to trial, in reference to Federal Rules of Criminal Procedure, Rule 11(a)(2) Con-ditional Pleas. Had counsel provided Movant with this information the "reasonable probability" would have been a strong likelihood of a plea of guilty. Therefore, trial counsel did not actually or substantially assist Movant in deciding whether to plead guilty reflected by counsel's unfamiliarity of the law. This deficiency also deprivrd Movant of the acceptance of responsibility under U.S.S.G.§3E1.1, in that the judge explicitly denied this reduction on Movant's tardiness in accepting responsibility.

(iv) Movant was denied effective assistance of in that trial counsel failed to object to the improperly counted sentence of one year's probation as a prior sentence under U.S.S.G.§4A1.1(c) and

-5-

4A1.1(d), in violation of U.S.S.G.§4A1.2(a) and (f), on Movant's initial sentencing hearing held on July 1,1993. Also, appellate counsel was ineffective for failing to raise this issue in Movant's first appeal.Effectively causing the appeals court to deny this issue because of waiver and not on the merits in the second appeal.

    (v) Movant was denied effective assistance of counsel in that appellate counsel failed to appeal the trial court's denial of the acceptance-of-responsibility reduction in his first apeal. When it should have been raised on the initial appeal. Effectively causing waiver on the second appeal.

    12. Grounds IV(iv) and (v) have been previously presented. Grounds I,II,III,IV(i-iii) were not previously presented. These grounds were not raised because of ineffective assistance counsel.

    13. Movant does not have any petition or appeal now pending in any other court.

    14. Movant was represented at the preliminary hearing by James Gailey, F.P.D.,N.E. 3rd Ave.,Suite 202 Ft. Lauderdale,Fl.33301.At the arraignment and trial level by Fletcher Peacock,A.F.P.D.,101 N.E. 3rd Ave.,Suite 202 Ft.Lauderdale,Fl.33301. And on appeal by Brenda G. Bryn, Esq.,A.F.P.D.,101 N.E.3rd Ave.,Suite 202 Ft. Lauderdale, FL.33301.

    15. Movant was sentenced on five counts of one Indictment in the same court.

    16. Movant does not have any future sentence to be served after completion of the sentence imposed by the judgement under attack.

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO VACATE,SET ASIDE OR CORRECT SENTENCE PURSUANT TO TITLE 28U.S.C.§2255

-6-

The Movant, Lavon Heath, Pro-se, moves this Honorable Court to vacate, set, aside or correct his sentence pursuant to Title 28 U.S.C.§2255. In support of this motion, Movant respectfully submits the following:

## Jurisdiction

Pursuant to Title 28 U.S.C.§2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence".

## STATEMENT OF THE CASE

(i) **Course of Proceeding.** Movant was indicted in a 22-count Indictment on August 8,1990, by a federal grand jury sitting in West Palm Beach, Florida. Although, Movant was initially arrested and charged on April 27,1990,in the state court for Trafficking in cocaine over 400 grams, which was nolle-prosse on August 16,1990, due to this federal indictment. Movant was charged in five(5) of the 22 counts. Count I charged the Movant with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C.§841(a)(1) and 21 U.S.C.§846; Count II conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C.§841(a)(1) and 21 U.S.C.§846; Count XIII possession of cocaine with the intent manufacture cocaine base in violation of 21 U.S.C.§841(a)(1) and 18 U.S.C.§2; Count XIV manufacturing cocaine base in violation of 21 U.S.C.§841(a)(1) and 18 U.S.C. §2; and XV possession with intent to distribute both cocaine base and

-7-

and cocaine in violation of U.S.C.§841(a)(1) and 18 U.S.C.§2. Movant
entered a plea of not guilty to these charges. On May 15,1991, the govern-
ment superseded the prior Indictment, moving back the commencement of
the charged conspiracies to June 1,1988; adding additional defendants
into the conspiracy counts; and adding additional substantive charges
against these additional defendants. Movant again pled not guilty to these
charges.

On August 28,1990, Magistrate Vitunac issued a Standing Discovery
Order. A status conference was held on October 1,1990. At particular con-
ference, the Government took the position that nothing related to the
wiretap would be disclosed in the absence of defense motions requesting
wiretap evidence. After being informed by the government he was an
"aggrieved person" as defined in 18 U.S.C.§2510(11), trial counsel for
Movant filed a motion requesting disclosure of all documents relating
to the wiretap. The government did not then or prior to trial furnish
defense documents or a statement of facts as to the sealing requirements
being complied with in this case. The prosecution's suppression of this
evidence caused prejudice by leading defense to abandon a line of defenses
and trial strategies. Trial counsel did however move to suppress evidence
disclosed by the wiretap on telephone number (407) 371-0250, on several
grounds **except** for compliance with the sealing requirements. The magis-
trate judge recommended denial of these motions to suppress, and the dis-
trict court adopted the magistrate judge's report and recommendation and
refused to suppress the evidence. Movant also moved to suppress the contra-
band and other evidence discovered during the warrantless entry of Movant's
home on April 27, 1990,on several grounds. After a hearing on these motions
to to suppress,the magistrate denied all motions on all grounds. Timely

-8-

objections to the report and recommendation were filed, but the district court again adopted the magistrate's report and recommendation in all respects. Trial commenced August 3,1992, the government's case consisted primarily of the physical evidence seized from the apartment, the taped conversations, and Jose Martin's testimonial evidence. The jury on October 27,1992, convicted Movant on all counts. Movant was initially sentenced to 400 months of imprisonment on July 1,1993, based on two level enhancement for the alleged finding of the managerial role in the offense. After an appeal upon a remand from the Eleventh Circuit Court of Appeals, Movant was resentenced to 292 months of imprisonment on April 30,1999.

Additionally, during the course of the proceedings, Movant was under the impression that counsel had exercised reasonable investigation into all possible alternatives to trial. Counsel did advise Movant of the possibility of a 12-15 year plea offer from the government. In response to this discussion Movant inquired into the status of the pending motions to suppress. Though this plea offer was in the best interest of Movant at that time. Movant was very concerned about waiving his rights to appeal all adverse actions taken on these motions to suppress when this was the only viable defense to this case. Based on these alleged violations of constitutional rights. Counsel gave no other reason or suggestion to any other options. Specifically, the possibility of obtaining a conditional plea under Rule 11(a)(2). Without this advise or an attempt to investigate the law in relation to the facts of this case deprived Movant of the opportunity for a full and fair plea negotiations. Without this information Movant reasonably believed he had no other choice but to go to trial to reserve his Fourth

-9-

Amendment and wiretap issues for appeal. At the resentencing hearing, after research and prior to this hearing, and to the surprise of Movant this Rule 11(a)(2) was discovered and mentioned to the court of the reason the decision was made to go trial. The mention of this went unnoticed by the judge at the resentencing hearing.

(ii) <u>Statement of the Facts.</u> In 1988, a joint task force consisting of state and federal law enforcement officers began a federally-funded OCDEFT ("Organized Crime Drug Enforcement Task Force") under investigation of a cocaine trafficking "organization" run by Ronald Glinton and others. On April 16, 1990, Ralph Brillinger and Kenneth Brennan prepared two wiretap applications. The first sought to intercept communications on (407) 371-0593, a celluar phone belonging to Jose Martin. The other application sought to intercept communications on a phone registered to Peggy Hankerson, but believed to be used by Ronald Glinton in Lake Worth, Florida. The next day, April 17, 1990, Judge Walter Colbath issued orders authorizing interceptions of wire communications on both lines. Seven days later on April 24, 1990, Judge Colbath issued an addendum order authorizing interceptions of communications on Martin's new celluar phone number (407) 371-0250. On April 27, 1990, at 3:20 p.m., monitors at the listening post began intercepting a series of calls between Martin and Reinaldo Acosta, in which Martin and Acosta negotiated the specifics of an impending cocaine delivery. At 6:17 p.m., the monitors at the listening post learned that a 6 kilo deal, for $144,000.00 would take place. Surveillance agents followed Martin to apartment 5147 #E Elmhurst Road. At the very same time, agents began surveillance at an apartment complex across the street, at 5090 Elmhurst. Minutes later. Martin left the Elmwood complex in his gold Volvo, and proceeded across the street to 5090 #F Elmhurst.

-10-

At 7:05 p.m., Martin entered 5090#F Elmhurst, carrying a blue bag. At 7:20 p.m., Martin left 5090#F Elmhurst, in his gold Volvo with the blue bag, and returned to 5147#E in the Elmwood complex, across the street. Fearing the the destruction of evidence, at 8:30 p.m., agents entered the residence of 5090#F Elmhurst Rd., without a warrant. Inside, they found cocaine, pots, and crack cooking. Inside, they found Movant and three other individuals. At approximately 9:10 p.m., agents arrived with the warrant and thoroughly searched the apartment. Based on the seizure of cocaine and other incriminating evidence Movant was arrested and charged.

## Argument and Citation of Authority

### Issue I

Movant contends that it was error for the trial court to admit the conversations and derivative evidence of the wiretaps, where the prosecution offered no evidence as to the "presence of a seal, or a satisfactory explanation for the absence thereof".

The Supreme Court's decision in **United States v. Ojeda Rios,** 495 U.S. 257(1990), provides guidance on this issue. In **Ojeda Rios**, the Supreme Court held that section 2518(8)(a) applies to a delay in sealing as well as to a complete failure to seal tapes. The principal issue in resolving this this question, determined the Court, is "... when the terms and purpose of §2518(8)(a) are considered as a whole...'the seal provided for by this subsection' is a prerequisite to the admissibility of electronic surveillance tapes". Id at 263(emphasis in original).

Congress clearly intended that a violation of the §2518(8)(a) sealing requirement be governed by the final sentence of §2518(8)(a). This provision

-11-

states that "[t]he presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, **shall be a prerequisite** for the use or the disclosure of the contents of any wire or oral communications or evidence derived therefrom..." By the clear language, section 2518(8)(a) mandates, as a prerequisite to the admissibility of a recording, that one of two criterias be satisfied: either the recording must have been properly placed under seal, or the government must provide a "satisfactory explanation" for its failure to comply with the sealing requirement. The sanction for the government's failure to comply with the statute, by the plain language of the statute itself, is suppression of the recordings and evidence derived therefrom.

The legislative history of this section makes clear that these requirements were intended as "safeguards designed to insure that accurate records will be kept of the intercepted communications." S.Rep. No.1097,97th Cong.,2d Sess.(1968), reprinted in 1968 U.S.Code Cong.& Admin.News 2112,2193. One of the reasons for these requirements, including the sealing requirement, was obviously to protect citizens, when they are called upon to defend themselves, from the intentional or inadvertent alterations of the wiretap communications secured by the means of this extraordinary and secretive investigative device. Such alterations may always be very difficult to detect, and a fact finding by the judge is inherently less reliable than than this strict sealing requirement. In recognition of all of these possibilities, Congress expressly selected this strict requirement that the tapes not be admitted as evidence unless and until a "satisfactory explanation" is offered for a failure to seal them. Congress having expressly chosen this standard of offering significant protection to citizens, as Supreme Court stated

-12-

in Giordano, the strict sealing requirements "directly and substantially implements the congressional intention" of maintaining the integrity of the tapes. Id. at Giordano, 416 U.S.527(1974).

In the instant case, the government did not seal these recordings or give a "satisfactory explanation" for the absence of the seal. As the movant understands it the defendant has the burden of objecting to the admissibility as to any evidence before it is admitted at trial. While this is the general rule through the language and purpose of this statute, Congress has made a deliberate decision to shift this burden to the prosecution even in cases where a defendant makes no objection at trial. This congressionally mandated sealing requirement has been in effect since 1968 and has been applicable in all wiretap cases since that time. Because the government has failed to seal the tapes or offer a "satisfactory explanation" for the absence of the seal §2518(8)(a)'s "explicit exclusionary remedy" must be employed. Id. Ojeda Rios, at 260.

Therefore, the error in admitting the contents and derivative evidence of the intercepted communications was so conspicuous the "trial judge and the prosecutor were derelict in countenancing [it even in the absence of an objection from movant's trial counsel]". United States v. Spires, 79 F.3d 464, 465(5th Cir.1996). Indeed, this error was definitely "an omission inconsistent with the rudimentary demands of fair procedure". Hill v. United States, 368 U.S.424, 428(1962); Adams v. Lankford, 788 F.2d 1493, 1496(11th Cir.1986).

## Issue II

Movant contends the prosecution violated due process, when upon a request from defense, failed to disclose evidence within it's possession

-13-

that it did not comply with the sealing requirements set out in 18 U.S.C. §2518(8)(a).

Due process imposes upon the government an obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt. **Brady v. Maryland**, 373 U.S.83(1963).This obligation was viewed as a logical extension of a line of earlier cases holding that due process was violated where the prosecutor fails to correct perjured testimony which it knew or should have known to be false. Here, by failing to disclose evidence that was material and exculpatory, there was a similar deception of the jury and the trial court. Although, **Brady** did not create a general constitutional right to discovery in criminal cases. The rule established therein was concerned with cases in which the government possesses information which the defendant does not, and the government's failure to disclose the information deprives the defendant of a fair trial. **Id**.

Indeed, as in **Brady**, movant's request was specific it gave the prosecutor notice of exactly what defense desired. Moreover, the government took the position that nothing related to the wiretap would be disclosed in the absence of defense motions requesting wiretap evidence at the status conference held on October 1,1990. In response to the government's position trial counsel for movant filed a specific motion requesting all related wiretap evidence, orders, and applications, on October 18,1990. Yet, the government did not disclose any thing in reference to the sealing requirements not being followed in this case.

Recently, the Supreme Court noted, that "there are three essential components of a true **Brady** violation: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; it must have been suppressed by the state, either

-14-

willfully or inadvertently, and prejudice must have insued. **Strickler v. Greene**, 119 S.Ct.1936(1999). The violation of the sealing requirements can only be viewed as favorable evidence to the defense because without the presence of a seal or a satisfactory explanation for the failure to do so, this evidence was simply not admissible at trial. Second,the government had this evidence in its possession and deliberately kept these facts from the defense. Neither movant or counsel knew of this favorable evidence before trial. Third, the suppressed exculpatory evidence "is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the proceeding would have been different.'" **Strickler**, 119 S.Ct. at1984(citations omitted). These conversations and the derivative evidence were the linchpin of the government's case. Also, the negative response to the defense motion requesting the disclosure of all wiretap applications and orders not only denied defense the evidence requested, but suggested that it did not exist causing a greater prejudice by leading the movant and trial counsel to abandon lines of independent investigations, defenses, and trial strategies.

Indeed, in **Brady**, the Court held "that suppression by the prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. The principle of **Mooney v. Holohan** is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused." **Brady**, at 373 U.S.87. Accordingly, movant is entitled to a new trial because of the prosecutorial misconduct that deprived movant of due process and a fair trial.

-15-

## Issue III

Movant contends that the sentence is unconstitutional in this case, which-according to the Supreme Court's recent decisions in **Apprendi v. New Jersey**, 2000 U.S.Lexis 4304,*1(June 26,2000) and **Carless Jones v. United States**, 530 U.S.___,120 S.Ct.2739(June 29,2000)-was entered in violation of the Fifth and Sixth Amendments.

On June 26,2000, the Supreme Court decided **Apprendi v. New Jersey**, 2000 U.S.Lexis 4304,*1(June 26,2000), holding that

> [o]ther than the fact of a conviction,**any fact** that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury, and proved beyond a reasonable doubt ... "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

**Id**.at*43(Emphasis added;citations omitted). The Court explained that their regard had been "foreshadowed" by the opinion last term in **Jones v. United States**,526 U.S.227(1999), where the Court had noted that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact(other than a prior conviction) that increases the maximum penalty for crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." **Jones**,526 U.S.at243,n.6;see 120 S.Ct.at 2355. The Court now made clear, as it had in **Castillo v.United States**,___U.S.___,120 S.Ct.2090(June 5,2000) several months prior,that punishment-enhancing factors are to be considered "elements" of aggravated,separate statutory offense-and such elements are to be alleged in the indictment, proved to the jury at trial,and found by the jury beyond a reasonable doubt before the "enhanced sentence may constitutionally be applied." See 2000 U.S.Lex 2364304,648 and n.19("[W]hen the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence,it is the functional equivalent

-16-

of an element of a greater offense than the one covered by the jury's guilty verdict. Indeed, it fits squarely within the the usual definition of an 'element' of the offense").

The Supreme Court has made eminently clear that it views the rule set forth in <u>Apprendi</u> quite expansively, as applicable well beyond New Jersey hate crimes statute before it, and specifically applicable to prosecutions under the federal drugs laws. The dissenting justices in <u>Apprendi</u> candidly observed that "the majority's rule creates serious uncertainty about the constitutionality of [statutes such as 21 U.S.C.§ 841(b)] and about the constitutionality of the confinement of those punished under them." 2000 Lexis 4304, *171 (Breyer, J. dissenting); accord id. *144-149 (O'Connor, J., dissenting)(same). And indeed, only three days after deciding <u>Apprendi</u>, the Court vacated a judgement in a Tenth Circuit crack cocaine case, and remanded for further consideration in light of <u>Apprendi</u>. See <u>Carless Jones v. United States</u>, ___U.S.___, 120 S.Ct.2739 (June 29,2000).

It is clear from the remand in <u>Carless Jones</u> that (1) the Supreme Court views 21 U.S.C.§841, as setting forth separate offenses, rather than a single offense with different penalties; and (2) that the amount of drugs is an element of the offense set forth in §841(b)(1)(A), and §841(b)(1)(B). In <u>Carless Jones</u>, the Tenth Circuit had affirmed a defendant's sentence to two concurrent terms of 30 years imprisonment for distributing and possessing with to distribute crack cocaine-despite the indictment's specific reference to 21 U.S.C.§841(b)(1)(C), and that provision's specification of a 20 year maximum penalty. <u>United States v. Carless Jones</u>, 194 F.3d 1178(10th Cir.1999). According to the Tenth Circuit, section 841 (b)(1) was a "sentencing provision independent of the substantive charges

-17-

to which it applies."Id.at 1183(citations omitted). And,in the Tenth Circuit's view,a sentencing judge could "consider quantities of drugs not charged in the information or indictment or proven at trial when determining the applicable mandatory sentencing directives of §841(b)(1)." Id.at 1183-1184.

Prior to **Apprendi** and **Carless Jones**, the Eleventh Circuit-like the Tenth-had "clearly rejected the characterization of the amount of drugs as an element of the offense under[21 U.S.C.]§841." **United States v. Hester**,199 F.3d 1287,1291(11th Cir.January 7,2000)(and cases cited therein).See **United States v. Williams**,876 F.2d 1521,1525(11th Cir.1989) ("The nature and quantity of the controlled substance are relevant only to sentencing and do not constitute elements of a lesser included offense"); **United States v. Perez**, 960 F.2d 1569,1574(11th Cir.1992)(sentences prescribed in 21 U.S.C.§841 are not substantive offenses in themselves, because the quantity of drugs specified in the penalty provisions are not elements of the offense). After **Apprendi** and **Jones**,however,it is clear that the rationale of **Hester** and circuit law preceding it,are no longer viable.

Indeed, both cicuit and district courts considering this issue after **Apprendi**,have specifically held that any increase of a defendant's sentence above the 20 year statutory maximum for unspecified quantities of drugs,set forth in  21 U.S.C.§841(b)(1)(C),requires that the government "allege the drug amount in the indictment,submit that fact to the jury, and prove the existence of the fact beyond a reasonable doubt." **United v. Henderson**,___F.Supp.2nd___,Case No.Crim.A.2:99-00214-0,2000 WL 1006054 at*12(S.D.W.Va.July 19,2000);see also **United States v. Aguayo-Delgado**,No.99-4098,2000 WL 988128 at*5(8th Cir.July 18,2000)("after

-18-

Apprendi,the analysis of the federal drug sentencing system [as interpreted in prior circuit decisions] no longer fully comports with the Supreme Court's jurisprudence concerning the requirement of proof beyond reasonable doubt and the scope of criminal defendant's jury trial rights;"proceeding on understanding that **Apprendi** limits the statutory sentencing range faced by the defendant in a cocaine case to the default sentencing range of 21 U.S.C.§841(b)(1)(C),i.e.,20 years); <u>United States v. Sheppard</u>,No.00-1218, 2000 WL 988127(8th Cir.July 18,2000)(agreeing that drug type and quantity must be considered elements of separate §841 offenses).

Applying these principles,the movant's sentence to 292 months imprisonment on each of Counts 1,2,13,14,and 15,clearly unconstitutional. Specifically,the indictment in this case charged the movant with one count each of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C.§841(a)(1)and 21 U.S.C.§846(Count 1); conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C.§841(a)(1)and 21 U.S.C.§846(Count 2); possession of cocaine with intent to manufacture cocaine base,in violation of 21 U.S.C.§841(a)(1)and 18 U.S.C.§2(Count 13);manufacturing cocaine base in violation of 21 U.S.C. §841(a)(1)and 18 U.S.C.§2(Count 14);and possession with intent to distribute both cocaine base and cocaine hydrochloride in violation of 21 U.S.C.§841(a)(1)and 18 U.S.C.§2(Count 15). The indictment did not specify a particular amount of cocaine or cocaine base in these counts-only "a quantity"of cocaine and "a quantity"of cocaine base. And,in contrast to **Carless Jones**,the indictment did not even mention §841(b)(1) (which specifies the penalties for violations of §841(a)). Moreover,the jury made no findings in this case,as to the amount of cocaine or cocaine base the movant possessed,or conspired to possess.

