IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAVON HEATH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:07cv255-WKW |
| | ) | (WO) |
| | ) | |
| DARLENE A. DREW, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Lavon Heath ("Heath"), an inmate confined at the Maxwell Federal Prison Camp, initiated this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  By his petition, Heath challenges his convictions and sentence for various controlled substance offenses entered against him by the United States District Court for the Southern District of Florida.  He seeks his release from imprisonment.

**I. FACTS**[1]

In May 1991, a federal grand jury for the Southern District of Florida indicted Heath and several codefendants in connection with the buying and selling of cocaine and the manufacture of crack cocaine.  Following a joint jury trial, Heath was found guilty of conspiracy to manufacture and possess with intent to distribute crack cocaine, conspiracy to

---

[1]The facts are gleaned from Heath's § 2241 petition and accompanying attachments, the briefs filed in Heath's direct appeal, and the docket sheet maintained in *United States v. Martin, et al.*, 9:90-cr-8065-JIC (S.D. Fla.).

possess with intent to distribute cocaine hydrochloride, possession of cocaine hydrochloride with intent to manufacture crack cocaine, manufacture of crack cocaine, and possession with intent to distribute cocaine hydrochloride and crack cocaine. On July 7, 1993, the trial court sentenced Heath to five concurrent terms of 400 months' imprisonment.

Heath filed a direct appeal, asserting that there was insufficient evidence to support his convictions, challenging the legality of a government wiretap and search of his apartment, and questioning whether the trial court erred in enhancing his sentence based on his managerial role in the offenses. On September 14, 1998, the Eleventh Circuit Court of Appeals affirmed Heath's convictions, but remanded for resentencing, finding that the trial court erred when it enhanced Heath's sentence based on his managerial role in the offenses. *United States v. Glinton*, 154 F.3d 1245 (11th Cir. 1998).

On May 21, 1999, the trial court amended its prior judgment and resentenced Heath to five concurrent terms of 292 months' imprisonment. In all other respects, the court's judgment remained the same. Heath appealed his resentencing, and on January 26, 2000, the Eleventh Circuit affirmed his resentencing. *United States v. Heath*, 208 F.3d 1012 (11th Cir. 2000) (table). The mandate issued on March 3, 2000.

On October 3, 2000, Heath filed a § 2255 motion in the United States District Court for the Southern District of Florida.[2] On March 17, 2002, the district court denied that

---

[2]In the § 2255 motion, Heath claimed (1) the trial court erred in admitting wiretap recordings that allegedly were not sealed in compliance with 18 U.S.C. § 2518(8)(a); (2) the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that the wiretap recordings were not

(continued...)

motion, deciding all claims adversely to Heath. *Heath v. United States*, 00-cv-8925 (S.D. Fla.). Heath does not assert, and the docket sheet does not indicate, that he appealed the denial of that § 2255 motion.

In September 2005, Heath filed a petition in the United States District Court for the Southern District of Florida, styled as an "All Writs Act" filing, which the district court found to be a functional successive § 2255 motion challenging Heath's convictions and sentence.[3] Accordingly, on November 9, 2005, the district court dismissed the successive § 2255 motion for Heath's failure to obtain permission from the Eleventh Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3). *Heath v. United States*, 05-cv-80955 (S.D. Fla.). It is not apparent whether Heath appealed that decision.

In December 2005, Heath filed a complaint in the United States District Court for the Southern District of Florida under 42 U.S.C. § 1983, which that court construed as a petition for writ of mandamus under 28 U.S.C. § 1361. By his complaint, Heath sought an order compelling prosecutors to produce documentation demonstrating the dates on which the wiretap recordings used in his criminal trial were sealed, in order to determine whether they were sealed "immediately" in compliance with 18 U.S.C. § 2518(8)(a). On April 13, 2006, the district court dismissed Heath's complaint, finding that the prosecutors did not have a clear duty under *Brady v. Maryland*, 373 U.S. 83 (1963), to produce the requested

---

[2](...continued)
sealed in compliance with § 2518(8)(a); (3) his convictions and sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (4) he received ineffective assistance of trial and appellate counsel.

information.  *Heath v. O'Malley, et al.*, 05-cv-61976-JIC (S.D. Fla.).  Heath appealed, and

on December 21, 2006, the Eleventh Circuit affirmed the district court's judgment.  *Heath*

*v. Asst. U.S. Attorney*, No. 06-12521, 2006 WL 3771942 (11th Cir. Dec. 21, 2006).