-19-

Indeed, in the same way that the district court in **Harris v. United States**, 149 F.3d 1304 (11th Cir. 1998), lacked jurisdiction to enhance a sentence unless the government strictly complied with the procedural requirements of §851(a), the district court here lacked jurisdiction to enhance the movant's sentence without the necessary allegations as to amount in the indictment, and proof of the amount beyond a reasonable doubt at trial. Jurisdictional defects are non-waivable and non-defaultable. They are properly remedied-indeed, they **must** be remedied-upon §2255 review. See **Harris**, id. at 1308 (court does not have jurisdiction to impose enhanced sentence, simply because defendant failed to object to the enhancement on jurisdictional grounds at trial or on appeal; granting defendant relief under §2255). In a more recent decision the district court applied **Apprendi**, retroactively to a §2255 motion. See **United States v. Murphy**, ___ F.Supp.2nd ___, Case No. 4-95-1038DSDFLN, 2000 WL 1140782 (D.Minn. Aug 7, 2000) ("There can be little doubt that the sweeping new requirement announced by the Court in **Apprendi** is so grounded in fundamental fairness that it may be considered of watershed importance. Accordingly, the court concludes that the **Apprendi** decision falls under the second exception to the **Teague** nonretroactivity principle and must be applied to this section 2255 motion").

The only "sentencing" provision which might constitutionally be applied in an "unspecified amount" case such as this one, is §841(b)(1)(C) (which applies to less than 500 grams of cocaine, and less than 5 grams of crack). Section 841(b)(1)(C) provides a **0-20 year statutory maximum** for any person committing a §841(a)(1) offense. Under that provision, the minimum mandatory term of supervised release is 3 years.

Accordingly, the Court should vacate the movant's 292 month sentence, and resentence him to concurrent terms of the lowest sentence within the

-20-

...e submitted to the jury

...he U.S.S.G. §2D1.1(c). Af

...n **Mistretta v. United St**

...he force and effect of l

...rom the structure and au

...ith the Court's rule tha

... o remove from the jury t

...ange of penalties to whi

...lear that such facts mus

...oubt." **Apprendi**, at 2000

...ommission is a form of l

...he rule established by t

Indeed, the Court

...nstrained at its outer

...d found by the jury. Pu

...nishment greater than t

...lements' of a separate

...1 and n.10. To remove a

...D1.1(c) is an element o

...at constituted a factor

...pose the defendant to a

...ry's verdict?" Id. at 20

...se. The judge found a s

... arrive at a base offen

...stant conviction. Furth

...here is a vast differen

... a proceeding in which

20 year maximum range, to be followed by 3 year

on Counts 1,2,13,14,and 15. Also, this sentence

of the Fifth Amendment notice and jury trial gu

that he be resentenced based on **only** upon facts

and proved to the jury.[1] The movant respectfull

an opportunity to put forth circumstances in mi

### B. Federal Sentencing Guidelines:App

Movant contends that the rule announced

to the United States Sentencing Guidelines(U.S.

scheme of the guidelines, a factual determinatio

to be involved by the judge on a standard of pr

reasonable doubt" makes a difference between a

punishment. Though, these facts are never preser

jury beyond a reasonable doubt. After **Apprendi**,

seeks to subject a drug offender to the higher p

Quantity Table of the U.S.S.G., it must submit t

and the jury must find those facts beyond a reas

Indeed, §2D1.1(c) Drug Quantity Table, cr

offenses and not merely a penalty enhancing prov

the quantity of drugs triggers different ranges

on the finding by the judge instead of the jury'

there are fourteen(14) quantity driven base offe

offenses) under §2D1.1(c), although they are wit

of §841(b)(1). Thus, the quantity is an element

---

1.   It would have been frivolous-prior to the

and **Carless Jones**-for the movant to assert a clai

due to the omission of the amount from the indict

as to the amount,given well-settled Eleventh Circ

similar claims.

-21-

the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." 2000 U.S.Lexis 4304,*52.

Accordingly, the United States Sentencing Guidelines have the"force and effect of laws". It allows the judge to remove the assessment of facts from jury that subjected movant to a greater punishment than that authorized by the jury's verdict.Since the government did not charge the amount in the indictment, submit it to the jury, and prove it beyond a reasonable doubt. And that same quantity being an element under §2D1.1(c), in that this section set forth different ranges of punishment based on a quantity. The rule of **Apprendi** is thus applicable to the U.S.S.G. Therefore, without any facts as to the quantity being set forth in the indictment and proved to the jury at trial movant asks that he be resentenced to the minimum base offense level of 12, under the guidelines or given a new trial.

### Issue IV

Movant contends that he was denied effective assistance of counsel. The errors committed by counsel fell outside the range of professionally acceptable performance and there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. See **United States v. Smith**,915 F.2d 959,963(5th Cir.1990)(quoting **Strickland**, 466 U.S.at 688,104 S.Ct.at 2064).

The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal proceeding the right to counsel. **Gideon v. Wainwright**, 372 U.S.335(1960). The right to counsel is a fundamental right, **Argersinger v. Hamlin**,407 U.S.25,29-33(1972), and nessarily implicates the right to effective assistance of counsel. The requirement that a defendant receive effective assistance of counsel is constitutionally

-23-

mandated. U.S.Const.Amend.VI; <u>Reece v. Georgia</u>,350 U.S.85,90(1955)(The effective assistance of counsel....is a constitutional requirement of due process of law);<u>Mcmann v. Richardson</u>,379 U.S.759,771,n.1(1970)(The right to counsel is the right to effective assistance of counsel.) The text of the Sixth Amendment itself suggests as much. The Amendment requires not merely the provision of counsel to the accused, but "Assistance", which is to be "for his defense". Insome cases the performance of counsel is so inadequate that, in effect, no assistance of counsel is provided. Clearly in such cases, the defendant's Sixth Amendment right to have assistance of counsel is denied. <u>United States v, Decoster</u>,624 F.2d 196, 219,cert.denied,444 U.S.944(1979).

The substance of the Constitution's guarantee of the effective assistance of counsel is illuminated by reference to its underlying purpose. The Supreme Court has consistently adhered to Justice Sutherland's observation in <u>Powell v. Alabama</u>,287 U.S.45,71(1932),that when assistance of counsel is required, that assistance must be "effective" rather than pro forma. See <u>Evitts v. Lucey</u>,469 U.S.387(1985); <u>Strickland v. Washington</u>, 466 U.S.668(1984); <u>Wainwright v. Torna</u>,455 U.S.586(1982)(per curiam).

Unless a defendant charged with a serious offense has counsel able to invoke the procedural and substantive safeguards that distinguish our system of justice, a serious risk of injustice infects the trial itself. <u>Cuyler v. Sullivan</u>,446 U.S.335,343(1980). For that reason, the Supreme Court has held squarely that the right to counsel guaranteed by the Constitution is a right to the "effective assistance of counsel". See <u>United States v. Cronic</u>, 466 U.S.648,654(1984). Absent competent counsel, ready and able to subject the prosecution's case to the "crucible of meaningful adversarial testing", there can be no guarantee that the adversarial system

-24-

will function properly to produce just and reliable results. **Cronic**,Id., 466 U.S.at 656. See **Strickland**,supra,466 U.S.684-687.

Additionally, in the pretrial context, in **Von Moltke v. Gillies**,332 U.S.708,721(1948),the Supreme Court stated:"prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then offer his informed opinion as to what plea should be entered." The Court further explained in **McCarthy**,349 U.S.459,466(1969), that "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Id. The Fifth Circuit, the predecessor of this Court stated that:"[p]roviding this 'understanding of the law in relation to the facts' is the function of the accused's appointed counsel." **Walker Caldwell**,476 F.2d 213,218(5th Cir.1973);see **Wofford v. Wainwright**,748 F.2d 1505,1508(11th Cir.1984). Thus, the assistance of counsel requires that the lawyer have a grasp of the law and the facts so that he can provide defendant with an undersanding of how the law applies to the case at hand. Based on his research of the law and the facts,along with his analysis of the relation between them, counsel then gives the defendant an "informed opinion" about what plea should be entered. On the basis of that informed opinion, the defendant then decides how to plead. Obviously, if counsel does not have a grasp of either the law or the facts he is unable to give the defendant an informed opinion.Therefore, counsel will be unable to accomplish his function. Indeed, counsel will not be providing assistance of counsel, and the defendant---without an undersanding of the law in relation to the facts---will by definition be unable to make an informed decision by his counsel's advice. See

-25-

<u>Walker v. Caldwell</u>,supra,476 F.2d at 224;<u>Colson Smith</u>,438 F.2d 1075(5th
Cir.1971);<u>Wofford v. Wainwright</u>,supra,748 F.2d 1508.

(i) Movant was denied effective assistance of counsel in that
counsel failed to move to have the conversations and derivative evidence
of wire communications suppressed or object to the admissibility of the
same evidence thereof, at trial.

The Sixth Amendment's guarantee of effective assistance of counsel,
which is granted to both the innocent and the guilty alike, requires
defense counsel to fully investigate and litigate, where appropriate,
a claim that his client's Fourth Amendment rights have been violated.
<u>Kimmelman v. Morrison</u>,477 U.S.353(1986). Indeed, pursuant to the
obligations imposed by the Sixth Amendment to the United States Constitution
defense counsel must seek to have excluded evidence obtained in violation
of the Fourth Amendment and the failure to do so may constitute ineffective
assistance of counsel.Id.at 365.

The Florida and federal wiretap statute specifically provides in
pertinent part that:

The contents of any wire, oral or electronic communications
intercepted by any means authorized by this chapter shall,if
possible,be recorded on tape or wire or other comparable
device....Immediately upon the expiration of the period of
the [wiretap] order,or extensions thereof,<u>such recordings
shall be made available to the judge issuing such order and
sealed under his directions. Custody of the recordings shall
be wherever the judge orders....The presence of the seal....
or a satisfactory explanation for the absence thereof,shall
be a prerequisite for the use or disclosure of the contents
of any wire,oral,or electronic communication</u> or evidence
derived therefrom under subsection(3) of section 2517.

18 U.S.C.§2518(8)(a)(emphasis added). This statutory mandate requires
that where the government is unable to offer the presence of a seal or
a "satisfactory explanation" for a delay in sealing the tapes suppression
is required. <u>United States v. Ojeda Rios</u>,495 U.S.257(1990). The government

-26-

neither offered the presence of the seal or a "satisfactory explanation" for a delay in sealing the tapes at or before trial. This failure to move to suppress the evidence and conversations was extremely prejudicial to the movant. In **Smith v. Wainwright**, 777 F.2d 609(1985), the Eleventh Circuit Court of Appeals, stated that "[b]eing merely a spectator to the state's presentation of evidence will not meet the standard for effective assistance of counsel." Id at 617. Had trial counsel moved to suppress the evidence and conversations in question, the outcome of movant's trial would have been different. See Strickland, 466 U.S. at 688.

   (ii) Movant was denied effective assistance of counsel in that trial counsel failed to move to have the indictment dismissed on the grounds of outrageous misconduct on the part of the federal government.

   The false source of information as to wiretap being a C.I. in the affidavit to obtain a warrant to search movant's apartment not only deceive movant. There was fraud upon the state judicial system in that this false affidavit obstructed the administration of justice. Movant was arrested and charged April 27,1990, the next day a bond hearing was held. Although, movant was released seven days later on bond, the initiation of the judicial proceeding commenced. Throughout the proceeding the court was being deceived and certain rights of the movant were being denied by this deception. In particular, the assistance of counsel under the Sixth Amendment and the right to be furnished a copy of the application and orders of the wiretap interception not less than ten days before any proceeding before the evidence or contents can be disclosed in that proceeding, under §934.09(8) and 18 U.S.C.§2518(9). There was no way movant could exercise either of these rights and certainly the state judge involved would not have condoned such egregious conduct in the

-27-

court of law.

The Supreme Court in **Dunn v. United States**,60 L.Ed.2d 743(1979), denounced false affidavits by emphatically stating, a false affidavit "offends the administration of criminal justice as much as [other] false material declaration[s]." Id.at 753. In this case the false affidavit without a doubt impeded the administration of justice. And the government has definitely offended the principle of requiring respect for the state court.

Indeed, when the government filed this false affidavit it committed two offenses: one against the perjury statutes of State and Federal law, F.S.S.839.13 and 18 U.S.C.§1621, and the second offense against the state judicial system. There should be no compromise with the principle that the United States government cannot be permitted to manipulate the integrity of the state judicial system to circumvent movant's Sixth Amendment and Statutory rights.[2] Moreover, federal courts are instructed not to become an "accomplice in the willful disobedience of the law which it is sworn to uphold." **Elkins v. United States**,364 U.S.206(1960). This concern relates not only to the responsibilities of the judiciary but also to maintaining public confidence in the willingness of government to abide by "the charter of its own existence". **Mapp v.Ohio**,367 U.S.643 (1961). And a judicial system that condones such fraud will be of little value to anyone's rights it is sworn to protect.[3]

---

[2]. compare **U.S. v. Anderson**,872 F.2d 1508,1516(11th Cir.1989)("Officials of the CIA or any other intelligence agency of the United States do not have authority to sanction conduct which would violate the Constitution or statutes of the United States....")

[3]. The court has inherent authority to regulate the administration of criminal justice among the parties before the bar. **McNabb v. United States**, 318 U.S.332(1943).

Trial counsel's failure to move the court to dismiss the Indictment resulted in prejudice to movant. Had trial counsel moved the court to dismiss the Indictment, the outcome of movant's trial would have been different. See <u>Strickland</u>,466 U.S.at 688.

(iii) Movant was denied effective assistance of counsel in that trial counsel failed to give movant considered legal advice and present movant with all of the available options so that movant could make an informed, intelligent, voluntary, and conscious choice.

Rule 11(a)(2), of the F.R.Crim.P., permits a defendant with the approval of the court and the consent of the government to enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgement, the review of an adverse determination of any specified pretrial motion.

In the case sub judice, trial counsel neither explained or disclosed this rule to movant in any context. Had counsel imparted to movant the ramifications of this rule it undoubtly would have allowed movant an opportunity for a full and fair plea negotiations with the government. The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case. This decision is ultimately left to the defendant's wishes. Moreover, counsel cannot plead a defendant guilty, or not guilty, against the defendant's will. But counsel must give the defendant the benefit of counsel's professional advice on this crucial decision. And counsel can only give this competent advice when counsel has provided the defendant "with an understanding of the law in relation to the facts of his case". <u>Walker v. Caldwell</u>, 476 F.2d 213,218(5th Cir.1973);<u>Wofford v. Wainwright</u>, 748 F.2d 1505,1508(11th Cir.1984).

-29-

In other words, if the quality of counsel's advice falls below this minimum level, the defendant's plea of guilty or a plea of not guilty will not be knowing and voluntary because it will not represent an informed choice among the options available. Moreover, the express purpose of Rule 11(a)(2), was to allow defendants the opportunity to plead guilty who often go through an entire trial simply to preserve pretrial issues for later appellate review. See Fed.R.Crim.P. Rule 11, Advisory Committee Notes (1983 amendment). This was the case with movant, it was reasonably believed that movant had no choice but to go to trial to preserve suppression issues for appellate review. Also, trial counsel's inadequate investigation of the law deprived movant of the benefit of the acceptance of responsibility under U.S.S.G.§3E1.1. Explicit in the order of November 23,1993, the court based his denial of the acceptance of responsibility on movant's untimeliness of manifesting the acceptance of responsibility by stating:

> "Because [movant] did not acknowledge any guilt until the day before sentencing date."

Id. at n.1. Had trial counsel exercised the skills and diligence that a reasonable competent attorney would provide under similar circumstances, the outcome would have been different. Strickland, 466 U.S. at 688.

(iv) Movant was denied effective assistance of counsel in that trial counsel failed to object to the court's calculation of movant's criminal category history under U.S.S.G.§4A1.1(c) and §4A1.2(a). Additionally, appellate counsel was ineffective in that counsel did not appeal this issue.

The trial court erred in calculating movant's criminal category history as a III rather than II. The erroneously-counted points derived from a probationary sentence, entered after a plea of "not guilty" for which adjudication had been witheld. Due to the fact that adjudication

-30-

had been witheld, this sentence did not count as a "prior sentence" under U.S.S.G. §4A1.1(c) and §4A1.2(a). And, because there had never been a "finding of guilt", the probationary sentence did not count as a "prior sentence" via §4A1.2(f). Accordingly, the court erred in counting 1 criminal history point from a "prior sentence". The district court erred for similar reasons in counting 2 criminal history points under 4A1.1(d), for having committed the instant offense while under a "criminal justice sentence", since the probationary sentence was not countable under §4A1.2. Furthermore, the district court erred in sentencing movant on the court's assumption that the information contained in the P.S.I. and the docket entry sheet of the state court were inaccurate. Due process requires that a defendant be sentenced upon reliable information and a judge must not assume. See **Townsend v. Burke**, 334 U.S. 736 (1948) (Due process right to be sentenced only upon information that is accurate). The evidence presented was contrary to the district court's finding, yet appellate counsel failed to appeal this critical and fundamental issue in movant's initial appeal. This failure by counsel caused movant's issue to be waived in his second appeal and not denied on its merits. See **Exhibit 1.Court of Appeals for the Eleventh Circuit denying second appeal**.

(v) Movant also claims that appellate counsel was ineffective in failing to appeal the district court's denial of the acceptance of responsibility in movant's initial appeal. Again, this failure caused movant's issue to be waived in his second appeal and not on its merits. See **Exhibit** 1. **Court of Appeals for the Eleventh Circuit**.

## Conclusion

The trial court erred in admitting evidence of intercepted communications under 18 U.S.C. §2518(8)(a), where the government did not

offer a "satisfactory explanation" for a delay in sealing the tapes or present evidence of the presence of a seal as a "prerequisite to the admissibility" of any contents or derivative evidence of intercepted communications at trial.

The government failed to disclosed, upon a specific request, evidence that was favorable to movant's defense in violation of **Brady v. Maryland**, 397 U.S.83(1963). Requiring a new trial.

Movant's sentence was entered in violation of his rights under the Fifth and Sixth Amendments, in light of recent Supreme Court decisions in **Apprendi v. New Jersey**, and **Carless Jones v. United States**. Requiring a new trial and/or a new resentencing hearing.

Movant was denied effective assistance of counsel at trial, sentencing and on appeal. The errors committed by counsel fell outside the range of professionally acceptable performance and there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

Finally, a Pro-se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers; if the court can reasonably read pleadings to state a valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigant's unfamiliarity with pleadings requirements. **Haines v. Kerner**, 404 U.S.519,520-521(1972); see **United States v. Brown**, 117 F.3d 471,475(11th Cir.1997)("Under well settled principles in this circuit, pro-se applications for post-conviction relief are to be liberally construed.").

-32-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was mailed
this 3RD day of OCT ,to the United States Attorney,99 N.E.4th
Street, Miami,Florida 33132.

Lavon Heath

FILED
Oct. 3, 2000

-33-

Attachment 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. <u>00-8925-CIV-ROETTGER/SORRENTINO</u>
<u>(90-8065-CR-ROETTGER)</u>

LAVON HEATH,                    )
                                )
          Movant,               )
                                )    **MOVANT'S TRAVERSE TO GOVERMENT'S**
v.                              )    **RESPONSE TO MOVANT'S MOTION TO**
                                )    **VACATE, SET ASIDE OR CORRECT**
UNITED STATES OF AMERICA,        )    **SENTENCE, PURSUANT TO 28 U.S.C.**
                                )    **§2255**
          Respondent.           )
                                )
                                )
_____ )


    **COMES NOW**, LAVON HEATH, Movant, pro-se, and hereby submits the foregoing Traverse to the Government's Response to Movant's §2255 Motion, and states:

## 1. <u>The Government Failed To Comply With 18 U.S.C.§2518(8)(a)</u>

    The Government fails miserably to address the real issue of Movant's argument of the government's failure to comply the mandate of 2518(8)(a). The Government avers that Movant's claim is unsupported and Movant has not shown cause and prejudice (Government's Response pp.4-5). Movant will address each of the Government's contentions, and this Court will find that evidence was inadmissible and it is reasonably certain that outcome would have been different, and Movant was denied his Sixth Amendment right to a fair trial and deserves relief under §2255.

    Since the Government has yet to present clear and convincing evidence in its argument, through authenticated records or other competent evidence, reflecting exactly when the tapes were sealed, if indeed they were ever sealed at all. The Government by its own

words had failed to comply with the plain language of the statute. Which decrees that the "presence of the seal...<u>shall</u> be a prerequisite" for the use or disclosure of wiretap evidence. See 18 U.S.C.§2518(8)(a). Recently, the Eleventh Circuit Court of Appeals in **<u>Jones v. United States</u>**, 224 F.3d 1251(2000), emphatically held that the "...government could not use wiretap evidence unless it could show either prompt sealing of tapes or a reasonable excuse for not doing so." **Id** at 1254 n.7.

Indeed, the Government is completely mistaken in its belief that it "was not required under these circumstances to present evidence regarding compliance with the sealing requirement for the wiretap tapes." (Government's Response p.4). Then the Government concludes with an outlandish excuse by stating "...no conclusion can be drawn from the non-presentation of such evidence at or before trial." (Government's Response p.4). Contrary to the Government, it is the Movant's position that many different conclusions could be drawn from the Government's failure for the mandatory presentation of §2518(8)(a) requirements before using or disclosing such evidence at Movant's trial. Examples of the many conclusions are the tapes could have been sealed but not immediately, or the tapes may have been never sealed according to law, or the Government had no satisfactory explanation for the delay or absence of the seal. Thus, these questions are obvious and this Court must disregard the Government's feeble attempt to distort the importance and seriousness for its failure to adhere to §2518(8)(a), scrupulously.

Furthermore, Congress inserted, in rather plain and austere language, the mandatory requirement that due compliance with the sealing requirements "<u>shall</u> be a prerequisite for the use or disclosure of

-2-

of the contents of any wire or oral communications or evidence derived

therefrom..." 18 U.S.C.§2518(8)(a)(emphasis added). The wording is

crystal clear. It leaves no room to waffle. It was, therefore,

unequivocally mandated for the Government to present this seal or

a satisfactory explanation. It took no special "circumstances", contrary

to the Government's assertion, for the Government to initiate a proffer

of evidence as to the tapes being sealed. The law required this.