## II.  DISCUSSION

In the instant petition, Heath contends that (1) the trial court erred in admitting

evidence derived from wiretap recordings where the government failed to show that the

wiretap recordings were sealed "immediately" in accordance with the requirements of 18

U.S.C. § 2518(8)(a); (2) his trial counsel rendered ineffective assistance by failing to

investigate and object to the government's failure to prove its compliance with § 2518(8)(a)'s

immediacy requirements for the sealing of wiretap recordings; and (3) the district court failed

to fully and fairly adjudicate all the claims in his first § 2255 motion (*Heath v. United States*,

00-cv-8925 (S.D. Fla.)), specifically his claim regarding the government's failure to comply

with § 2518(8)(a)'s immediacy requirements for the sealing of wiretap recordings.[4]  (Doc.

No. 1 at 11-48.)

The claims presented by Heath go to the fundamental legality of his conviction and

resulting incarceration.  The law directs that 28 U.S.C. § 2255 is the exclusive remedy for

challenging the validity of a conviction and/or sentence imposed by a federal court.  "An

application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for

relief by motion pursuant to ... section [2255], shall not be entertained if it appears that the

---

[4]Heath argues, at some length, that the United States District Court for the Southern District of Florida failed to fully address a specific claim in his first § 2255 motion that the wiretap recordings used in his trial were "immediately" sealed in compliance with § 2518(8)(a).

applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [the inmate's] detention."  28 U.S.C. § 2255 ¶5.

It appears from a review of the petition that Heath filed this action pursuant to § 2241 in an attempt to circumvent the applicable one-year period of limitation and/or the constraint on successive § 2255 motions contained in 28 U.S.C. § 2244(b)(3)(A).[5]  However, under no circumstances can this court countenance Heath's circumvention of the procedural restraints contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as § 2255 is not rendered inadequate or ineffective to challenge the legality of a petitioner's detention merely because the applicable limitation period has expired or a subsequent motion under the section would be barred as successive.

The habeas petition, supporting documents, and relevant court records demonstrate that Heath's claims would be barred from review in a § 2255 motion before the United States District Court for the Southern District of Florida by the AEDPA's gatekeeping provisions on untimely and successive petitions.  The inadequate and ineffective "savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was

---

[5]"A 1-year period of limitation shall apply to a motion under this section."  28 U.S.C. § 2255 ¶6. Before a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).

convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id*. "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id*. at 1245.

Heath does not meet each of the prerequisites necessary to invoke application of the savings clause of § 2255, thereby precluding relief in a § 2241 proceeding. Initially, it is clear that Heath's claims are not premised upon a Supreme Court decision issued after his conviction which the Court made retroactively applicable to such conviction. Moreover, Heath has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Thus, Heath's challenges to his conviction are not based upon a retroactively applicable Supreme Court decision. Finally, pertinent federal law did not foreclose Heath from presenting the claims now before this court at the time these claims otherwise could and should have been raised. Specifically, the pleadings filed herein establish that Heath had the requisite procedural opportunity to raise the instant habeas claims and have such claims decided during proceedings before the United States District Court for the Southern District of Florida or on direct appeal. Heath also had the opportunity to present his claims in a properly filed § 2255 motion. These opportunities are all the Constitution requires. *Id*. at

1244. The claims pending before this court therefore fail to warrant relief under the savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause ... does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts – through statutes like the AEDPA – to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, ... or because an individual is procedurally barred from filing a § 2255 motion....").

In light of the foregoing, the court concludes that Heath's claims challenging the constitutionality of his convictions and sentence entered against him by the United States District Court for the Southern District of Florida are not cognizable in a 28 U.S.C. § 2241

petition.

As indicated above, Heath claims that the United States District Court for the Southern District of Florida failed to fully and fairly adjudicate all the claims in his first § 2255 motion, specifically his claim regarding the government's failure to comply with § 2518(8)(a)'s immediacy requirements for the sealing of wiretap recordings. However, to the extent that Heath's instant petition presents claims attacking the integrity of a judgment of a federal district court in Florida denying him relief on a previous § 2255 motion, such claims are not properly before this court and are more properly presented in a motion under Fed.R.Civ.P. 60(b)(4) filed in the United States District Court for the Southern District of Florida.[6]  *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Lavon Heath be denied and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **April 23, 2007**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District

---

[6]This court notes that Heath does not appear to have raised such a claim in an appeal from the judgment denying his first § 2255 motion.

8

Court of issues covered in the Recommendation and shall bar the party from attacking on

appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      Done this 9th day of April, 2007.




                      _____/s/Wallace Capel, Jr._____
                      WALLACE CAPEL, JR.
                      UNITED STATES MAGISTRATE JUDGE