The Government relies exclusively, for support for its bare

conclusion that the tapes were somehow sealed, on the Assistant State

Attorney who supervised the state wiretap in an unrelated hearing.

The testimony that the government offers to the Court of this Attorney is

in no way conclusive. Indeed, this testimony only calls for further

inquiry as to the tapes ever being sealed. The testimony does not

in very least way answers the questions mentioned above and its not

tantamount to proof of sealing.

Also, the Government contends that Movant has procedurally defaulted

this claim, non-compliance with §2518(8)(a), by failing to raise

this issue at trial or on direct appeal. This contention is frivolous.

Movant has shown "cause" for failing to raise this issue where the

prosecution witheld this information. Indeed, the Supreme Court in

**Strickler v. Greene**, 144 L.Ed.2d 286,306(1999),held that a petitioner

establishes cause for failing to raise a claim when the "prosecution

witheld exculpatory evidence; petitioner reasonably relied on the

prosecution's open file policy as fulfilling the prosecution's duty

to disclose such evidence; the state confirmed the accused's reliance

on the open file policy by asserting during state habeas corpus

proceedings that the accused had already received everything known

to the government; because the evidence was in the hands of the state,

-3-

the accused could not conduct a reasonable and diligent investigation so as to underline preclude a finding of procedural default."**Id.** In the instant case, Movant filed a motion for discovery of moving papers involving this wiretap. The Government did not disclose anything that came close to documents or records showing that the sealing requirements of state and federal law being complied with. Indeed, irrespective of whether or not counsel for Movant had a duty to advance this claim for which he had no evidentiary support.**Id.** "The presumption, well established by 'tradition and experience' that prosecutors have fully 'discharged their official duties', is inconsistent with the novel suggestion that conscientious defense counsel have a procedural obligation to assert constitutional error on the basis of mere suspicion that some prosecutorial misstep may have occurred." **Id** at 305. Along with the Supreme Court's holding in **Strickler** and the plain language of §2518(8)(a), it is obvious that the government had a procedural obligation to assert that it complied with the sealing requirements. Thus, it is clear that the Movant has shown "cause" for failure to raise this claim because of governmental interference and/or misconduct preventing Movant from raising the claim in a timely fashion.

Finally, the Government's contention that prejudice has not been shown is obviously an attempt to delude the Court. It is beyond peradventure that had the evidence been excluded "there is a reasonable probability" that result would have been different. Furthermore, the procedural obligation that the Government had under §2518(8)(a) before communications and derivative evidence could have been disclosed at Movant's trial was a procedural right to which the law entitled Movant rendering the "result of the trial unreliable and the proceeding

-4-

fundamentally unfair." <u>Lockhart v. Fretwell</u>, 122 L.Ed.2d 180,191(1993).

### 2. The Government Had A Duty Under Brady To Disclose Its Failure To Comply With §2518(8)(a)

The Prosecutor plays a special role in the search for the truth in criminal trials. See <u>Strickler v. Greene</u>, 144 L.Ed.2d 286(1999). "The United States Attorney is the representive not of an ordinary party to controversy, but of an sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." <u>Berger v. United States</u>, 79 L.Ed.2d 1314(1935).

Consonant with the special role the American prosecutor plays, the Supreme Court in <u>Brady v. Maryland</u> held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment irrespective of the good faith or bad faith of the prosecution." 10 L.Ed.2d 215(1963). Since **Brady**, the Court has held "[i]f there is a duty to respond to a general request of that kind, it must derive from the obviously exculpatory <u>character of certain evidence in the hands of the prosecutor</u>." <u>United States v. Agurs</u>, 49 L.Ed.2d 342,351(1976)(emphasis added).

The Government's contention "that **Brady** and its progeny does [not] extend to evidence that does not tend exculpate a defendant or cast doubt on the credibility of evidence inculpating a defendant ..." is utterly untrue. (Government's Response p.6). The Government's characterization of the information witheld as exclusively inculpatory, not exculpatory, and even a technical basis for exculsion of reliable evidence, is flatly contradicted by Supreme Court precedent and

-5-

and the requirements of §2518(8)(a). See **United States v. Ojeda Rios**, 109 L.Ed.2d 224,234(1990)("The primary thrust of §2518(8)(a), see S Rep No. 1097, 90th Cong, 2d Sess,105(1968), and a congressional purpose embodied in Title III in general, see, e.g., **United States v. Giordano**, 416 U.S. 505,515,40 L.Ed.2d 341,94 S.Ct.1820(1974),is to ensure the reliability and integrity of evidence by means of electronic surveillance.")

In **Kyles v. Whitley**, the Court explained that information which might "have raised opportunities to attack...the thoroughness and even the good faith of the investigation..." constitutes exculpatory, material evidence. 131 L.Ed.2d at 511-12; cf. **Bowe v. Maynard**, 799 F.2d 593(10th Cir.1986)("A common trial tactic of defense lawyers is to discredit the caliber of the investigation...and we may consider such evidence in assessing a possible **Brady** violation."). Movant's trial counsel had a right to plan his trial strategy on the basis of a full disclosure by the Government even though the information witheld may seem inculpatory on its face in no way eliminates or diminishes the Government's duty to disclose evidence of a flawed police investigation. See **Kyles v. Whitley**, supra. The Court also noted that "[w]hen, for example,the probative force of evidence depends on the circumstances in which it was obtained and those circumstances raise the possibility of fraud, indications of conscientious police work will enhance probative force and sovenly work will diminish it." **Id** at 513-14 n.15.

Moreover, subsection 2518(8)(a) has a disclosure requirement similar to that of the **Brady** requirements."The statute contains 'an explicit exculsionary remedy for noncompliance,' providing that 'the presence of the seal...or a satisfactory explanation for the

absence thereof, shall be a prerequisite for the use or disclosure

of the contents of the recordings, or evidence derived therefrom,

in a proceeding." **Jones**, supra at 1256(quoting **United States v.**

**Ojeda Rios**, 109 L.Ed.2d 224,232(1990)). The plain language of §2518

(8)(a) grants Movant a procedural safeguard and prevents the government

from arbitrarily determining whether or not the tapes were sealed

according to the law. Indeed, this subsection requires the Due

Process of Law, i.e., notice and/or a hearing of whether one of

the two criterias are satisfied before evidence is admissible.

As an experienced Assistant United States Attorney it is reasonable

to assume that he conducted research of the law relating to its

admissibility, evidence that was important to his case. Failure

to have a basic understanding of the Wiretap Act can lead to serious

consequences i.e., suppression. Indeed, no other reasonable attorney

would have risked the exclusion of the tapes without personally

checking the law. When the Assistant State Attorney supervising

the wiretap testified at this unrelated hearing that testimony

alone raised a "red flag" to warn not only Movant's trial counsel,

but the government as well. The indefiniteness of the Assistant

State Attorney's testimony precluded anyone from determining anything

about when the tapes were actually sealed. It was the duty of the

Government to inquire into the procedure for sealing. Because this

case so aptly demonstrates compliance by the Government with §2518(8)(a)

would have avoided this considerable degree of uncertainty.

Finally, the Government contends that the issue is moot because

of the testimony of Assistant State Attorney indicates that the

recordings were sealed according to state law. This contention

is implausible and absurd. This testimony neither conclusively

-7-

reflects whether the tapes were immediately sealed, if so, when, or that these particular tapes were ever sealed at all. The Government contends that this testimony standing alone is ample evidence to create the presumption that the sealing requirements were met. The Government contention is disingenuous and contrary to the law. There is nothing in the record which suggest that the recordings were made available to the state court judge or that the recordings were sealed under the court's directions. Simply put, relying on some unrelated testimony in another matter does not satisfy the requirements of §2518(8)(a)'s explicit command requiring the "presence of a seal..." See **Jones** supra at 1256 n.11(recognizing that record <u>indicates</u> the tapes were sealed no earlier than thirty-one days after termination; "<u>but there is currently no evidence in the district court record that the tapes were ever judicially sealed at all.</u>") (emphasis added). Indeed, in the instant case, as in **Jones**, there is currently no evidence that the tapes were ever sealed. Thus, the Government has not met its burden that the tapes were sealed according to state or federal law. Assuming the Court accept this inconclusive evidence presented by the government. Movant suggest that the Court conduct further inquiry into these inadequate facts by ordering the Government to produce additional relevant facts and records.

### Movant Is Entitled To A Sentence Based On APPRENDI

Moavnt has fully discussed the law for relief in the initial §2255 Motion and will rely on the argument set forth in **Ground II**.

## A. Movant Was Denied The Effective
## Assistance Of Trial And Appellate Counsel

The Government contends that Movant's trial counsel was not ineffective for failing to move to suppress the wiretap evidence because of an unsupported allegation that the original wiretap recordings were not sealed in conformance with the law (Government's Response pp. 18-21).

First, the Government fails to recognize that Movant contended that counsel did not object to the admissibility of the same evidence thereof, at trial (Movant's §2255 Motion, p.26). This specific error of trial counsel's performance during trial, regarding an objection on these grounds, reflects that trial counsel neither conducted a reasonable investigation into the merits of such a motion or an objection, or whether he made a reasonable decision that such an investigation was unnecessary. **Strickland v. Washington**, 80 L.Ed.2d 674,695(1984). Trial counsel was well aware of the the fact that the only viable defense Movant had in this case was that the evidence was illegally obtained. Indeed, trial counsel failure to move to suppress or object on this specific ground was not "sound trial strategy". **Id.**

The Government correctly notes, and Movant acknowledges, "... constitutionally acceptable performance is not narrowly defined, but rather encompasses a 'wide range'." (Government's Response, p.17)(quoting **Waters v. Thomas**, 46 F.3d 1506,1511(11th Cir.), cert. denied 516 U.S. 85(1995)). Movant'strial counsel's performance was outside this "wide range" of acceptability under **Strickland**. No other reasonable attorney would have acted as Movant's trial counsel did in these circumstances of this trial. "No competent defense attorney would have gone to trial without first formulating

-9-

an overall strategy." **Welsh S. White, Effective Assistance Of Counsel In Capital Cases: The Evolving Standard Of Care**, 1993 U.Ill.L.Rev. 323,356(1993).

In the instant case, the objective of the defense was to contest the admissibility of all incriminating evidence, i.e.,tape conversations, derivative evidence, and evidence seized in violation of Movant's Fourth Amendment rights. No other defense was plausible. The defense could not have possibly convinced a jury, with this tangible evidence, that Movant had not committed the offenses charged in the indictment, because the evidence was overwhelming. Thus, the strategy that was plausible was for trial counsel to conduct a meaningful and a reasonable investigation into all relevant facts of Movant's rights (statutory and constitutional) being violated or make a reasonable decision that such an investigation was unnecessary. Indeed, it is clearly evident that no such reasonable investigation or inquiry into all facts was made by trial counsel as to the admissibility of the evidence gathered pursuant to the state wiretap. This is so, because trial counsel filed a motion pertaining to possible violations of state law, only to be found by Magistrate Judge Laurana Snow to be "...conclusory allegations which this Court need not consider." **Report and Recommendation of Magistrate Laurana Snow**, p.3 (March 18,1991). See Exhibit 1. This shows that trial counsel did not even conduct a minimal investigation into the statute's requirements or case law interpretating the relevant statute. A minimal summary review by trial counsel of the Wiretap Act, specifically §2518(8)(a), would have alerted counsel that this subsection of the statute provides for disclosure and use of the intercepted conversations under very specific circumstances.

-10-

Also, the Government's contention that Movant's allegations is unsupported is utterly absurd. The subsection of 2518(8)(a) does not require that a defendant produce records or evidence before the contents of the wiretap can be lawfully admitted in a trial. It is the duty of the government by the plain language of the statute. The Government would have this Court to deprecate the importance of the sealing requirement and reduce the requirements of §2518(8)(a) to precatory entreaty. See **United States v. Quintero**, 38 F.3d 1317, 1325(3rd Cir.1994)(Concluding that after the decision in **Ojeda Rios**; "...In the absence of a timely sealing, the Court interpreted the statute to require that the government supply a satisfactory explanation for its failure to comply with the statute..."). The Government cannot shift its burden on Movant by contending that Movant does not support the allegation. The only support that Movant need and has relied on from day one, is the statute itself and the Supreme Court ruling interpreting this statute, in which the Eleventh Circuit Court of Appeals followed in **Jones**.

Furthermore, the wiretap authorization order, and Movant concedes, specifically set forth the requisite sealing procedure. But this does not mean that the state authorities complied with judge's order. Neither does the testimony of ASA supervising the wiretap conclusively reveal that the tapes were judicially sealed, even less, immediately sealed as required by law. To reiterate, many conclusions can be drawn from the ASA's testimony. For instance, the tapes could have been sealed when Jose Martin destroyed his celluar phone on May 03,1990, before the order expired on May 17,1990.[1] Second the tapes

---

1. Argubably, the order could have expired on May 24,1990, because of the amended order being issued on April 24,1990.

could have sealed at the end of this entire investigation had concluded because there were numerous wiretap orders, other than Jose Martin celluar phone, issued in the instant case which the investigation concluded in the later part of July 1990. Finally, ASA's testimony could be characterized as the tapes being sealed at the conclusion of the entire investigation but not immediately **or not at all.** Thus, the question remains as to precisely when the tapes were presented for sealing from the vague proffer the government has presented to the Court. In short, it is the Government's allegation, ASA's testimony, that is unsupported with direct evidence. And is without a doubt, "bare and conclusory" requiring a hearing and/or further considerations. (Government's Response, p.20). All things considered, the Government has not shown by clear and convincing evidence that the tapes were sealed according to state or federal law. And this Court should should, agree. Accordingly, the presumption that the tapes were sealed in accordance with the law, which the Government vigorously asserts, is clearly susceptible to many different conclusions.

Additionally, the Government is correct that no evidence has been shown to the contrary that there had been any noncompliance with the sealing requirements, by Movant. Significantly,there is no documentary records or evidence supporting the Government's theory that the tapes were sealed. This should have given trial counsel every conceivable reason to conduct and investigation and/or inquiry into this matter, contrary to the Government's position, that counsel had no reason to believe that there had been any noncompliance. As to the testimony of the ASA, this should have definitely raised a "red flag" as to alert trial counsel of whether or not the tapes

-12-

were actually sealed because of such vague statements. Trial counsel's performance was deficient and prejudice has resulted in that the proceeding would have been different had counsel conducted a reasonable investigation into merits of such such a motion and/or an objection. **Strickland**, 80 L.Ed.2d at 695.

Finally, the Eleventh Circuit court of Appeals has recently decided this identical issue in **Jones v. United States**, 224 F.3d 1251(2000), when the Court held that counsel's "fail[ure] to argue for suppression in light of the thirty-one day delay in sealing the tapes fell below 'objective standard of reasonableness.'"**Id** at 1257(quoting **Strickland**, 466 U.S. at 688). Indeed, the Court recognized that "'the presence of the seal...or a satisfactory explanation for the absence thereof shall be a prerequisite for the use or disclosure of the contents' of the recordings, or evidence derived therefrom, in a proceeding."**Id** at 1256(quoting **Ojeda Rios**, 109 L.Ed.2d 224(1990)). Indeed, although"**Jones** provided the Court with a transcript of the state court proceedings in which a Cobb County Judge agreed to receive the tapes and seal them,"[2] the Court was quick to point out the fact that "...there is currently no evidence in the district court record that the tapes were ever judicially sealed at all."**Id** at 1256 n.11. In the case, as in **Jones**, there is absolutely no evidence that the tapes were ever sealed judicially sealed. The Court remanded to the district court to determine whether

---

2. In the instant case, that is even more telling than the **Jones** case, Movant has tried on several unsuccessful petitions to obtain the records or documents in this Court on November 03,2000,only to be denied. And on October 27, 1999, petitioned the Circuit Judge who issued the wiretap, Walter Colbath, only to receive no response. So, movant can only assume that these records did not exist because the state failed to seal the tapes.

"the wiretap evidence was crucial to **Jones's** conviction, the district court must then determine whether the government had a 'satisfactory explanation' for the thirty-one day delay in sealing the tapes, <u>if indeed they were ever sealed</u>...if the government cannot establish a satisfactory reason for the delay, and it is reasonably certain the outcome of **Jones's** case would have been different if wiretap evidence were suppressed, **Jones** was deprived of his Sixth Amendment right to a fair trial and deserves relief under 28 U.S.C.§2255." **Id** at 1258(citations omitted).

As this Court can see, although **Jones** presented to the Court documentary evidence(the transcripts) suggesting the tapes may have been sealed on the thirty-first day. The Court of Appeals did not attach the slightest "presumption" to this evidence that the tapes were actually sealed, to the contrary the Court succinctly stated the tapes may have never been judicially sealed for a lack of a record. Therefore, it is unfounded that the Government would ask this Court to attach a "presumption" to the testimony of the ASA, as to the recordings actually being sealed in this case. Accordingly, **Jones** is indistinguishable, in all respects, to that of Movant's case. Movant was denied his Sixth Amendment right to a fair trial and relief is warranted under 28 U.S.C.§2255.

### B.  Movant's Claim Is Unrelated To Any Issue Presented At Trial Or Appeal

The Government wilfully ignores Movant's argument that the state and federal authorities misconduct was outrageous and they committed fraud upon the state judicial system. And the federal courts should not have become accomplices in the willful disobedience of the law. That was and is the issue.

It is clear from the issue raised by Movant, and the Government conveniently neglects to mention, is that a false affidavit impeded

-14-

the administration of justice. That alone deprived Movant of his
constitutional and statutory rights. Indeed, Movant was unduly
prejudiced by such egregious misconduct as evidenced by the lack
of any documentation revealing when the tape recordings were sealed.
This deception prevented retained counsel to exercise any of the
rights granted to Movant under the Florida Wiretap Statute. In specific,
retained counsel would have attempted, at the earliest possible
moment, to obtain all applications, orders, and documentation of
the sealing requirements, if they were sealed at all.

Movant's Sixth Amendment and Statutory rights(F.S.S.934.09)
were circumvented by this perjury and obstruction of justice in
this state court proceeding. Since the federal courts should not
become a party to such misconduct the indictment in the instant
case should have been dismissed. Indeed, to preserve the federal
court's integrity and the public confidence in the federal judicial
system. This encourages state and federal law enforcement officials
to offend the integrity of the state judicial system wilfully because
it will have the federal court as an open door to whatever violations
that may occur. Accordingly, Movant's issue is totally unrelated
to any other issue raised previously. Indeed, to reiterate, this
federal court should not become an accomplice to such misconduct.
See **Elkins v. United States**, 364 U.S. 206(1960); **McNabb v. United
States**, 318 U.S. 332(1943). The indictment should be dismissed.

### C.  Trial Counsel Was Ineffective For Failing To
### Advise Movant Of Fed. Rule Crim. P. Rule 11(a)(2)

Contrary to the Government, Rule 11(a)(2) allows for a defendant
to plead guilty with the approval of the court. The government seems
to suggest that without its consent the rule is inapplicable to
a defendant willing to plead guilty. To the contrary, the district
court had the authority

court had the only authority to grant a conditional plea with or without the Government's consent.

The Government wilfully ignores the fact that had trial counsel advised Movant of the Rule's implications. Movant would have advised trial counsel to pursue a plea of that nature. And if Government did not agree, as it states that it would not have, this matter could have been brought to Honorable District Judge Roettger. This would have allowed Judge Roettger the opportunity to understand Movant's position before trial and not after. Then Judge Roettger would have all these facts under consideration that Movant offered to plead guilty, but the Government did not consent, and that would have reflected that Movant is not contesting the "factual elements guilt" in considering the acceptance of responsibility. Because Judge Roettger explicitly relied on other fact that a Movant proceeded to trial and the untimeliness in manifesting in accepting responsibility.

Therefore, trial counsel's ineffectiveness deprived Movant of an understanding of the law and a two or three level reduction under the Sentencing Guidelines. Had counsel acted reasonably under these circumstances at least Judge Roettger would been made aware of Movant's attepmt to plead guilty and reasons why such a plea has or did not go through. Movant's sentence would have been less than what it is now, without a doubt. See **United States v. Day**, 969 F.2d 39,43(3rd Cir.1992)("Because the Sentencing Guidelines have become a critical, and in many cases, dominant facet of federal criminal proceedings, we can say, however, that familiarity with the structure and basic content of the Guidelines(including the definition and implications of career offender status) has become a necessity for counsel who seek to give effective representation.")(footnote omitted); **Boria**

-16-

**v. Keane**, 83 F.3d 83 (2nd Cir.1996); **Johnson v. Duckworth**, 793 F.2d 898 (7th Cir.1986).

D. **Movant Is Entitled To The Deduction In Criminal History Score**

The government correctly notes that The District Court considered the sentencing objections to the criminal history computation at resentencing and the Eleventh Circuit refused on procedural grounds, not the merits. But the Government mischaracterizes the role of the District Court's consideration of the issue. Although the Court considered the issue and denied it on the merits. Movant has a right to appeal any adverse findings.

Indeed, in this American system of justice the district courts is a fact-finding court. The appellate courts are reviewing courts. Once the district court makes an adverse decision a defendant has a constitutional right to have the issue reviewed on the merits by the appropriate appeals court. It is then, clearly evident the district courts are not final decisionmakers.

The three criminal history points should not have been counted pursuant to U.S.S.G.§§4A1.2(c) and (d) because the one year sentence of probation was a diversionary disposition pursuant to U.S.S.G.§4A1.2 (a) and (f). Had trial counsel and appellate counsel raised this issue at Movant's original sentencing and on appeal there would have been a complete review by the Eleventh Circuit on the merits. Even though this issue was resolved by the district court at resentencing, it was not final.

On appeal, contrary to the Government, movant would have prevailed on appeal. More importantly, the Movant prevailed on appeal before because of an erroneous ruling so there is no certainty that Movant

-17-

would not have prevailed. It was for the Eleventh Circuit to decide this and trial and appellate counsel denied Movant this review in failing to bring up initially. The law is rather clear, no defendant can be sentenced on unreliable or questionable information. See **Townsed v. Burke**, 334 U.S.736(1948)(due process right to be sentenced on only information that is accurate). the district court, contrary to the evidence presented, held that there was a clerical error and there's no way a defendant can be sentenced to a probationary period without a finding of guilt. Had trial and appellate counsel raised the issue at sentencing and on the initial appeal the outcome would have been different. This is because the Supreme Court in **Townsend** precludes questionable or inaccurate information to be used to sentence a defendant. And the Eleventh Circuit would have followed this precedent of the Supreme Court in reviewing Movant's direct appeal on this issue. Accordingly, Movant was denied the effective assistance of counsel guaranteed by the Sixth Amendment of the Constitution.

### E.  Movant Is Entitled To The Acceptance of Responsibility

The Government asks this Court to find that appellate counsel was not ineffective because Movant cannot show that the Appeals Court would have granted such relief. The decisions of the Eleventh Circuit are clear a [c]onviction by trial, however, does not automatically preclude a defendant from consideration for such reduction." **United States v. Wilson**, WL 606923(11th Cir.1999); **United States v. Wright**, 117 F.3d 1265,1275(11th Cir.1997)

The District Court clearly denied Movant the acceptance of responsibility because Movant exercised his right to trial. In

-18-

open court at the resentencing hearing the Judge stated that he
does not give the reduction to defendants who have proceeded trial.
This alone would have given reason for the Eleventh Circuit to
review the merits of this issue. And the Court of Appeals would
have found that it was clearly erroneous for the district court
to deny the reduction solely because Movant proceeded to trial.
Accordingly, had counsel raised this issue on Movant's initial
appeal there is reasonable probability the Appeals Court would
have reversed the district court's decision denying the acceptance
of responsibility. Thus, Movant was prejudiced by the failure of
appellate counsel's deficient performance.

### CONCLUSION

For the foregoing reasons, Movant'a Motion To Vacate, Set Aside,
Or Correct Sentence pursuant to 28 U.S.C.§2255 should be granted.


Respectfully submitted,

LAVON HEATH, pro-se
27989-004
P.O. Box 7007
Federal Correctional Inst.
Marianna, Florida 32447-7007

-19-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading was mailed this 9th day of July, 2001, to: AUSA Thomas O'Malley, 500 East Broward Boulevard, Suite 700, Ft. Laderdale, Florida 33394

Attachment 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-8925-CIV-ROETTGER/SORRENTINO
### (90-8065-CR-ROETTGER)

| | | |
|---|---|---|
| LAVON HEATH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| | ) | **IN SUPPORT OF MOTION FILED** |
| UNITED STATES OF AMERICA, | ) | **PURSUANT TO 28 U.S.C.§2255** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**COMES NOW**, Movant, **LAVON HEATH**, pro-se, interposing **Haines v. Kerner**, 404 U.S. 519,520(1972)(per curiam), respectfully notifies this Court of the following supplemental authority in support of Grounds I(one), II(two), and IV(four) of Movant's Motion filed pursuant to 28 U.S.C.§2255 on October 12,2000:

> **Jones v. United States**, 224 F.3d 1251(11th Cir.2000)
> (defense attorney's performance fell below objective
> standard of reasonableness, for Sixth Amendment
> purposes, when attorney failed to argue for
> suppression of wiretap evidence despite government's
> delay of at least 31 days in sealing such evidence;
> and defendant need not show prejudice to obtain
> suppression; government could not use wiretap evidence
> <u>unless</u> it could show either prompt sealing of tapes
> <u>or</u> a reasonable excuse for not doing; <u>and there is
> currently no evidence in the district court record
> that the tapes were ever judicially sealed at all</u>).

In addition, the Movant notes that the record must reflect that there is currently no evidence in the District Court records that the tapes were ever judicially sealed. It is Movant's position that, as result of the government's failure to produce either of the requirements of §2518(8)(a) the presence of a seal or a reasonable excuse before disclosing this evidence in any proceeding, the government is now precluded from presenting any excuse for a delay in sealing the tapes, if indeed they were ever sealed. After the decision in **United States v. Ojeda Rios**, 109 L.Ed.2d 224(1990), the law of the Eleventh Circuit had been overruled and its holding applied to Movant's case. So, at the time of Movant's trial the government was under compulsion to explicate and prove its satisfactory explanation _before_ trial or the evidence of the seal provided for by that subsection. Thus, §2518(8)(a) grants the government no authority to proffer a post-conviction explanation and **Ojeda Rios** precludes the district courts from permitting the offer of a post-conviction explanation for the sealing delay. **Ojeda Rios**, at 237 (Justice O'Conner, joined by Justice Blackmun,adding a concurring opinion to drive the point home in which they emphasized that a post-hoc explanation cannot be considered a satisfactory one).

Moreover, Movant will be prejudiced because the passage of time and the concomitant fading of memories will not only present the risk of obscuring the true reason for a delay, if indeed they were ever sealed, but it gives the government an opportunity to temper its explanations according to the dictates of **Ojeda Rios** and **Jones**. Accordingly, since the government failed to explicate a satisfactory explanation for the sealing delay, if indeed the tapes were ever

-2-

sealed, and the lack of evidence (authenticated records or other comparable evidence) as to the presence of a seal attached to these tapes, before trial along with the Supreme Court's holding in **Ojeda Rios** and 2518(8)(a)'s express requirements precluding an offer of a post-conviction explanation. Movant's conviction is in violation of the "Laws of the United States", Movant's conviction and sentence must be vacated and released immediately or a evidentiary hearing in which the government proves to this Court by clear and convincing evidence that a seal was obtained, and immediately as required by the statute.[1]

For all of the foregoing reasons, the Movant respectfully request that this Court vacate conviction and sentence order immediate release and grant any other relief this Court finds appropriate.

**Respectfully submitted,**

*Lavon Heath* 7/09/01
LAVON HEATH, pro-se
27989-004
P.O. Box 7007
Federal Correctional Inst.
Marianna, Florida 32447-7007

---

[1] Assuming arguendo that this Court deems that this position is not sufficiently alleged in the Movant's Section 2255 motion, the Movant hereby request permission to amend/supplement Section 2255 motion to raise such a claim. Rule 15(a) of the Federal Rules of Civil Procedure dictates that leave to be freely given "when justice so requires." In addition, Rule 15(d) authorizes the Court to permit a party "upon terms that are just" to file "supplemental pleadings setting forth...occurences or events which have happened since the date of the pleading sought to supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading was mailed this 9th day of July, 2001, to: AUSA Thomas O'Malley, 500 East broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33394.

Attachment 3a
*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. <u>00-8925-CIV-ROETTGER/SORRENTINO</u>
<u>(90-8065-CR-ROETTGER</u>

LAVON HEATH,                          )
                                      )
           Movant,                    )
                                      )
v.                                    )   **NOTICE OF SUPPLEMENTAL AUTHORITY**
                                      )   **IN SUPPORT OF TRAVERSE MOTION**
UNITED STATES OF AMERICA,             )   <u>**FILED PURSUANT TO 28 U.S.C.§2255**</u>
                                      )
           Respondent.                )
                                      )
                                      )
_____ )

     The Movant, LAVON HEATH, pro-se, respectfully notifies this

Court of the following supplemental authority in support of Ground

I,II,and IV of Movant's Traverse to Government's Response filed

pursuant to 28 U.S.C.§2255 on July 09,2001:

     "We are mindful of differences between §2518(8)(a)

     suppression motions and traditional search and seizures

     suppression motions. First, the onus is on the government

     to provide a "satisfactory explanation" for [the absence

     of a judicial seal] in §2518(8)(a) cases...The statute

     does not require the defendant to prove the lack of

     any plausible explanation.

        We also note that in a motion to suppress under

     §2518(8)(a), the relevant facts are within the exclusive

     knowledge of the government, i.e., how the tapes'

     integrity was insured and [when exactly the tapes

     were judicially sealed]. The defendant will often have

     difficulty submitting affidavits to contest the government's

assertions. cf. **United States v. Orozco**, 630 F.Supp.

1418,1538(S.D.Cal. 1986)(defendant handicapped where

he must make showing without access to pertinent

information on minimization claim under §2518(5)).

We are confident, however, that **Pedroni** was not

so handicapped in this case, and that courts in

future cases will be able to identify situations

where defendants are unfairly disadvantaged."

**United States v. Pedroni**, 958 F.2d. 262,267 n.6

(9th Cir.1992).

   In addition, it is well established,"...tapes made pursuant

to Title III may not be admitted in evidence without 'the seal

provided for by §2518(8)(a), or satisfactory explanation for the

absence thereof'." **United States v. Scopo**, 861 F.2d 339,347(2nd

Cir.1988).[1] Thus, the failure of Movant to support his claim with

the relevant facts does not dispose of Movant's claim, as the

Government asserts. "The statute imposes an affirmative responsibility

on the government." **United States v. McGrath**, 622 F.2d at 43(2nd

Cir.1979). Therefore, it is abundantly clear that the Government

---

   1. Assuming arguendo that this Court deems that this position
is not sufficiently alleged in the Movant's Traverse motion,
Movant hereby requests permission to amend/supplement his Traverse
motion to raise such a claim. Rule 15(a) of the Federal Rules
of Civil Procedure dictates that leave to amend be freely given
"when justice so requires." In addition, Rule 15(d) authorizes
the Court to permit a party "upon terms that are just" to file
"supplemental pleadings setting forth...occurrences or events
which have happened since the date of the pleading sought to be
supplemented. Permission may be granted even though the original
pleading is defective in its statement of a claim for relief or
defense".

-2-

violated the statute for the lack of the requisite judicial seal before the tapes can be admitted into evidence.

More importantly, "[n]othing in the trial court record shows that the tapes from the tapped phone conversations were sealed pursuant to a written sealing order." **Jones v. United States**, 224 F.3d 1251,1253(11th Cir.2000). This Court should not be convinced by the Government that the sealing requirements were complied with in this instant case without evidence to support its contention. The Government relies exclusively on the extremely cursory statements of the Assistant State Attorney supervising the wiretap made in an unrelated hearing for its only support. Not only is this testimony inconclusive on its face, but is also contrary to the purpose and intent of §2518(8)(a). cf. **United States v. Ojeda Rios**, 109 L.Ed.2d 224,234(1990).

Indeed, even with the lack of a factual record the Government insists that this Court deny "a hearing or further consideration[s]" of Movant's claim. (Government's Response p.20). Contrary to the Government, the resolution of this matter is best served by the light of hearing, not the darkness of an assumption on an extremely cursory statement. As the history of this instant case demonstrates, an evidetiary hearing is a good device to ensure that this Court's decision is based on fact, not supposition. This is so because the government has shown previously, in this instant case, a propensity for condoning false misrepresentations in order to save its case against some of the defendants. Specifically, the Government witheld favorable evidence for two years causing Judge Roettger to dismiss the Indictment against Travon Hines and Charles Moseley, for such misconduct. See **Exhibit (Trial Transcripts pp.972-**

-3-

1072). Such an act reflects on the        Government's credibility.
Thus, this Court should determine Movant's claim on fact and not
speculation of whether the failure of the Government to comply
with §2518(8)(a), was the result of guile or done intentionally
to prevent Movant from receiving a fair trial

Also, the Government's failure to show the presence of a seal
at trial has deprived the Movant, and the Court, of the opportunity
to determine with certainty whether the tapes were actually sealed
and on what exact date. This conduct by the Government has interfered
with the Movant's ability to present a defense and renders Movant's
burden of demonstrating prejudice extraordinarily difficult and
impossible. Furthermore, this Court "face[s] the treacherous task
of divining the import of materials whose contents are unknown
and, very often, disputed." **California v. Trombetta**, 467 U.S.
479,486(1984).

Indeed, §2518(8)(a) sets out, for an aggrieved person, an
adequate adversary procedures to ferret out such misconduct at
trial. The Government's failure to provide the required discovery
has "unfairly disadvantage" the Movant and denied the adversarial
procedure required under §2518(8)(a). **United States v. Pedroni**,
958 F.2d 262,267(9th Cir.1992). The Government had deliberately
ignored the statutory requirement and this evidence should have not
been admitted at the trial of Movant. The failure of Movant to
object on these grounds is the result of two causes,(1) an
inadequate opportunity to examine and develop the relevant facts
because of governmental interference and/or misconduct, and (2)
inadequate representation of counsel. Finally, contrary to the
Government's assertion, suggesting that the burden is on Movant,

-4-

the Government's failure to show prompt sealing before trial has rendered it impossible for Movant, and the Court, to determine with certainty whether the tapes were sealed promptly, or "were ever judicially sealed at all." **Jones**, supra at 1257. The Government's conduct, must, in this situation, tip the scale in favor of Movant's right to a fair trial.

Accordingly, on the record before the Court, the contested issues of fact and credibility as to the sealing requirements of §2518(8)(a) are in question. Therefore, an evidentiary hearing is proper to determine whether such evidence——if any——based on fact and not speculation "could reasonably be taken to put th[is] whole case in such a different light as to undermine confidence in the [outcome]"of Movant's trial. **Kyles v. Whitley**, 131 L.Ed.2d 490,506(1995)

Respectfully submitted,

*Lavon Heath* 7/20/01

LAVON HEATH, pro-se
27989-004
Federal Correctional Inst.
P.O. BOX 7007
Marianna, Florida 32447-7007

-5-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading was mailed this 20th day of July, 2001, to: AUSA Thomas O'Malley, 500 East Broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33394.

-6-

Attachment 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-8925-Civ-ROETTGER
(90-8065-Cr-ROETTGER)
MAGISTRATE JUDGE SORRENTINO

LAVON HEATH,                    :

          Movant,              :

v.                             :

UNITED STATES OF AMERICA       :          REPORT OF
                                       MAGISTRATE JUDGE
          Respondent.          :

                        Introduction

     Lavon Heath has filed a pro se motion to vacate pursuant to 28
U.S.C. §2255, attacking his convictions and sentences for
conspiracy to possess with intent to distribute crack cocaine and
related offenses entered on July 7, 1993 following a jury trial in
Case No. 90-8065-Cr-Roettger.


     This Cause has been referred to the undersigned for
consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and
Rules 8 and 10 of the Rules Governing Section 2255 Cases in the
United States District Courts.


     For its consideration of this motion (Cv-DE#1), amended motion

(Cv-DE#16), and notices of supplemental authority (Cv-DE#s18,20), the Court has the response of the government to an order to show cause with multiple exhibits (Cv-DE#15), the movant's reply (Cv-DE#19), the underlying criminal file, and the Presentence Investigation Report (PSI).

In his motion to vacate (Cv-DE#1), Heath raises four claims, essentially as follow:

    1.    The trial court erred in admitting wiretap recordings which allegedly were not sealed pursuant to 18 U.S.C. §2518(8)(a). (Cv-DE#1 at 11).

    2.    The government violated <u>Brady</u>[1] by failing to disclose that the wiretap recordings were not sealed in violation of 18 U.S.C. §2518(8)(a). (Cv-DE#1 at 13).

    3.    His convictions and sentences must be reversed based upon <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because the amount and type of drugs were not charged in the Superseding Indictment and proved beyond a reasonable doubt. (Cv-DE#1 at 16).

    4.    Ineffective assistance of counsel for failing to:

        a.    suppress the wiretap recordings because they were not sealed, in violation of 18 U.S.C. §2518(8)(a), (Cv-DE#1 at 26);

---

[1] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

     b.    file a pre-trial motion to dismiss the Superseding Indictment on the basis that information had not been learned through a confidential informant, as referenced in the search warrant, but in fact had been learned through wiretap recordings, (Cv-DE#1 at 27);

     c.    properly advise Heath on whether he should enter a conditional guilty plea pursuant to <u>Fed.R.Cr.P.</u> 11(a)(2) or proceed to trial, (Cv-DE#1 at 29);

     d.    challenge at sentencing and on appeal the enhancement in his sentence by the addition of three criminal history points for prior convictions where he had entered plea of not guilty after adjudication had been withheld, (Cv-DE#1 at 30); and,

     e.    challenge on appeal the court's denial of a reduction in his base offense level based on his acceptance of responsibility, (Cv-DE#1 at 31).

In his amended motion (Cv-DE#16), Heath raises an additional claim, essentially as follow:

     5.    Trial counsel failed to file a pre-trial motion to dismiss the Superseding Indictment on the basis that the government disclosed to the grand jury evidence intercepted by a state wiretap which had been obtained without securing a disclosure order as required by 18 U.S.C. §2517(5). (Cv-DE#16 at 1).

3

## Factual and Procedural History

The facts as revealed by the appellate opinion (Cr-DE#1156) are as follow. Lavon Heath's convictions stem from a crack cocaine and cocaine distribution operation in Palm Beach County, Florida from June 1, 1988 through June 14, 1990 involving Heath and nineteen codefendants.

On April 27, 1990, several calls were monitored between codefendant Martin and his cocaine supplier, Reinaldo Acosta. Acosta told Martin that he had six kilograms of cocaine available or a price of $23,500.00 per kilogram. Martin told Acosta that he would need to check with his "associate" before confirming a sale. Martin then called Lavon Heath and asked whether he was ready to purchase six kilograms of cocaine. At that time, Heath indicated that he would need to first count his money.

Later that same day, Codefendant Reinaldo Acosta went to his brother Carlos Acosta's apartment accompanied by codefendant Martin. Agents observed codefendant Martin leave Carlos Acosta's house carrying a blue bag, which allegedly contained cocaine. Martin drove to Heath's house, at which time Heath paid Martin

4

$144,000 for the cocaine. Martin placed the money in the bag, and returned to Carlos Acosta's apartment. Carlos Acosta was later observed leaving the apartment with the blue bag.

Carlos Acosta was stopped, and after he consented to a search, officers confiscated the blue bag containing the cash, but they released Acosta in order to preserve the secrecy of the wiretap. After Martin learned that Carlos Acosta had been stopped, he contacted codefendant Reinaldo Acosta, who told him that he suspected that Martin and Carlos were being watched.

Palm Beach Sheriff Deputy Marcos Martinez obtained a state warrant to search Heath's apartment. In the affidavit accompanying the state warrant application, Lake Worth Police Department Agent Ralph Brillinger stated that the information leading to the entry of Heath's apartment came from "a past reliable confidential informant," and did not reveal the wiretap of Martin's cellular phone. Agent Brillinger testified at the suppression hearing that that this was done in order to protect the secrecy of the wiretap and continue the investigation.

Assistant State Attorney Shepherd and Deputy Martinez testified at the suppression hearing that they verbally advised

5

Judge Carlisle, who issued the warrant that the past reliable confidential informant was actually an ongoing wiretap previously authorized by Judge Colbath. Judge Carlisle signed the warrant and Agent Martinez returned to search Heath's house. Thereafter Heath and three others were arrested.

Heath was charged in this Court by Superseding Indictment with conspiracy to manufacture and possess with intent to distribute crack cocaine (Count One); conspiracy to possess with intent to distribute cocaine and cocaine hydrochloride (Count Two); possession of cocaine hydrochloride with intent to manufacture crack cocaine (Count Thirteen); manufacture of crack cocaine (Count Fourteen); and possession with intent to distribute cocaine hydrochloride and crack cocaine (Count Fifteen). (Cr-DE#331). Following a jury trial, he was found guilty as charged. (Cr-DE#849).

On June 18, 1993, defense counsel filed objections to the PSI, objecting to numerous facts contained in the PSI. (Cr-DE#979). Heath was sentenced to five concurrent terms of 400 months imprisonment, followed by a five-year term of supervised release. (Cr-DE#1007).

6

Heath filed a direct appeal asserting that there was insufficient evidence to support his convictions. Heath further challenged the legality of the wiretap under Florida state law, as well as the search of the apartment on Fourth Amendment grounds; and questioned whether the trial court erred in enhancing his sentence based on his managerial role in the offenses.[2] On September 14, 1998, the Court of Appeals affirmed Heath's convictions, but remanded for resentencing, finding that the court erred when it enhanced Heath's sentence based on his managerial role in the offenses. United States v. Glinton, et al., 154 F.3d 1245 (11 Cir. 1998); (Cr-DE#1156). Heath's petition for certiorari review was denied on May 3, 1999. Heath v. United States, 526 U.S. 1104 (1999).

Pursuant to the appellate court's remand, the District Court conducted a resentencing hearing on April 30, 1999. On May 21, 1999, the District Court entered an order amending the previously entered Judgment and Commitment Order. (Cr-DE#1275). Heath's sentences were decreased from five concurrent terms of 400 months imprisonment to five concurrent terms of 292 months imprisonment, followed by five years of supervised release. In all other

---

[2]The issues raised by Heath on direct appeal are gleaned from the appellate opinion.

respects, the judgment remained in the same. (Id.).

Heath appealed his resentencing. (Cr-DE#1277). On January 26, 2000, the Court of Appeals affirmed his resentencing in a written, but unpublished opinion. United States v. Heath, 208 F.3d 1012 (11 Cir. 2000)(table); (Cr-DE#1290). The mandate issued on March 3, 2000. (Id.).

This motion to vacate was timely filed on October 3, 2000.[3]

Discussion

Claim One

Heath asserts that the trial court erred in admitting wiretap recordings which allegedly were not sealed pursuant to 18 U.S.C. §2518(8)(a). (Cv-DE#1 at 11). This claim should have been, but was not raised on direct appeal. In his traverse, Heath attempts to overcome the procedural bar by maintaining that the government did not disclose to him any records to demonstrate that the sealing requirements of the federal wiretap statute were not complied with.

---

[3]See: Adams v. United States, 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

Whether this claim is procedurally barred from review in this proceeding need not be decided, as it fails on the merits.

Title 18 U.S.C. §2518(8)(a) provides that:

> [t]he contents of any wire, oral, or electronic communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device.... Immediately upon the expiration of the period of the order, or extensions thereof, such records shall be made available to the judge issuing such order and sealed under his directions.... The presence of the seal provided by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence dervied therefrom...".

Florida courts have recognized that Congress has "preempted the field of the interception of wire communications under its power to regulate interstate communications," and that their standards for regulating wiretap warrants must be "at least as strict as those set forth in the federal act." State v. McGillicuddy, 342 So.2d 567, 568 (Fla. 2d DCA 1977). Florida Statute §939.09(8)(a),(b) mirrors the federal wiretap statute.

In this case, at a motion to suppress hearing, Assistant State Attorney Robert Louis Shepherd testified that he filed a ten-day

notice[4] in state court to **unseal** the state wire intercept so that it could be used in the federal prosecution. (Cv-DE#15 Ex.C at 185-189). Consequently, there is evidence of record to rebut the movant's conclusory allegation that the wiretaps were never sealed. This claim therefore lacks merit and warrants no further discussion.

Claim Two

Heath asserts that the government violated <u>Brady</u> by failing to disclose that the wiretap recordings were not sealed in violation of 18 U.S.C. §2518(8)(a). (Cv-DE#1 at 13). In <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Supreme Court established three criteria a criminal defendant must prove in order to establish a violation of due process resulting from the prosecution's withholding of evidence. Specifically, the defendant alleging a <u>Brady</u> violation must demonstrate (1) that the prosecution suppressed evidence, (2) that the evidence suppressed was favorable to the defendant or exculpatory, and (3) that the evidence suppressed was material. <u>United States v. Severdija</u>, 790 F.2d 1556, 1558 (11 Cir. 1986). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of

---

[4]In this case, a copy of the Ten-Day Notice filed in the state forum is attached to Government's Response to Standing Discovery Order. (Cr-DE#136).

the proceeding would have been different." <u>United States v. Stewart</u>, 820 F.2d 370, 374 (11 Cir. 1987), <u>quoting</u>, <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

Heath fails to meet the first prong for establishing a <u>Brady</u> violation, as the government did not suppress evidence relating to the sealing of the wiretap communications. As discussed in relation to claim one above, in its response to a standing discover order (Cr-DE#136), the government provided Heath with a copy of the ten-day notice filed in the state forum which revealed that the state sought to **unseal** the wiretap communications. At a subsequent suppression hearing, Assistant State Attorney Shepherd testified that he filed the 10-day notice in the state court to unseal the wiretap communications so that they could be used by the government in its federal prosecution.

Heath has failed to establish a <u>Brady</u> violation and is entitled to no relief on this claim.

<u>Claim Three</u>

Heath asserts that his convictions and sentences must be reversed based upon <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000),

because the amount and type of drugs were not charged in the
Superseding Indictment and proved beyond a reasonable doubt. (Cv-
DE#1 at 16). In Apprendi, supra, the Supreme Court held that any
factor which increases the statutory maximum penalty for an offense
must be charged and proven beyond a reasonable doubt. Heath is
entitled to no relief on this claim.

The Eleventh Circuit has held that Apprendi does not apply
retroactively to cases on collateral review. McCoy v. United
States, 266 F.3d 1245 (11 Cir. 2001). That holds true even if the
Apprendi claim is meritorious. Hamm v. United States, 269 F.3d 1247
(11 Cir. 2001).

Moreover, Heath cannot demonstrate that he received
ineffective assistance stemming from counsel's failure to challenge
the Indictment at trial or on direct appeal, or at resentencing or
on appeal from resentencing because the law of the Eleventh Circuit
at the time of Heath's convictions and sentences would have
precluded success on the issue had it been raised.

The judgment was entered on July 20, 1993. The Court of
Appeals affirmed Heath's convictions in all respects, but remanded
for resentencing, finding that the court erroneously enhanced

12

Heath's sentence based on his role in the offenses. (Cr-DE#1290). On April 30, 1999, pursuant to the Court of Appeals remand, Heath's sentences were reduced from five concurrent terms of 400 months imprisonment to five concurrent terms of 292 months imprisonment. Heath appealed his resentencing, and the Court of Appeals affirmed on January 26, 2000. The mandate issued on March 1, 2000. Apprendi was decided on June 26, 2000.

At the time of Heath's original sentence and resentencing, the Eleventh Circuit had specifically rejected the argument that the quantity of drugs was an element of the offense which must be proved beyond a reasonable doubt. United States v. Hester, 199 F.3d 1287, 1291 (11 Cir. 2000), cert. granted, judgment vacated, 121 S.Ct. 336 (2000).

The Eleventh Circuit had long held that the characterization of the amount of drugs was not an element of the offense under 21 U.S.C. §841. See United States v. Perez, 960 F.2d 1569, 1574-76 (11 Cir. 1992) (reaffirming that weight or quantity of a controlled substance does not constitute an element of the offense under §841); United States v. Cross, 916 F.2d 622, 623 (11 Cir. 1990) (holding that nature and quantity of controlled substance is a sentencing provision, not an element, applicable only after

13

conviction under 21 U.S.C. § 841(a)); <u>United States v. Williams</u>, 876 F.2d 1521, 1524-25 (11 Cir. 1989) (concluding that "nature and quantity of the controlled substance are relevant only to sentencing and do not constitute elements of a lesser included offense"). Thus, counsel's failure to challenge the absence of an the type and amount of drugs charged in the Superseding Indictment was not ineffective assistance. Although this law changed with the <u>Apprendi</u> ruling, the Eleventh Circuit has held this law is not to be applied retroactively. <u>McCoy v. United States</u>, 266 F.3d 1245 (11 Cir. 2001). Heath is not entitled to relief on this claim.

## Claim Four

Heath asserts that counsel was ineffective for numerous reasons. (Cv-DE#1 at 27-31). In order for the movant to prevail on a claim of ineffective assistance of counsel, he must establish that 1) his counsel's representation fell below an objective standard of reasonableness; and 2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The standard is the same for claims of ineffective assistance on appeal. <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach

14

the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. <u>Id</u>. at 697; <u>Waters v. Thomas</u>, 46 F.3d 1506, 1510 (11 Cir. 1995). There is no duty to raise issues on appeal which have little or no chance of success. Thus, appellate counsel is not required to raise meritless issues, <u>Card v. Dugger</u>, 911 F.2d 1494, 1520 (11 Cir. 1990).

## Claim Four (a)

Heath asserts that counsel was ineffective for failing to suppress the wiretap recordings, and more specifically because they were not sealed in violation of 18 U.S.C. §2518(8)(a). (Cv-DE#1 at 26).

In fact, trial counsel did move to suppress the wiretap evidence on several grounds, but the motion was denied by the District Court, and that denial was affirmed on appeal.

As previously discussed in claims one and two above, there is nothing of record to suggest that the wiretap recordings were never sealed. In fact, the government provided counsel with a copy of a ten-day notice filed in the state forum in which Assistant State Attorney Shepherd requested that the recordings be unsealed so that

15

they could be used by the government in a federal prosecution. Counsel was not ineffective for failing to pursue this nonmeritorious claim.

### Claim Four (b)

Heath asserts that counsel was ineffective for failing to file a pre-trial motion to dismiss the Superseding Indictment on alleged government misconduct. Heath maintains that the searches conducted in his case were unlawful because the affidavit in support of the search warrant stated that certain information had been learned through a confidential informant, when in fact the information had been learned through a wiretap. (Cv-DE#1 at 27). The validity of the affidavit was the subject of numerous motions to suppress and the subject of a lengthy evidentiary hearing. Magistrate Judge Lurana S. Snow recommended denial of the motions finding, in pertinent part, that the reference to a wiretap as a reliable confidential informant is not a material misrepresentation requiring suppression. (Cr-DE#619 at 13-14; Cr-DE#292). The District Judge adopted the Report. (Cr-DE#s743,748).

16

Moreover, the substantive issue surrounding this ineffective assistance of counsel claim was raised and rejected on direct appeal.  On appeal, Heath argued that the evidence obtained by the interception of codefendant Martin's changed cellular telephone number should have been suppressed on the basis that the investigating agents told the magistrate judge who issued the warrant that the "confidential informant" referred to in the affidavit was actually a wiretap on Martin's cellular phone. The Court of Appeals noted that investigating agent [Ralph Brillinger] had testified that they worded the warrant that way to preserve the secrecy of the wiretap in order to make future arrests. See United States v. Glinton, supra at 1252-53.  In concluding that the court did not err in failing to suppress the warrant, the Court of Appeals found that "the fact that the 'confidential informant' referred to in the affidavit was actually a wiretap on Martin's phone does not affect probable cause," and "does not detract from the reliability or veracity of the source," citing, United States v. Cruz, 594 F.2d 268, 271-72 (1 Cir. 1979)(although information from "confidential informant" actually came from wiretap, affidavit sufficient to establish probable cause). The Court of Appeals noted that "[i]n a broad generic sense, the wiretap served as a reliable provider, or "informant," of information. United States v. Glinton, supra at 1255.

17

An issue resolved against a movant on direct appeal, cannot be relitigated in a § 2255 motion. <u>United States v. Frady</u>, 456 U.S. 152, 166-168 (1982); <u>Dermota v. United States</u>, 895 F.2d 1324 (11 Cir. 1990), <u>cert. denied</u>, 498 U.S. 837 (1990); <u>United States v. Johnson</u>, 615 F.2d 1125, 1128 (5th Cir. 1980); <u>United States v. Kalish</u>, 780 F.2d 506, 508 (5th Cir. 1986). Only if there has been an intervening change in the law can an issue decided on direct appeal can be relitigated in a motion to vacate. <u>See generally</u>: <u>Davis v. United States</u>, 417 U.S. 333 (1974).

The underlying issue surrounding the ineffective assistance of counsel claims asserted by Heath was raised and rejected on direct appeal. The presentation of this claim in this §2255 proceeding in the guise of an ineffective assistance of counsel claim adds nothing of substance which would justify a different result. The claim is procedurally barred and will not be considered further. <u>See</u>, <u>Cf.,</u> <u>United States v. Nyhuis</u>, 211 F.3d 1340 (11 Cir. 2000)(Defendant was not entitled to collateral relief based on due process claim that was mere recharacterization of double jeopardy and immunity claim that was rejected on direct appeal), <u>citing</u>, <u>United States v. Rowan</u>, 663 F.2d 1034, 1035 (11 Cir. 1981). A rejected claim does not merit rehearing on a different, but previously available legal theory. <u>United States v. Nyhuis</u>, 211

18

F.3d at 1343, <u>citing</u>, <u>Cook v. Lockhart</u>, 878 F.2d 220, 222 (8 Cir.
1989). Consequently, Heath is entitled to no relief on this claim.

### <u>Claim Four (c)</u>

Heath asserts that counsel failed to properly advise him as
to whether he should enter a conditional guilty plea pursuant to
<u>Fed.R.Cr.P.</u> 11(a)(2), or proceed to trial. (Cv-DE#1 at 29). Rule
11(a)(2) provides that "[w]ith the approval of the court **and** the
consent of the government, a defendant may enter a conditional plea
of guilty or nolo contendere, reserving in writing the right, on
appeal from the judgment, to review of the adverse determination
of any specified pretrial motion." (Emphasis added). Heath does not
maintain that a conditional plea was offered by the government or
that he had obtained the consent of the court and the government,
so that there is no prejudice stemming from any alleged deficient
performance by counsel. As noted by the government in its response
(Cv-DE#15), the transcript of Heath's resentencing reveals that the
government advised the court that there was never an option to
plead guilty and preserve the rights of appeal as to evidentiary
issues. (Cr-DE#1274 at 28). The only options available were to
plead guilty and waive all rights to appeal evidentiary rulings, or
to proceed to trial. (<u>Id</u>.). Counsel was not ineffective.

19

<u>Claim Four (d)</u>

Heath asserts that counsel was ineffective for failing to challenge the enhancement of his original sentence by the addition of a criminal history point "derived from a probationary sentence, entered after a plea of 'not guilty' for which adjudication had been withheld." (Cv-DE#1 at 30). Heath maintains that the PSI at paragraph 39 apparently erred in assigning a criminal history point for that prior conviction. As discussed more fully below, even if adjudication had been withheld and did not constitute a prior sentence for purposes of determining the criminal history points, the sentence referred to in paragraph 39 would have constituted a diversionary disposition under U.S.S.G. §4A1.2(f) and could therefore be counted as a prior sentence in computing the criminal history points.

Heath first maintains that he should not have received a criminal history point for a prior state conviction as reflected in the PSI at paragraph 39 because it was not a "prior sentence" as defined in U.S.S.G. §4A1.2(a). Thus, Heath maintains that he should have had a criminal history category II and not a category III.

20

Heath received a total of five criminal history points pursuant to U.S.S.G. §4A1.1. which states in pertinent part:

### §4A1.1   Criminal History Category

(a)   Add **3** points for each prior sentence of imprisonment exceeding one year and one month.

(b)   Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c)   Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this item.

(d)   Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

The Sentencing Guidelines define "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. §4A1.2(a)(1).

Even if Heath were correct and the PSI at paragraph 39 erroneously considered that conviction as a "prior sentence," Heath cannot demonstrate prejudice resulting from counsel's failure to pursue the issue. If the total criminal history points were reduced by one and no points were added for the conviction referenced in

21

paragraph 39 of the PSI, resulting in a total of four criminal history points, this reduction would not alter Heath's criminal history category III. A criminal history category III, and a base offense level of 44, results in a Guideline imprisonment range of life. Consequently, there is no prejudice stemming from counsel's alleged failure to raise the issue.

Heath next maintains that two of the criminal history points assessed in the PSI at paragraphs 40 and 43, were not prior sentences, and were improperly used to calculate his criminal history points because the state court withheld adjudication of guilt after he plead no contest or guilty. If a court withholds adjudication of guilt after a nolo contendere plea, the prior offense does not constitute a "prior sentence" for purposes of computing criminal history category under the Sentencing Guidelines; however it does constitute a diversionary disposition under U.S.S.G. §4A1.2(f) and is counted as a prior sentence in computing the criminal history category. United States v. Rockman, 993 F.2d 811 (11 Cir. 1993). The two prior convictions were properly considered. Consequently, Heath cannot demonstrate prejudice stemming from counsel's failure to pursue the issue.

As to the two points assessed pursuant to U.S.S.G. §4A1.1(d), the claim was raised and rejected at resentencing. The trial court

found that during the time that Heath was serving the conviction
listed in paragraph 39 of the PSI, he committed his next offense,
so that the two points assessed under §4A1.1(d) were proper. (Cr-
DE#1274 at 10).

### Claim Four (e)

Heath asserts that appellate counsel was ineffective for
failing to challenge on direct appeal of his original sentence the
court's denial of a reduction in his base offense level based on
his acceptance of responsibility. (Cv-DE#1 at 31). At his original
sentencing, the trial court denied the request, finding:

> As far as acceptance of responsibility, Mr. O'Malley
> [for the government] read all matters from the
> sentencing guidelines, and I didn't think Mr. Heath
> really qualified for anything here. He [Heath] ticked
> them all off, and he falls short every time. The only
> thing he has done is send a letter to me the day before
> the sentencing. This matter started three years ago. A
> little over three years ago. Well, three -- not three
> since the indictment. He has a right to go to trial, and
> I am not holding that against him, but I think when he
> finally figured out he was looking at life, all of a
> sudden he decided he better try and show remorse. A fact
> awhile ago when he made his allocution in court, it
> almost sounded like a testimonial church. He somehow
> found religion, and hated to see the people come buy the
> crack from him. He didn't hate it enough to stop. He
> hated what it was doing to his community, but he didn't
> hate it enough to stop. I gave him bond, he busted bond,
> doing drugs. Flunks the urinalysis. There is no real
> acceptance of responsibility that appeared until
> yesterday in this case as far as Mr. Heath is concerned.
>
> I don't even think it is close to the strike zone. I
> overrule all the objections.

(Cr-DE#1134 at 69-70).

23

Section 3E1.1(a) of the U.S. Sentencing Guidelines provides that a defendant may receive a two-level reduction in sentence if he "clearly demonstrates acceptance of responsibility for his offense." A defendant who denies relevant conduct which the court finds to be true has acted in a manner inconsistent with the acceptance of responsibility. <u>See</u> U.S.S.G. §3E1.1, n.1(a).

Comment 2 to U.S.S.G. §3E1.1 states that:

> [t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration of such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (<u>e.g.</u>, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

The Eleventh Circuit Court has held that a defendant who forces the government to trial is rarely entitled to an adjustment for responsibility pursuant to U.S.S.G. §3E1.1, n. 2. <u>See</u>: <u>United States v. Brenson</u>, 104 F.3d 1267 (11 Cir. 1997) (Downward departure in sentence based on acceptance of responsibility is denied where defendant puts the government to its burden of proof at trial by

denying an essential element of the crime which directly related to his factual guilt as evidenced by defendant's pre-trial statements wherein he refused to admit that he had acted corruptly in disclosing grand jury information.); Joinder v. United States, 103 F.3d 961 (11 Cir. 1997) citing United States v. Gonzalez, 70 F.3d 1236, 1239 (11 Cir. 1995) (It was not clear error for district court to deny Gonzalez a downward departure based on acceptance of responsibility even though defendant did not testify and deny actual guilt because the court spent four days conducting suppression hearing and spent additional resources conducting a bench trial.)

Appellate counsel was not ineffective for failing to raise this nonmeritorious claim on appeal.


## Claim Five


Heath asserts that trial counsel failed to file a pre-trial motion to dismiss the Superseding Indictment on the basis that the government disclosed to the grand jury evidence intercepted by a state wiretap which had been obtained without securing a disclosure order as required by 18 U.S.C. §2517(5). (Cv-DE#16 at 1). In this case, one state order authorized interception of communications relating to an "ongoing conspiracy to deal in narcotic drugs or

other dangerous drugs and/or controlled substances, specifically cocaine." (Cv-DE#16 Ex.A). Heath maintains that disclosing materials referring to cocaine to a grand jury considering a conspiracy concerning cocaine base violations without obtaining any prior authorization, was in violation of Section 2517(5). Heath first relies upon the Seventh Circuit decision in <u>United States v. Brodson</u>, 528 F.2d 214 (7 Cir. 1975) in which an indictment was dismissed after the government used intercepted materials in grand jury proceedings relating to a violation not described in the original order, without obtaining authorization. However, Heath correctly notes that this is not binding precedent in this Circuit. The Eleventh Circuit in <u>United States v. Watchmaker</u>, 761 F.2d 1459, 1470 (11 Cir. 1985), <u>citing</u> <u>United States v. Campagnuolo</u>, 556 F.2d 1209 (5 Cir. 1977), concluded that the phrase "relating to offenses other than those specified in the order of authorization must be understood by reference to congressional intent: 'Congress wished to assure that the Government does not secure a wiretap authorization order to investigate one offense as a subterfuge to acquire evidence of a different offense for which the prerequisites to an authorization order are lacking.'" The Eleventh Circuit further found that "courts could relax the authorization requirement in cases where the offense for which the wiretap was authorized and the offense for which the information was used were

26

so similar in nature that there would be little chance that the original authorization was a 'subterfuge' to obtain evidence of an offense 'for which the prerequisites to authorization are lacking.'" United States v. Watchmaker, supra at 1470.

In Watchmaker, the Eleventh Circuit further noted that some courts have held that dismissal of an indictment may not be an appropriate response, even where the requirements of Section 2715(5) have not been met. United States v. Watchmaker, supra at 1471; citing, United States v. Vento, 533 F.2d 838, 856 (3 Cir. 1976); United States v. Aloi, 449 F.Supp. 698, 721 (E.D. N.Y. 1977).

It should first be noted that Heath fails to provide factual support for his allegations that such evidence was presented to the grand jury. Moreover in this case, the offenses for which the government sought an indictment were similar to those specified in the original wiretap authorization order. Consequently, Heath cannot demonstrate prejudice stemming from counsel's alleged failure to seek dismissal of the indictment based on evidence intercepted by a state wiretap which had been obtained without securing a disclosure order as required by 18 U.S.C. §2517(5). (Cv-DE#16 at 1).

<u>Conclusion</u>

It is therefore recommended that this motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: _February 1, 2002_

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Lavon Heath, <u>Pro Se</u>
      Reg. No. 27989-004
      F.C.I.
      P.O. Box 7007
      Marianna, FL  32447-7007

      Thomas A. O'Malley, AUSA
      U.S. Attorney's Office
      500 East Broward Boulevard
      Suite 700
      Fort Lauderdale, FL 33394

Attachment 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case 00-8925-Civ-ROETTGER
(90-8065-Cr-ROETTGER)
Magistrate Judge Sorrentino

LAVON HEATH                    :

      Movant,              :

v.                             :

UNITED STATES of AMERICA       :

          RESPONDENT.        :

**MOVANT LAVON HEATH'S OBJECTIONS TO THE MAGISTRATE'S
REPORT ON MOVANT'S MOTION TO VACATE PURSUANT TO 28 U.S.C. §2255**

Comes now the Movant, Lavon Heath, pro-se in this action and pursuant to the applicable rules and law, respectfully submits the foregoing objections to the Magistrate Judge's Report recommending denial of the requested in the Title 28 U.S.C §2255 motion. The petitioner states as follows:

1). The petitioner adopts the statement of the case set forth therein in the initial pleadings.

2). Objections as to the Report's are made as to the conclusions of the Magistrate that the Movant claims are without merit or conclusory, thus no relief should be granted by the Court.

The Movant received the Report on Tuesday, February 19,2002 through the mail at the Federal Correctional Institution at Marianna, Florida.  The Movant requests the following points to be placed in the record as opposition to the Report of Magistrate Judge Sorrentino.

## CLAIM ONE

### THE GOVERNMENT HAS NOT SHOWN THAT THE TAPES WERE
### SEALED IMMEDIATELY AS A PREREQUISITE TO ITS ADMISSIBILITY!

The Movant objects to the Magistrate's Report because it fails
to correctly understand the specific issue that was raised. Furthermore,
the Magistrate erroneously misconstrues the requirements of TITLE
III 18 U.S.C.§2518(8)(a), and the Supreme Court's decision interpre-
tating the same statute at issue.

First Movant is a pro-se litigant, therefore the Magistrate
should have liberally construed Movant's motion, and held it to
a less stringent standard than formal pleadings drafted by lawyers.
See. **HAINES v. KERNER**, 404 U.S.519,520-521; **UNITED STATES v. BROWN**,
117 F.3d 471,475(11th Cir.1997)("Under well settled principles
in this Circuit, <u>pro-se</u> applications for post-conviction relief
are to be liberally construed."). Although there is a confusion
of legal theories, after close observations by Movant, there was
a validly stated claim which Movant could prevail. **Id.**

Indeed, though Movant had confused the issue still this should
not have prevented the Magistrate from finding that there is a
valid claim stated. Regardless of the fact that the claim may
have been that the wire intercepts were never sealed. The claim
also included the facts that the government did not show that
the tapes of the wire intercepts were "immediately" sealed as
a prerequisite to its admissibility. Without a doubt the ten-day
notice that was filed in the state court to unseal the state wire
intercept does not reveal **when** the seal was applied. "[T]he seal

-2-

required by §2518(8)(a) is not just any seal but a seal that been

obtained _immediately_ upon expiration of the underlying surveillance

order." **Ojeda Rios**, 495 U.S.at 263. Furthermore, this section

plainly imposes as a prerequisite to admissibility that "either

the recordings must have been properly placed under seal, or the

government must provide a 'satisfactory explanation' for its failure

to comply with the sealing requirement." **UNTED STATES v. GOMEZ**,

67 F.3d 1515,1523(10th Cir.1995). Yet, Magistrate fails to acknowledge

that there is no evidence of record that the tapes were "immediately"

sealed before this evidence is admissible. This Court nor can

any other court find that the tapes were "immediately" sealed

without any evidence being documented or taken on this issue.

Without any evidentiary support as to precisely **when**(the exact

date) the tapes were presented for judicial sealing. The Report

states " there is evidence of record to rebut the movant's conclusory

allegation that the wiretaps were never sealed." Report, at 10.

The Magistrate confuses the issues and muddle the facts. The Magistrate

blatantly nullifies the immediacy aspect of the sealing requirement.

The Supreme Court rejected this same issue in **Ojeda Rios**, by rejecting

the government's argument that any seal present is sufficient

under §2518(8)(a):

> "The Government first argues that because §2518(8)(a) states
> that as a prerequisite to admissibility, electronic surveillance
> tapes must either bear a seal or the Government must provide
> a 'satisfactory explanation' for the 'absence' of a seal,the
> 'satisfactory explanation' requirement does not apply where
> the tapes to be offered in evidence actually bear a seal,
> regardless of _when_ or why the seal was applied. This argument
> is unpersuasive. The narrow reading suggested by the Government
> is not a plausible interpretation of congressional intent
> when the terms and purpose of §2518(8)(a) are considered as
> a whole. The section begins with the command that tapes shall

be sealed 'immediately' upon expiration of the underlying
surveillance order and then, prior the clause relied upon
by the government, provides that 'the seal **provided for by
this subsection'** (emphasis added) is a prerequisite to the
admissibility of electronic surveillance tapes. The clear
import of these provisions is is that the seal required by
§2518(8)(a) is not just any seal but a seal that has been
obtained <u>immediately</u> upon expiration of the underlying sur-
veillance order. The 'absence' the Government must satisfac-
torily explain encompasses not only the total absence of a
seal but also the absence of a timely applied seal. Contrary
to what is so plainly required by §2518(8)(a), the Government
would have us nullify the immediacy aspect of the sealing
requirement."

**Id.**at 495 U.S. 263. The Magistrate's Report grossly neglects to

recognize that there is a total "absence" of a timely applied

seal in the record to justify her findings. Obviously, the question

remains, were the tapes sealed immediately? In the "absence" of

any evidence to the contrary this evidence was not admissible.

See. **Jones v. United States**, 224 F.3d 1251,1254 n.7(11th Cir.200)

("...government could not use wiretap evidence unless it could

show either prompt sealing of tapes or a reasonable excuse for

not doing so.").

Additionally, there is a fundamental miscarriage of justice that is

occurring in this case at this moment. The facts that Movant put

forth in his §2255 were not conclusory as the Magistrate finds.

The Movant put forth undisputed facts that the tapes were inadmissible

at trail: 1) There is no evidence in the District Court record

that these tapes were "immediately" sealed as required by §2518(8)(a),

before the tapes can be admitted at trial; 2)There were no factual

findings made as to when the wiretap authorizations expired triggering

the sealing requirements or whether the tapes were sealed "immediately";

and 3) The government had denied Movant and the Court access to

the information necessary to determine whether or not these tapes

-4-

were sealed immediately. For each of these points, Movant provided

factual and legal basis. Even if the Magistrate was not persuaded

by these arguments, they should have been addressed in the Report

so that the District Court can make an educated ruling on this

motion.

The Movant also takes issue with Report's failure to discuss

and apply the applicable precedent, cited throughout these pleadings,

to the facts of this case. In **UNITED States v Ojeda Rios**,495 U.S.

257(1990) and **Jones v. United States**, 224 F.3d 1251(11th Cir.2000),

these cases emphatically dictate that wire intercepts are inadmissible

in the "absence" of a timely applied seal to the tapes. Not just

the"presence" of any seal but a seal that has been obtained

"immediately". And the Magistrate has erroneously failed to consider

this threshold question, and this case must be given further

consideration for the **lack of evidence of record**. Even the ten-day

notice to unseal does not reflect such information. It was error for

the Magistrate to suggest that any "seal" that is present satisfies

the requirements of §2518(8)(a), and ignore the precedent Movant

had put forth.

In **Ojeda Rios**, the Supreme Court granted certiorari "[b]ecause

of the scope and role of the sealing provision of Title III that

ha[d] generated disagreement in the lower courts...". The Court

disagreed with the Government's narrow reading of the statute by

stating "when the terms and purpose of §2518(8)(a) are considered

as a whole" the Government's interpretation of the statute is not

plausible. Indeed, the Court rejected the Government's argument that

if the tapes to be offered actually bear a seal, the "absence"

of a timely applied seal the "satisfactory explanation" does not

—5—

apply."Contrary to what is so plainly required by §2518(8)(a),
the [Magistrate would have this Court] nullify the immediacy aspect
of the sealing requirement". Id at 263

In **Jones**, the Court of Appeals for the Eleventh Circuit discussed
the impact of **Ojeda Rios** stating that "[w]hen Jones was arrested,
the law of this Circuit was that a court would not grant a motion
to suppress based on a delay in sealing wiretap evidence, unless
defendant could show prejudice or that the integrity of the recordings
was distrubed. On October 10,1989, the Supreme Court granted certiorari
to resolve an intercircuit conflict regarding whether this 'prejudice'
requirement was appropriate". **Id** at 1253-54(footnotes omitted).
Furthermore, the Eleventh Circuit adhered to Supreme Court's finding
that "[t]he statue contains 'an explicit exclusionary remedy for
noncompliance', providing that 'the presence of the seal [provided
for by this subsection] or a satisfactory explanation for the absence
thereof, shall be a prerequisite for the use or disclosure of the
contents of the recordings, or evidence derived therefrom, in a
proceeding." **Id.** at 1257(qouting **Ojeda Rios**, 495 U.S. 257,260).
With this, the Eleventh Circuit succinctly stated that the "government
could not use wiretap evidence unless it could show prompt sealing
of tapes or a reasonable excuse for not doing so". **Id.**at 1254 n.7.
Yet, the Magistrate had failed to discuss the implications of the
Eleventh Circuit precedent to the facts of Movant's claim, when its clear
the government has not proven that these tapes were "immediately
sealed".

The Government nor did the Magistrate's Report discuss or find
that the tapes were sealed "immediately" before the evidence could
be admissible. Also, how can the court know that the tapes were

-6-

sealed "immediately" when the government has failed to produce this evidence? Since access to this information has been denied it is an injustice for the court to deny the issue on its merits without an evidentiary hearing. Because Movant, like the District Court, have only the Government's incomplete description of the unsealing order, the "absence" of a timely applied seal to the wire intercepts, this Court does not know whether the tapes were sealed immediately.

Indeed, this same Court in **United States v. Otero-Hernandez**, 418 F.Supp. 572 (M.D.Fla.1972) (Roettger), observed that under §2518(8)(a) "adequate adversary procedures exist to ferret out such misconduct at trial" **Id.** at 575. Consequently, the Government has denied Movant this "adversary procedure" under §2518(8)(a), by blatantly witholding this information from Movant and the Court effectively undermining the entire adversarial proceeding, and not just under §2518(8)(a). And the Magistrate without any reasonable justification sanctions the Government's conduct.

As the Supreme Court has noted: "an adversary system can maintain neither the reality nor the appearance of efficacy without the assurance that its judgements rest upon a complete illumination of a  case rather than a partial or speculative presentation of the facts." **United States v. Nixon**, 418 U.S.683,709(1974). In addition to objecting to the conclusion's lack of support, the Movant contends the conclusion is simply wrong. When the language of §2518(8)(a), is closely read the tapes of the wire intercept can be admitted only when the Government has shown immediate sealing. The Report fails to recognize that there is no evidence of record that these tapes were immediately sealed. Cf. **Nixon** at 709(Generally, all relevant proof is essential if determinations by the fact

-7-

finder are to be made on a complete trial record. Absent full disclosure
of all the relevant facts, confidence in the fair administration
of justice would cease to exist). Yet, the Magistrate's report
fails to address the requirements of §2518(8)(a), and the Government
has not produced any evidence or suggested that these tapes were
sealed "immediately". The Magistrate finds support for her conclusion
from a notice in state court to unseal so that it could be used
in federal court.This notice does not reflect if these tapes were
sealed "immediately". Indeed, this is not the seal provided for
by subsection 2518(8)(a). Therefore, the Magistrate's bare conclusion
that "[t]his claim therefore lacks merit and warrants no further
dicussion" is of little or no help to the District Court in making
its ultimate ruling on the motion.

Accordingly, there is simply no evidence in the District Court
record that the wire intercepts were "immediately sealed". The
Magistrate's factual findings and failure to apply the applicable
precedent, **Ojeda Rios** and **Jones** , are clearly erroneous and this
Court should grant relief pursuant to 28 U.S.C.§2255.


### CLAIM TWO

#### The Government suppressed evidence that is material to Movant's defense; Were the tapes "promptly"sealed before they could be used or disclosed in a proceeding?

Initially, Movant objects to the Magistrate's Report in that
Movant fails to meet the first prong for establishing a **BRADY** violation,
as the government did not suppress evidence relating to the sealing
of the wiretap communications. Because the government provided
Movant with a copy of the ten-day notice filed in the state forum
which revealed that the state sought to unseal the wiretap communications.

-8-

The Magistrate does not fully understand the Movant's **BRADY** claim and the Government is witholding evidence that is material to Movant's guilt and is essential to a fair determination of Movant's claim, the "absence" of a timely applied seal or"satisfactory explanation" as a prerequisite to the admissibility of the wiretap evidence.

Indeed, it axiomatic that **BRADY** and its progeny established that a defendant has a due process right to request evidence that the government possesses which is material to his guilt or punishment. **Id.**at 373 U.S. 87.

Using the due process clause of the Fourteenth Amendment, the Supreme Court has generated "'what might be called the area of constitutionally guaranteed access to evidence'." **California v. Trombetta**, 467 U.S.479,485(1984)(quoting **United States v. Valenzuela-Bernal**, 458 U.S.858,867(1982)). To the extent that there is a duty to preserve evidence constitutionally imposed upon the government, it "must be limited to evidence that might be expected to play a significant role in the suspect's defense", or in other words, evidence that is constitutionally material. **Id** at 488-89.

By denying Movant access to this information, evidence of timely applied seal, the government has deprived Movant of any opportunity to effectively challenge the admissibility of the wiretap evidence and the conclusions that the Magistrate has found in her Report. Perhaps this denial has prevented Movant from discovering important exculpatory evidence. Effective confrontation and cross-examination has been denied. And this Court has only the ten-day notice to unseal, that does not reveal that wire intercepts were sealed "immediately", to base its ruling. This is a serious flaw in the fact-finding process———a flaw that the **BRADY** rule would correct.

Under **BRADY** the motion pursuant to 28 U.S.C.§2255 should be granted because the government has prevented examination by Movant of evidence that is both critical to the conviction and perhaps subject to varying fact-findings. In this case the former is met; the evidence was critical to Movant's conviction. Without a hearing by this Court, however, this Court cannot determine whether or not the wire intercepts were sealed "immediately". Consequently, this Court should at least grant an evidentiary hearing for further fact-findings on this claim and then make its ruling of whether or not the tapes were admissible at trial. Without a hearing, or a reversal of the Magistrate's Report to deny Movant's motion on this claim. It indeed amounts to a fundamental unfairness, effectively undermines the accuracy of the truth-finding process of this proceeding, and seriously affects the integrity of the judicial proceedings. See. **Kyles v. Whitley**,514 U.S.419,432(1995)("... suppression by the prosecution of evidence favorable to an accused upon request violates due process where evidence is material...").

Under §2518(8)(a), the Magistrate has failed to make sure that the system worked fairly and that Movant had the right to fully confront and evaluate the evidence that was used against him in a timely fashion. Evidence that was "a significant role in the Movant's defense". **Trombetta** at 488-89. Although the government disclosed the ten-day notice, and the Movant acknowledges. This ten-day notice does not reveal that the wire intercepts were sealed "immediately". Therefore, the government did and has suppressed evidence under **BRADY'S** first prong. Second, the evidence suppressed was favorable to Movant in that the government has not dislosed facts to or this Court that tapes were sealed "immediately under

-10-

§2518(8)(a) before the tapes can be admitted. Furthermore, disclosure of this information was relevant and helpful to the Movant. And was essential to a fair determination of this claim of whether the tapes were sealed "immediately".This Court nor is the Movant "...expected to take the government at its word as to the materiality of that evidence". **United States v. Gonzalez-Gonzalez**, 258 F.3d 16,24 n.9(1st Cir.2001). Third, the evidence suppressed was material. As discussed in Claim One, §2518(8)(a) "...begins with the command that tapes shall be sealed immediately upon expiration of the underlying surveillance order...the seal 'provided for by this sebsection'(emphasis added) is a prerequisite to the admissibility of electronic surveillance tapes. The clear import of these provisions is that the seal required by §2518(8)(a) is not just any seal but a seal that has been obtained immediately upon expiration of the underlying surveillance order..." **Ojeda Rios** at 263. Without evidence or facts as to the tapes being sealed immediately the tapes were inadmissible.

In addition, the Magistrate Report is inconsistent with the Supreme Court's controlling precedent in **Taylor v. Illinios**, 484 U.S.400,408-09(1988),when it succinctly stated:

"We have elected to employ an adversary system of criminal justice in which the parties contest all issues before the court of law. the need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgements were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all facts within the framework of rules of evidence. To

-11-

ensure that justice is done, it is imperative to the

function of courts that compulsory process be available

for the production of evidence needed either by the

prosecution or by the defense."

**Id.** Also, where, as here, the government has intercepted communications

which it believes is probative of guilt the law(§2518(8)(a)) sets

out "adversarial procedures" to be followed before the wiretap

evidence can be admitted and requires that the evidence be made

available for examination by the Movant so that he may mount any

available attack upon its use against him and "ferret out any misconduct"

if it tends to be favorable to Movant. **United States v. Otero-**

**Hernandez**, 418 F.Supp. at 575(M.D.Fla.1976)(Roettger).

In the present case, the matters of basic, primary, historical

**facts** are matters such as the date on which the authorization for

the wiretap order expired, and most importantly, the date on which

the presentation of the tapes were made for judicial sealing have

**never been established** in any court. Not only was this Court never

asked to answer this question(Were the tapes immediately sealed?)

presently before it,this court did not answer it. The merits of this

factual dispute was never resolved in this Court. Simply put, the

Magistrate was clearly erroneous in finding that the government has

not suppressed evidence under **BRADY'S** first prong without any facts

in the record to support her conclusion or a question that was

never answered.

Accordingly, the Magistrate has obviously misapprehended Movant's

position, the law, and the facts of this case. First, the position

of Movant was that the Government suppressed evidence, i.e., the

precise date that the tapes were presented for sealing. Obviously,

-12-

the Magistrate could not know this because it is not in the record.
Second, the law on this issue(§2518(8)(a)) is "the seal required...
is not just any seal but a seal that been obtained immediately upon
expiration of the underlying surveillance order". **Ojdea Rios**,
495 U.S.at 263. accord **Jones v. United States**, 224 F.3d 1251,1254n.7
(11th Cir.2000)("government could not use wiretap evidence unless
it could show either prompt sealing of tapes or a reasonable excuse for
not doing so."). The support that the Magistrate finds for her
conclusion that the tapes were sealed, "just any seal", is the
ten-day to unseal. Does not answer the Movant specific issue that
was presented. Were the tapes immediately sealed as required by law?
The Magistrate failed to address this specific issue because had
she did it would have been erroneous for her to conclude that
the government had not suppressed evidence as to the evidence of
prompt sealing as a prerequisite to its admmissibility.
Third, the facts were never resolved by the District Court and
the Magistrate based her conclusion on pure speculation and not
on facts present in the record.

The government has suppressed material evidence denying Movant
his right to fair trial and a serious injustice has infected the
adversarial proceeding. The suppression, by the government, of
documents and information revealing whether or not the tapes were
sealed immediately is "sufficient significance to result in the
denial [movant's] right to fair trial". **United States v. Agurs**,
427 U.S.97,109(1976).

### CLAIM THREE

Movant respectfully objects to the Magistrate's Report as
to the conclusions of law and its findings. Movant adopts all

-13-

law and facts put forth in his initial §2255.

## CLAIM FOUR 4(a)

### Counsel was ineffective for failing to object to the admissibility of wiretap evidence based on the sealing requirements of 18U.S.C.§2518(8)(a)

The Movant objects to the Magistrate's Report because it fails to make specific findings of fact to which controlling precedent can be applied. Furthermore, the Report fails to address the controlling legal precedent in this Circuit and of the Supreme Court discussing §2518(8)(a) requirements as a prerequisite to the admissibility of wiretap evidence at trial. The Movant incorporates his §2255, traverse motion, and notices of supplemental authority, including all of its factual and legal arguments, as a part of these objections.

The Magistrate simply wrong in its conclusion of law,fact, and most of all the interpretation of §2518(8)(a)'s requirements. Movant's counsel was deficient in failing to argue for the suppression of wiretap evidence based on the sealing requirements of the statute. As previously discussed in claims one and two above,there is nothing of record to suggest that the wiretap recordings were sealed "immediately" as required by this Circuit precedent and the Supreme Court precedent before this evidence can be admitted at trial. **United States v. Ojeda Rios**, 495 U.S. 257,263(1990)("The clear import of these provisions is the seal required by §2518(8)(a) is not just any seal but a seal that has been obtained immediately; the seal provided by this subsection is a prerequisite to the admissibility of electronic surveillance tapes.") Same **Jones v.**

-14-

**United States**, 224 F.3d 1251,1254(11th Cir.2000).

Indeed, the absence of a finding of fact, and the failure of court to consider the immediacy aspect of §2518(8)(a) is result of incompetent counsel. In **STRICKLAND**,the Supreme Court explained that "access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled...Counsel...has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process".**Id** at 466 U.S. 685,688. Movant's counsel neither investigated, nor made a reasonable decision not to investigate, the absence of a timely applied seal to the tapes not just any seal. Such a lack of knowledge as to the requirements of §2518(8)(a) has denied both the Movant's right to an "'ample opportunity to meet the case of the prosecution', and the reliability of the adversarial testing process". **Id.** It is evident that counsel performance was deficient in that counsel did not request any specific discovery relating to a timely applied seal to the tapes, he did not——and , because he did not ask, could not——know whether the state authorities sealed the tapes in a timely fashion as required by law. While the Magistrate has found that the tapes were sealed at some point in time, and has strong reservations for her findings, the Report **sheds no light on a timely applied seal** or the reasonableness of counsel's decision not request or investigate this information.

Movant's right to be represented by competent counsel is a fundamental component of the criminal justice system. It is through counsel that other rights of Movant are secured. "Time has not eroded the force of Justice Sutherland's opinion for

-15-

the Court in **Powell v. Alabama**, 287 U.S.45(1932):

'The right to be heard would be, in many cases, of little
avail if it did not comprehend the right to be heard by
counsel. Even the intelligent and educated layman has small
and sometimes no skill in the science of law. If charged
with a crime, he is incapable, generally, of determining
for himself whether the indictment is good or bad. He is
unfamiliar with the rules of evidence. Left without the
aid of counsel he may be put on trial without a proper
charge, and convicted upon incompetent evidence, or
evidence irrelevant to the issue or otherwise inadmissible.
He lacks both the skill and knowledge adequately to prepare
his defense, even though he may have a perfect one. He
requires the guiding hand of counsel at every step in the
proceeding against him...'"

**Id** at 68-69. Indeed, counsel in the instant case did not did
not provide this "guiding hand" during a critical stage of this
case. Counsel did not have any evidence of record that the tapes
of the wire intercept were sealed "immediately". Without the
presence of this timely applied seal it was the duty of counsel
to move to suppress or object to the admissibility of the evidence
for the "absence" of an immediately obtained seal not just any
seal.

Contrary to the Magistrate's Report that this claim is "non-
meritorious". This claim was meritorious beyond peradventure
in that there is no evidence of record that the tapes were sealed
immediately. See **Jones v. United States**, 224 F.3d 1251,1254n.11
(11th Cir.2000)("...currently [there is] no evidence in the district

-16-

court record that the tapes were sealed [immediately or] judicially
sealed at all.").

Specifically, contrary to the controlling precedent interpreting
§2518(8)(a), **Ojeda Rios** and **Jones**, the Magistrate's Report totally
ignored this precedent that was put in Movant's motion. Furthermore,
the Magistrate findings were clearly erroneous in finding that
the presence of any seal satisfies the requirements of the statute.
Therefore, this claim was "nonmeritorious" and Movant was not denied
the effective assistance of counsel. The Supreme Court emphatically
rejected this identical argument by the government in **Ojeda Rios**
stating:

> "...the seal required by §2518(8)(a) is not just but a seal
> that has been obtained immediately upon expiration of the
> underlying surveillance order. The'absence' the Government
> must satisfactorily explain encompasses not only the total
> absence of a seal but also the absence of a timely applied
> seal. Contrary to what is so plainly required by §2518(8)(a),
> the Government would have us nullify the immediacy aspect
> of the sealing requirement.

**Id** at 495 U.S.263. Without evidence of a "timely applied seal"
the wiretap was inadmissible, which is irrefutable, and the Magistrate
did not find to the contrary in her Report, and the Magistrate
erroneously neglected to address this precise issue in her findings.
Effectively condoning the nullification of the"immediacy aspect
of the sealing requirement",which the Supreme Court succinctly
rejected.

Indeed, the controlling precedent of this Circuit has had occasion
to address this identical issue. The Eleventh Circuit in **Jones**
224 F.3d 1251, held that counsel's performance was deficient for
failing to move for suppression of wiretap evidence.

In **Jones**, counsel for the defendant had failed to move for
suppression of wiretap evidence after a change in controlling

-17-

precedent during Jones's direct appeal. When the case against Jones
began, the law of this Circuit was a delay in the sealing wiretap
recordings did not require suppression if the government accounted
for the the delay and there was no showing of prejudice or that
the integrity of the recordings was disturbed. Once the Supreme
Court ruled in ruled in **Ojeda Rios**, however the situation became
completely different. The Supreme Court had reject the Eleventh
Circuit's requirement that a defendant had to show prejudice, or
that evidence had to become compromised, as a prerequisite to suppression.

Trial counsel was ineffective for failing to argue or object
to the admissibility of the wiretap evidence. And the Magistrate's
Report confuses the law and muddles the facts. This notice to unseal,
in which the Magistrate refers to, does not state or reflect that
these tapes were sealed immediately. So, how can this Court determine
whether or not the tapes were sealed "immediately" without evidence
of record? Counsel's duty at this stage of the proceeding was clear.
In addition to general investigation and preparation for the suppression
hearing and the start of trial, counsel's primary obligation was
to advise the District Court of the requirements of §2518(8)(a),
in the "absence" of a timely applied seal the evidence was inadmissible.
Had counsel handled this professional responsibility with any thing
approaching the "reasonableness" demanded by **Strickland** counsel
would have found the Supreme Court case directly in point, addressing
the prerequisite to the admissibility of surveillance tapes, i.e.,
not just any seal but a seal that has been obtained immediately
upon expiration of the surveillance order. **Ojeda Rios,Id.** The failure
of counsel to find this critically important case constitutes irrefutable
evidence of counsel's inadequate performance.

-18-

Finally, the Magistrate's findings in her Report is based on pure speculation and not conclusive evidence. Counsel's deficient performance deprived Movant of his right to fair determination of whether the tapes were sealed "immediately" upon a complete illumination of the facts before judgement can be passed on this issue. And the denial of counsel to pursue this relevant information seriously effected  the "integrity of the fact-finding process". **Berger v. California**, 393 U.S.314,315(1969); see. **United States v. Nixon**, 418 U.S.683,709(1974)("[t]he need to develop all relevant facts in the adversary system is both fundamental and comprehensive."). So, how could the the Magistrate determine that the evidence was admissible or the Movant's claim was nonmeritorious when she does not know what happen?

### CLAIM FOUR(b)

The Movant objects to the Report's findings that this claim was raised and rejected on direct appeal. And the Report fails to address the precise issue presented which was outrageous misconduct on the part of the federal government.

In order to avoid the duplication of pleadings, the Movant incorporates herein and refers the court to his motion to vacate pursuant to 28 U.S.C.§2255 for complete factual and legal arguments on this claim.

### CLAIM FOUR(c)

The Movant objects to the Report's findings for a lack a detail finding on whether the government has an absolute right to deny a defendant an opportunity to plead guilty and reserve certain rulings for appeal, if there is a disagreement between the Court and the

-19-

### CLAIM FOUR(d)

The Movant objects to the Report's findings as to the conclusions of law in that the application of the law is clearly erroneous.

In order to avoid the duplication of pleadings, the Movant incorporates herein and refers the court to his motion to Vacate pursuant to 28 U.S.C.§2255 for complete and legal arguments on this claim.

### CLAIM FOUR(e)

The Movant objects to the Report's findings as to the conclusions of law in that the application of the law is clearly erroneous.

In order to avoid the duplication of pleadings, the Movant incorporates herein and refers the Court to his motion to Vacate pursuant to 28 U.S.C.§2255 for complete and legal arguments on this claim.

### CLAIM FIVE

The Movant objects to the Report's findings of fact and law. The Report fails to address the dissimilarity of the Florida and federal drug statutes. And the conclusions of fact and law are erroneous. Finally, the Report fails to realize that factual support is obviously clear in the record. Indeed, all evidence seized was the derivative of the wire intercepts. And the government has all relevant information in its possession and did not disclose this material to Movant or his counsel.

In order to avoid the duplication of pleadings, the Movant incorporates herein and refers the Court to his Amended Motion to Vacate pursuant to 28 U.S.C.§2255 for complete and legal arguments on this claim.

Accordingly, Movant respectfully objects to the Magistrate's
Report in its entirety and moves this Honorable Court to grant
the Movant the appropriate relief that is required to correct this
wrong that has happened at Movant's trial. At the very least, this
Court should grant Movant an evidentiary hearing to resolve the
claims in One, Two, and Four(a), which no factual findings were
never made by this Court or any other court as to the timeliness
of the seal not just the presence of any seal. The Magistrate's
findings is contrary to the Supreme Court decision in **Ojeda Rios**,
in which the Court held "...the seal required by §2518(8)(a) is
not just any seal but a seal that has been obtained immediately
upon expiration of the underlying surveillance order.The 'absence'
the Government must satisfactorily explain encompasses not only
the total absence of a seal but the absence of a timely applied
seal. **Id.** The Magistrate's Report neither discussed this nor did
she find that they were sealed immediately upon the expiration
of the underlying surveillance order. The Report erroneously concludes
that the presence of any seal is sufficient under §2518(8)(a),
regardless when the seal was applied. As stated, such a conclusion
runs foul of **Ojeda Rios**. And this Court must,in the "absence" of
a timely applied seal not just any seal, hold an evidentiary hearing
to make sure that Movant's rights were scrupulously honored by
the government.

-21-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was mailed this 26th day of FEBRUARY, to the United States Attorney, 500 East Broward Blvd, Suite 700, Fort Lauderdale, FL 33394.

_Lavon Heath 2/26/02_

LAVON HEATH
27989-004
P.O.Box 7007
Federal Correctional Inst.
Marianna, FL 32447-7007

Attachment G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case 00-8925-Civ-ROETTGER**
**(90-8065-Cr-ROETTGER)**
**Magistrate Judge Sorrentino**

LAVON HEATH                          :

       Movant,              :

v.                                   :

UNITED STATES of AMERICA        ,    :

              Respondent.      :
_____

### MOTION FOR RECONSIDERATION AND CLARIFICATION

COMES NOW, Movant, Lavon Heath, pro-se, and pursuant to the Rules of Civil Procedures, Rule 59(e) and 52(b) and moves this Honorable Court to reject the Magistrate's Report and for the sake of clarity of Movant's position on **CLAIM ONE, TWO,** and **FOUR(a)**. Movant avers that for the following reasons the findings of Magistrate should be rejected and the motion to Vacate granted.

Rule 59(e) and 52(b), of the Federal rules of Civil Procedure empowers a United States District Court to alter or amend judgements. "Although the words 'alter or amend' imply something less than 'set aside', a Court may use Rule 59(e) and 52(b) to set aside the entire judgement.

The Supreme Court in **Browder v. Director, Ill. Dept. of Corrections,** 434 U.S.257 held that the Federal Rules of Civil Procedure are not wholly inapplicable in habeas corpus proceeding. **Id.** at 434 U.S.269.

In **Foutty v. Equifax Services, Inc.,** 764 F.Supp.621(D.Kan.1991), the District Court, Earl E. O'Conner, Chief Judge held: "'It is general rule that Motion to Reconsider is opportunity for a Court

to correct manifest errors of law or fact and review newly discovered evidence'"(quoting **Harsco Corp. v. Zlotnicki**, 779 F.2d 906,909(3rd. Cir.1985), cert.denied, 176 U.S.1171(1986). Appropriate circumstances for a Motion to Reconsider are where the Court has obviously misapprehended a party's position, the facts or the law, or mistakenly has decided issues outside of those the parties presented for determination. See also. **Max's Seafood Cafe Ex. Rel. Lou-Ann v. Quinteros**, 176 F.3d 669(3rd. Cir.1999).


## STATEMENT OF FACTS

The Movant filed a Motion To Vacate Sentence pursuant to §2255, in this District Court on October 3,2000. In this motion to vacate, Movant raised four claims but three of those are relevant here, they go as follow:

    1.  The trial court erred in admitting wiretap recordings which allegedly were not sealed pursuant to 18 U.S.C.§2518(8)(a).

    2.  The government violated **Brady** by failing to disclose that the wiretap recordings were not sealed in violation of 18 U.S.C.§2518(8)(a).

    3.  Ineffective assistance of counsel for failing to:

        a.  suppress the wiretap recordings because they were not sealed, in violation of 18 U.S.C.§2518(8)(a).

On June 26, 2001, the government filed it's response to Movant's §2255 motion.

On Februrary 11,2002, the Magistrate filed a Report recommending the denial of Movant's motion.

On Februrary 19,2002, the Movant received the Report through institutional at Marianna, FL.

-2-

From a thorough reading and evaluation of the motion filed and the Magistrate's Report and Recommendation the Movant now realizes that the three issues were not presented to this Court in the precise manner that Movant would like it to have been. The label that Movant attached was incomplete, in that the three issues should have included the fact that there is a  lack of a seal that has been obtained immediately not just any seal. In the "absence" of this immediately obtained seal  the evidence was inadmissible.

Although there is an obvious confusion of the facts and the law requirements on this issue. The Magistrate seems to have held Movant's pleadings to the standards of a lawyer. And this standard is contrary to the law of this Circuit. In **United States v. Brown**, 117 F.3d 471,475(11th Cir.1997), the held that "[u]nder well-settled principles in this circuit, pro-se applications for post-conviction relief are to be liberally construed".**Id.** The Movant stated a valid claim for which Movant could prevail even though there was confusion of legal theories, poor syntax,and sentence construction.

The Magistrate's misapprehension of the law on these specific claim gives cause for this Court to reconsider the findings of the Magistrate. Indeed, for the sake of clarity the Movant request that this Court to allow Movant to clarify his position and the applicable law to the facts of this case. So, then this Court may then rule upon Movant's motion on a full understanding of his position and law.

## THE SEALING REQUIREMENTS OF §2518(8)(a)

As it turns out, the eyes that needs to be opened are those of this Court. Approximately twenty-eight months before the start of Movant's trial, the Supreme Court issued its decision in **Ojeda**

<u>Rios</u>, 495 U.S. 257(1990). In that decision, the Supreme Court held
that the sealing requirements of §2518(8)(a) applies to the absence
of a immediately obtained seal not only the total absence of a
seal. Id. <u>Ojeda Rios</u>, overruled this Circuit's prior decision in
<u>United States v. Diadone</u>, 558 F.2d 775(5th Cir.1976), which had
held that "where there was showing of prejudice to the defendant
and the government accounted for the delay...have not shown that
they were prejudice by the delay or that the integrity of the inter-
ceptions was in any way disturbed".**Id** at 780.

Aside from the obvious requirements of §2518(8)(a), the Supreme
Court has identified the explicit procedures as a prerequisite
to the admissibility of electronic surveillance:

> "Section 2518(8)(a) has a an explicit exclusionary
> remedy for noncompliance with sealing requirement,
> providing that '[t]he presence of the seal provided
> for by this subsection, or a satisfactory explanation
> for the absence thereof, shall be a prerequisite for
> the use or disclosure of the contents of any wire, oral
> or electronic communication or evidence derived there-
> from under subsection (3) of section 2517.

<u>Ojdea Rios</u>, 495 U.S. at 260(footnotes and internal quotations omitted).
The Court further explained and rejected the Government's argument
that "the 'satisfactory explanation' does not apply where the tapes
to be offered in evidence actually bear a seal, regardless of when
or why the seal was applied".**Id** at 263. Because of its importance
to Movant's claim, Movant quotes the Supreme Court's reasoning
at length:

> This argument is unpersuasive. The narrow reading suggested
> by the Government is not a plausible interpretation of con-
> gressional intent when the terms and purpose of §2518(8)(a)
> are considered as a whole. The section begins with the comm-
> and that tapes shall be sealed "immediately" upon expiration
> of the underlying surveillance order and then, prior to the
> clause relied upon by the Government, provides that "seal
> <u>provided for by this subsection</u>"(emphasis added) is a prere-

—4—

quisite to the admissibility of electronic surveillance tapes.
The clear import of these provisions is that the seal required
by §2518(8)(a) is not just any seal but a seal that has been
obtained <u>immediately</u> upon expiration of the underlying surveil-
lance order. The 'absence' the Government must satisfactorily
explain encompasses not only the total absence of a seal but
also the absence of a timely applied seal. Contrary to what
is so plainly required by §2518(8)(a), the Government would
have us nullify the immediacy aspect of the sealing requirement.

<u>Id</u> at 263.

According to the Magistrate's Report, §2518(8)(a) means that
the evidence is admissible in the "absence" of an immediately obtained
seal because the seal is present at the time the tape is sought
to be introduced. Such a conclusion runs afoul of <u>**Ojeda Rios**</u>.
In view of the undisputed facts, absence of a timely applied seal
not just the presence of any seal, and the Supreme Court decision
in <u>**Ojeda Rios**</u>, it is clear that Magistrate misapprehends the
requirements of §2518(8)(a) and the Movant's claim as to One, Two,
and Four(a) of his motion.

As the Eleventh Circuit has held in <u>**Jones v. United States**</u>,
224 F.3d 1251,1254 n.7, the Supreme Court decision stands for the
proposition that the "government could not use wiretap evidence
unless it could show either prompt sealing of tapes or a reasonable
excuse for not doing so".**Id**. By comparison, in the instant case,
the government has not shown prompt sealing of the tapes and more
importantly, the Magistrate did not find that the seal was obtained
"immediately" nor has any other court decided this critical issue.
Now that it has been established"that the seal required by §2518(8)(a)
is not just any seal but a seal that has been obtained <u>immediately</u>
upon expiration of the underlying surveillance order". <u>**Ojeda Rios**</u>
at 263. Movant now turns to that question. **Were the tapes sealed
immediately upon expiration of the underlying surveillance order?**

-5-

As to Claim One Movant put forth specific reasons why the evidence was inadmissible at this trial. Yet, the Magistrate recommends denial of Movant's motion because of the allegedly conclusory nature of Movant's claim. Indeed, the burden is on the government to prove that the tapes were sealed "immediately" upon the expiration of the underlying surveillance order as a "prerequisite" to the admissibility in any proceeding. Even if a seal seal is present at the time the tapes are sought to be introduced. The facts are undisputed, there is no evidence of record that the tapes were sealed "immediately" upon the expiration of the order only a ten-day notice to unseal, which the Magistrate points to for her conclusion that the tapes were some point in time sealed. Consequently, **were they sealed "immediately" upon the expiration of the underlying order before the tapes could be admitted?** This question has not and never been answered by this Court or any other court.

Futhermore, it is unrealistic for the Magistrate for her failure to recognize that Movant is at a serious disadvantage, although the burden is on the government, without access to the pertinent information on the immediacy aspect of §2518(8)(a), to overcome the allegedly conclusory claim put forth in Movant's motion.

As to Claim Two Movant clarifies his **Brady** claim with a specific disclosure voilation. The government suppressed evidence as to information on whether or not the tapes were sealed immediately upon the expiration of each underlying wiretap order. The record makes clear——and the Magistrate did not find——that there is no finding that the tapes were "immediately" after each order. This is because the government has never disclosed this information to Movant before or after trial. This information was material

-6-

to Movant's guilt and the center of the government's case-in-chief. The suppression of this information has deprived Movant of a fair trial and undermined the adversarial testing process. Aside from the obvious suppression of this evidence,this evidence was essential to fair determination of whether the requirements of 2518(8)(a) were met. And it is clear the government suppressed material evidence because the lack of a record on the immediacy aspect of the statute being complied with. Accordingly, the has violated Movant's due process rights to a fair trial.

Finally, as to Claim Four(a) Movant clarifies his ineffective assistance of counsel claimon the basis that counsel specifically did not investigate whether or not the tapes were sealed "immediately" or to make a reasonable decision that makes particular investigations unnecessary.

Movant's conviction was primarily based on the interceptions of his communications. Except under extraordinary circumstances electronic surveillance may be conducted only pursuant to a court order. See §2518(1)-(6). Then, "[i]mmediately upon the expiration of the period of the order, or extension thereof, such recordings shall be made available to the issuing such order and sealed under his direction'. §2518(8)(a). Thus, the critical question was then, were the tapes sealed immediately?

Counsel's duty at this stage of the case was clear. In addition to general investigation for the pretrial phase, counsel's primary obligation was to investigate whether wire intercept tapes were "immediately" sealed upon the expiration of each surveillance order. Had counsel handled this professional responsibility with anything approaching the "reasonableness" demanded by **Strickland**, 466 US

-7-

at 687-691, he would have found the Supreme Court case **Ojeda Rios**
directly on point, addressing the requirements of §2518(8)(a) under
which the evidence may be admitted under specific circumstances
and rejecting an argument that where the tapes to be offered in evidence
actually bear a seal, regardless of when or why the seal was applied,
the satisfactory explanation does not apply. The Supreme Court
in **Ojeda Rios** emphatically explained the requirements of 2518(8)(a),
in stating that"the seal required by §2518(8)(a) is not just any
seal but a seal that has been immediately upon the expiration of
the underlying surveillance order. The 'absence' the Government
must satisfactorily explain encompasses not only the total absence
of a seal but also the absence of a timely applied seal. **Id.** In the
absence of this timely applied seal before the evidence can be
admitted it was the duty of counsel to provide the trial judge
about this crucial question of law. This failure to find this criti-
cally important case, addressing th requirements of the statute,
constitutes irrefutable evidence of counsel's performance.

The failure to call the trial judge's attention to **Ojeda Rios**
constituted ineffective assistance of counsel and seriously undermined
the proper functioning of the adversarial process. The fact that
counsel's performance constituted an abject failure to address
the most important legal question at issue during Movant's pretrial
hearings gives rise, without more, to a powerful presumption of
breakdown in the entire adversarial system. Accordingly, Movant
has been his Sixth Amendment right to effective assistance of counsel.


## RELIEF SOUGHT

Due to the misapprehension of Moavnt's claim by the Magistrate

-8-

and her misapplication of the law to the facts of this case. Indeed, there is absolutely nothing in the trial court record that the tapes were sealed "immediately" upon the expiration of each underlying surveillance order, without more, effectively causing this evidence to be inadmissible, (2) the government has suppressed this information, the dates on which the tapes were sealed, in violation of **Brady**. And not just any seal but a seal that has been obtained "immediately" this is the evidence that the government has suppressed, and (3) and counsel was ineffective for failing to move for suppression of the evidence in the "absence" of a timely applied seal and not just any seal because they actually bear a seal before the are offered in evidence. Consequently, the Magistrate's findings has effectively nullified the "immediacy aspect of the sealing requirement", contrary to the Supreme Court decision in **Ojeda Rios**. In accordance with Federal Rules of Procedure, Rule 59(e) and 52(b), this Court should reject the Magistrate's Report and Recommendation and correct this injustice.

## CONCLUSION

In light of all true statements of fact, citations, and Federal Rules of Civil Procedure, Rule 59(e) and 52(b), this Honorable Court by law must reconsider Movant's position for the sake of clarity of the claims and Movant's pro-se status construe this petition liberally and reject the Magistrate's Recommendation of denial for relief under 28 U.S.C.§2255. See **Max's Seafood cafe Ex. Rel. Lou-Ann v. Quiteros**, 176 F.3d 669(3rd Cir.1999).

-9-

## CERTIFICATE OF SERVICE

I, Lavon Heath, hereby certify that I have on this 26th day of February, served a copy of the above pleading upon the AUSA Thomas O'Malley, 500 East Broward Boulevard, Suite 700, Ft.Lauderdale, Florida 33394

*Lavon Heath* 2/26/02
Lavon Heath 27989-004
P.O.Box 7007
Federal Correctional Inst.
Marianna, FL 32447-7007

*Attachment 7*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _RF_ D.C.

APR 1 3 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

CASE NO. 05-61976-CIV-COHN/SNOW

LAVON HEATH,

       Plaintiff,

vs.

THOMAS O'MALLEY, ET AL.,

       Defendants.

*CLOSED CIVIL CASE*

_____/

## ORDER MODIFYING IN PART AND OTHERWISE ADOPTING MAGISTRATE'S REPORT AND ORDER CLOSING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation [DE 4] prepared by United States Magistrate Judge White filed on February 3, 2006, and Plaintiff Lavon Heath's Motion for Leave to Amend [DE 8], and Plaintiff's "Motion for Review" [DE 7]. Plaintiff, pro se, timely filed Objections [DE 7] to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a <u>de novo</u> review of the record herein, including the pleadings, the Report and Recommendation, Plaintiff's Objections, and Plaintiff's Amended Objections, and is otherwise fully advised in the premises.

This case carries with it a protracted history. Plaintiff is currently incarcerated under a federal sentence for his involvement in a crack cocaine and cocaine distribution operation in Palm Beach County, Florida, from June 1, 1988, through June 14, 1990. Less pertinent background facts of this criminal enterprise are fully fleshed out in the decision regarding Plaintiff's first appeal from his conviction. <u>See generally</u>

United States v. Glinton, 154 F.3d 1245 (11th Cir. 1998). For the purposes of the instant order, only the following facts, gleaned from the Eleventh Circuit's recap and the record herein, are necessary for the Court's consideration.

In a joint effort, federal and state authorities began an investigation of the drug distribution enterprise in 1988. As part of their investigation, they obtained a state judge's order authorizing them to tap several phone lines. Information from one of these wiretaps led to Plaintiff's arrest and conviction. The record is not all together clear on the details of these wiretap orders, but it is evident that they were ultimately sealed by the state court. Indeed, Assistant State Attorney Robert Shepard testified in a suppression hearing that he had filed a ten-day notice in state court to unseal the state wire intercept so that it could be used in the federal prosecution.

Following Plaintiff's arrest and conviction, Plaintiff was sentenced to 400 months. The Eleventh Circuit remanded for resentencing. Plaintiff was resentenced to 292 months. He appealed, the sentence was affirmed, and the mandate issued on March 3, 2000. Plaintiff filed a timely motion to vacate pursuant to 28 U.S.C. § 2255.[1] In support of his motion, Plaintiff argued, inter alia, that the "trial court erred in admitting evidence, conversations and derivative, of intercepted communications for the government's failure to satisfactorily explain the absence of the seal before the contents of intercepted communications can be disclosed at trial, in violation of 18 U.S.C. § 2518(8)(a)" and that the government violated Brady v. Maryland, 373 U.S. 83 (1963),

---

[1] This was actually Plaintiff's second motion to vacate. The first was dismissed without prejudice because it was filed prior to the completion of his direct appeal. For the purposes of 28 U.S.C. § 2255, it was Plaintiff's first motion to vacate.

2

by failing to disclose "that it did not comply with the sealing requirements of 18 U.S.C. § 2518(8)(a)." Heath v. United States, No. 00-8925-CIV (Oct. 20, 2000) [DE 1] (Corrected Mot. to Vacate, Set Aside, or Correct Sentence). Plaintiff also claimed ineffective assistance of counsel for counsel's failure to object to the government's failure to present evidence of the seal, pursuant to 18 U.S.C. § 2518(8)(a). Id.

As to Plaintiff's first claim, Magistrate Judge Sorrentino found that even if this claim was not procedurally barred for Plaintiff's having failed to raise it before the trial court, the claim lacked merit because ASA Shepard's suppression hearing testimony demonstrated that the wiretap was indeed sealed. As to the second claim, the magistrate found that the government had disclosed the ten-day notice that ASA Shepard filed in the state forum and this notice demonstrated that the wire tap was sealed. Therefore, the government had not failed to disclosed Brady material concerning the propriety of its wiretap procedures. And with respect to the last claim, the magistrate found that Plaintiff's trial counsel did, in fact, move to suppress the wiretap on several grounds, but the motion was denied and the denial was affirmed on appeal. Moreover, the record demonstrated that the wiretap was indeed sealed. Accordingly, the magistrate found that Plaintiff's counsel was not ineffective. Having found against Plaintiff for all of his other claims, Magistrate Judge Sorrentino recommended dismissal.

Before the Court adopted the magistrate's report and recommendation, Plaintiff filed a "Motion for Reconsideration and Clarification." Plaintiff stated that his above claims concerning the wiretap were misconstrued. He was not claiming that the

3

wiretaps were not sealed, Plaintiff explained.  Rather, he was claiming that they were not sealed "immediately," pursuant to 18 U.S.C. § 2518(8)(a).  (Heath v. United States, No. 00-8925-CIV (March 4, 2002) [DE 23].)  Without explanation, the District Court denied Plaintiff's Motion and adopted the magistrate's report and recommendation. (Heath v. United States, No. 00-8925-CIV (March 17, 2002) [DE 24] (Order on Report and Recommendation of U.S. Magistrate).)

Plaintiff then filed an "All Writs Act" filing, requesting a writ of mandamus requiring Assistant U.S. Attorney Thomas O'Malley to disclose documents concerning the state court's seal.  Plaintiff stated that he was entitled to such documents in order to ascertain whether the seal occurred immediately.  (Heath v. United States, No. 00-8925-CIV (Sept. 19, 2005) [DE 33].)  The Court re-docketed Plaintiff's filing as a separate action under 18 U.S.C. § 2255.  (Heath v. United States, No. 00-8925-CIV (Oct. 20, 2005) [DE 36].)  Magistrate Judge White then found that, despite the title of the document, Plaintiff's filing was in effect a successive motion to vacate under 18 U.S.C. § 2255.  Accordingly, the magistrate recommended that the case be dismissed for Plaintiff's failure to obtain permission from the Eleventh Circuit Court of Appeals, as required by 28 U.S.C. § 2254(b)(3).  Finally, the magistrate advised Plaintiff that if he intended to file a civil rights action, he should do so under 42 U.S.C. § 1983 and submit the action on the appropriate form.  (Heath v. United States, No. 05-80955-CIV (Nov. 7, 2005) [DE 3].) The District Court adopted the magistrate's recommendation and the action was dismissed.  (Heath v. United States, No. 05-80955-CIV (Nov. 9, 2005) [DE 5].)

All of the above proceedings lead to the instant matter. Plaintiff apparently followed the magistrate's advise and filed the instant action as a civil rights suit under 42 U.S.C. § 1983.[2] Plaintiff's Complaint, however, requests the exact same relief in his prior "All Writs Act" filing. In other words, Plaintiff seeks a court order requiring certain state and federal prosecutors, as well as their offices, to produce documents concerning the state court's seal of the wiretap. Magistrate Judge White properly construed this request as a mandamus action.

The magistrate found that, with respect to the state Defendants, federal courts have no power to issue a mandamus order. Plaintiff has not objected to this finding, and the Court agrees. Accordingly, the Court shall adopt this finding and Plaintiff's claims against the state defendants shall be dismissed.

As to the federal defendants, the magistrate found that Plaintiff had failed to provide any duty on the part of the federal prosecutor, AUSA O'Malley, or the U.S. Attorney's office, to provide the documents that Plaintiff seeks. Without such a duty, a mandamus order is improper. In his objections, Plaintiff argues that federal prosecutors have a duty under Brady to provide such information.

---

[2] The Court notes that Plaintiff alleges in his § 1983 complaint that he has not "begun other lawsuits in . . . federal court dealing with the same facts involved in this action or otherwise relating to [his] imprisonment." This is patently false given the above background. Although pro se prisoners must not be held to the same standards as lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), this general rule does not grant pro se prisoners license to plead outright falsehood. The Court therefore admonishes Plaintiff that such errors or omissions done in bad faith can result in sanctions.

The Court has jurisdiction over an action for a writ of mandamus pursuant to 28 U.S.C. § 1361, which provides jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (internal quotes omitted). "Put another way, a writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" Id. (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)).

With respect to duties under Brady, a prosecutor is obligated to produce material evidence that is favorable or exculpatory to a defendant. 373 U.S. at 87–88; United States v. Schier, 438 F.3d 1104, 1106 n.1 (11th Cir. 2006). "[E]vidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Maharaj v. Sec. for Dept. of Corrections, 432 F.3d 1292, 1309 (11th Cir. 2005) (quoting Kyles v. Whitley, 514 U.S. 419, 433–34 (1995)).

Plaintiff's argument raises several difficult questions. First, the Court must determine whether Brady even applies at all in a post-conviction proceeding. Caselaw on point is sparse, but several courts have held that Brady obligations do not end with a conviction. Rather, where material exculpatory evidence arises following an individual's conviction, a prosecutor is obligated to produce such evidence. See, e.g.,

6

Thomas v. Goldsmith, 979 F.2d 746, 749–50 (9th Cir. 1992); Monroe v. Butler, 690 F.

Supp. 521, 525 (E.D. La. 1988); see also Note, A Defendant's Right to Exculpatory

Evidence: Does the Constitutional Duty to Disclose Exculpatory Evidence Extend to

New Evidence Discovered Post-Conviction?, 15 St. Thomas L. Rev. 245, 255–58

(2002) (discussing caselaw).  Accordingly, Brady can provide a clear nondiscretionary

duty on the part of a federal prosecutor to disclose material exculpatory evidence.[3]

     Here, the documentation Plaintiff seeks could be material in that it could

demonstrate that the wiretap was not sealed "immediately" in accord with Title III of the

Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2518–2522.  The Act

provides: "Immediately upon the expiration of the period of the order [allowing the

wiretap], or extensions thereof, such recordings shall be made available to the judge

issuing such order and sealed under his directions."  18 U.S.C. § 2518(8)(a).  "The

presence of the seal provided for by this subsection, or a satisfactory explanation for

the absence thereof, shall be a prerequisite for the use or disclosure of the contents of

---

[3] There can be little dispute that the documents which Plaintiff seeks, if they exist, are within the scope of Brady material.  Brady does not include only those documents actually within a prosecutor's possession; it includes "any favorable evidence known to the others acting on the government's behalf in the case, including the police."  Kyles v. Whitley, 514 U.S. 419, 437 (1995).  Where federal and state agents combine their efforts in an investigation that ultimately leads to a federal prosecution, federal prosecutors may be responsible for evidence within the possession of the state agents.  See, e.g., Sealed Case No. 99-3096, 185 F.3d 887, 896 (D.C. Cir. 1999) (holding that federal prosecutors are responsible for disclosing Brady information in possession of Washington metropolitan police); United States v. Ramos-Cartagena, 9 F. Supp. 2d 88, 91 (D.P.R. 1998) ("Whether a state or another federal agency may be considered part of a federal prosecution team depends upon the level of involvement between the United States Attorney's Office and the state or agency which holds the alleged Brady material.").

any wire, oral, or electronic communication or evidence derived therefrom . . . ." <u>Id.</u>
The absence of an immediate seal is grounds for suppression of the wiretap recording
and derivative evidence. <u>See</u> <u>United States v. Ojeda Rios</u>, 495 U.S. 257, 263–64
(1990). In the Eleventh Circuit, the immediacy provision requires a seal within one to
two days. <u>United States v. Matthews</u>, 431 F.3d 1296, 1307 (11th Cir. 2005). Hence, if
Plaintiff obtains evidence that state investigators did not obtain a seal of the wiretap
recording within one or two days after the expiration of the state court's order allowing
the wiretap, he could demonstrate that the evidence used against him should have
been suppressed.

The materiality of <u>Brady</u> evidence after a conviction, however, would depend on
whether Plaintiff could actually affect the outcome of a post-conviction proceeding
should he have access to such evidence. In a case where a prisoner has already filed
a § 2255 motion, as here, a court must consider whether the prisoner has waived his
right to bring additional claims with the new evidence. In other words, the additional
evidence cannot have any effect on a prisoner's predicament unless the prisoner could
actually make use of the evidence in a second or successive § 2255 motion.

This is where things get more complicated. In order to bring a second or
successive § 2255 motion, a federal prisoner must first seek leave from the Court of
Appeals, applying the standards set forth in 28 U.S.C. § 2254(e)(2).[4] There are two

---

[4] Plaintiff's claims may not actually be second or successive claims, given that in
his first § 2255 proceeding, he filed a motion for reconsideration and clarification. This
motion raised the very claims he would bring should he obtain evidence that the
wiretap recordings were not immediately sealed. The motion was denied, however, so
the Court essentially held that Plaintiff was bound by his original pleadings, which

categories of claims that an appellate court will allow. First, a prisoner may bring a second or successive petition where the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review and not previously available. 28 U.S.C. § 2254(e)(2)(A)(i). This is plainly not applicable here. Second, a second or successive petition may be appropriate where a claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A)(ii). Plaintiff would not have any success with this provision, either. There is no reason, with the exercise of due diligence, Plaintiff could not have raised a claim concerning the immediacy of the state court's wiretap seal in his first petition. Indeed, Plaintiff did raise such a claim in his motion for reconsideration and clarification after the magistrate issued a report and recommendation. Plaintiff's motion was denied, however, so he was not allowed to modify his original § 2255 motion. Therefore, Plaintiff cannot argue that the factual predicate, i.e. the alleged lack of immediacy of the state court's wiretap seal, was not available when he first pursued his § 2255 motion.

Accordingly, Plaintiff cannot establish that either AUSA O'Malley or the U.S. Attorney's Office has a legal obligation to produce the evidence Plaintiff seeks because the evidence is no longer material under Brady, even if Brady applies in the realm of

---

failed to specifically raise any issue concerning whether the wiretap recording was immediately sealed. One could question the fairness of such a denial, especially with a pro se prisoner and especially where the denial was without explanation. Nevertheless, it is binding in a subsequent § 2255 motion, see Shore v. Warden, 942 F.2d 1117, 1123 (7th Cir. 1991), and this Court shall not disturb the earlier Court's determination.

9

post-conviction remedies.  In other words, even if the Court were to issue a mandamus order and the federal Defendants had evidence to produce, there is nothing that Plaintiff could do with this evidence at this late stage.[5]

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.     Plaintiff's Motion for Leave of Court to Amend [DE 8] is **GRANTED**.

2.     Plaintiff's "Motion for Review" [DE 7] is **DENIED**.[6]

3.     The Report and Recommendation of Magistrate Judge White [DE 4] is hereby **MODIFIED** by the above opinion and otherwise **ADOPTED**.

4.     This action is hereby **DISMISSED**.

---

[5] This holding is fully consistent with the underlying policies of the Antiterrorism and Effective Death Penalty Act of 1996, which amended § 2255 and § 2254.  The Supreme Court has noted that the purpose of the Act was "to reduce delays in the execution of state and federal criminal sentences" and to "'further the principles of comity, finality, and federalism.'"  Woodford v. Garceau, 538 U.S. 202, 206 (2003) (quoting Williams v. Taylor, 529 U.S. 420, 436 (2000)).  Accordingly, further § 2255 relief outside of the narrow confines provided for second or successive motions would violate the Act.  Allowing a federal prisoner to pursue by mandamus information that the prisoner could not apply to a subsequent § 2255 motion would be an obvious abuse of the writ of mandamus.

[6] The Court is not certain what relief Plaintiff requests in his Motion for Review. The Court assumes, however, that Plaintiff is simply seeking a review of the magistrate's report and recommendation.  Given that the Court has conducted, and was obligated to conduct, a de novo review pursuant to 28 U.S.C. § 636(b)(1), no further review is necessary.

5.    All pending motions are **DENIED** as moot.  The Clerk of Court is hereby

instructed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this _13TH_ day of April 2006.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Lavon L. Heath, pro se

Attachment 8

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 06-12521
Non-Argument Calendar

---

```
┌─────────────────────────┐
│         FILED           │
│  U.S. COURT OF APPEALS  │
│   ELEVENTH CIRCUIT      │
│   DECEMBER 21, 2006     │
│   THOMAS  K. KAHN       │
│        CLERK            │
└─────────────────────────┘
```

D. C. Docket No. 05-61976-CV-JIC

LAVON LAMAR HEATH,

Plaintiff-Appellant,

versus

ASST. U.S. ATTORNEY,
ASST. STATE ATTORNEY,
STATE ATTORNEY'S OFFICE, 15th
Judicial Circuit,
U.S. ATTORNEY'S OFFICE,
Southern District of Florida,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Florida

---

(December 21, 2006)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Lavon Lamar Heath, proceeding pro se, appeals the dismissal of his complaint, filed under 42 U.S.C. § 1983, which the district court construed as a petition for writ of mandamus under 28 U.S.C. § 1361, for lack of subject-matter jurisdiction under 28 U.S.C. § 1361. Heath is currently serving a federal sentence based on convictions stemming from his involvement in a drug distribution operation. We set out the facts underlying his convictions in our resolution of Heath and other co-defendants' direct appeal, United States v. Glinton, 154 F.3d 1245 (11th Cir. 1998). Heath filed this complaint seeking disclosure of the dates on which the state court sealed the wiretap recordings, the contents of which were used at his criminal trial, in order to determine whether they were sealed "immediately" pursuant to 18 U.S.C. § 2518(8)(a). On appeal, Heath challenges that district court's finding that the federal defendants did not have a clear duty under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) to provide the requested information.[1] For the reasons set forth more fully below, we affirm.

We review the district court's determination of whether it has mandamus

---

[1] Heath does not challenge the district court's finding that it could not grant mandamus relief against the state defendants. He has therefore abandoned this issue. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

jurisdiction de novo.  See Lifestar Ambulance Service, Inc. v. United States, 365

F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 543 U.S. 1050 (2005).

> "The test for jurisdiction is whether mandamus would be an
> appropriate means of relief." Jones v. Alexander, 609 F.2d 778, 781
> (5th Cir.1980).  Mandamus relief is only appropriate when: (1) the
> plaintiff has a clear right to the relief requested; (2) the defendant has
> a clear duty to act; and (3) "no other adequate remedy [is] available."
> Id.  Put another way, a writ of mandamus "is intended to provide a
> remedy for a plaintiff only if he has exhausted all other avenues of
> relief and only if the defendant owes him a clear nondiscretionary
> duty." Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80
> L.Ed.2d 622 (1984).  "In resolving whether section 1361 jurisdiction
> is present, allegations of the complaint, unless patently frivolous, are
> taken as true to avoid tackling the merits under the ruse of assessing
> jurisdiction." Jones, 609 F.2d at 781.

Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (alteration in original).

Section 2518(8)(a) requires that, "[i]mmediately upon the expiration of the

period of the order [authorizing or approving the interception of wire, oral, or

electronic communications], or extensions thereof, such recordings shall be made

available to the judge issuing such order and sealed under his directions."  18

U.S.C. § 2518(8)(a).  The statute further requires, as a prerequisite to testimony

concerning the content of the intercepted communications or evidence derived

therefrom, "[t]he presence of the seal provided for by this subsection, or a

satisfactory explanation for the absence thereof . . . ." Id. (cross-referencing 18

U.S.C.A. § 2517(3)).  A recording is sealed in accordance with the immediacy

3

requirement of § 2518(8)(a) if it is sealed within one or two days of the expiration

of the period of the order.  United States v. Matthews, 431 F.3d 1296, 1307 (11th

Cir. 2005), cert. denied, 127 S.Ct. 46 (2006).  To the extent that Heath asserts an

independent duty of disclosure under § 2518(8)(a), we hold that, under the terms of

the statute, Heath does not have a clear right to the information and the government

does not have a clear duty to disclose that information to Heath.

Under Brady, "the suppression by the prosecution of evidence favorable to

an accused upon request violates due process where the evidence is material either

to guilt or to punishment."  Grossman v. McDonough, 466 F.3d 1325, 1341 (11th

Cir. 2006) (quoting Brady, 373 U.S. at 87, 83 S.Ct. at 1196-97) (quotation marks

omitted).  The prosecutor's duty applies even where there has been no request by

the accused and extends to impeachment evidence as well as exculpatory evidence.

Grossman, 466 F.3d at 1341.  "Evidence is material 'if there is a reasonable

probability that, had the evidence been disclosed to the defense, the result of the

proceeding would have been different.'"  Id. at 1341-42 (quoting United States v.

Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)).  In

other words, "the materiality standard for Brady claims is met when 'the favorable

evidence could reasonably be taken to put the whole case in such a different light

as to undermine confidence in the verdict.'"  Banks v. Dretke, 540 U.S. 668, 698,

4

124 S.Ct. 1256, 1276, 157 L.Ed.2d 1166 (2004) (citation omitted).

For the purposes of this appeal, we assume, without deciding, that the prosecutor's duty under <u>Brady</u> requires disclosure of material exculpatory information after completion of an initial habeas corpus proceeding and that information relevant only to suppression of evidence on legal grounds comes within the scope of <u>Brady</u>. However, Heath cannot show a clear duty under <u>Brady</u> in his case. In a case considering the denial of a post-trial motion for discovery we stated:

> The rule regarding exculpatory evidence announced in <u>Brady</u> applies after trial when it is discovered that the prosecution had material information of which the defense was unaware. <u>United States v. Agurs</u>, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). In <u>United States v. Quinn</u>, 123 F.3d 1415 (11th Cir.1997), we held that the government was not required to disclose the contents of personnel files or submit them for in camera review simply based on the defendant's unsupported contention that they might contain information of significance to his case. <u>Id.</u> at 1421-22. We declined to order discovery based upon mere speculation as to whether the material would contain exculpatory evidence because to do so would "convert <u>Brady</u> into a discovery device and impose an undue burden upon the district court." <u>Id.</u> at 1422 (quotation marks and citation omitted).

<u>United States v. Arias-Izquierdo</u>, 449 F.3d 1168, 1189 (11th Cir.), <u>cert. denied</u>, 127 S.Ct. 521 (2006) and <u>pet. for cert. filed</u>, (U.S. Nov. 13, 2006) (No. 06-7829).

Heath, by his own admission, is merely speculating as to whether the requested information will show that the recordings were not sealed immediately.

5

As a result, we hold that the government does not have a clear duty to act, pursuant to <u>Brady</u>, which would permit the grant of mandamus relief.

In light of the foregoing, the district court's dismissal of Heath's complaint is **AFFIRMED.**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing petition was mailed to the United States Attorney's Office for the Middle District of Alabama, P.O. Box 197, Montgomery, Alabama 36101-0197, this day of 21ST March, 2007.

LAVON HEATH, pro-se
#27989-004
FEDERAL PRISON CAMP
MAXWELL AFB
MONTGOMERY, AL 36112

-49-