IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 APR 23  A 10: 15

LAVON HEATH,

      Petitioner,

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

vs

DARLENE A. DREW,

     Respondent.  /

Civil Action No. 2:07 cv 255-WKW
(WO)

## PETITIONER'S OBJECTIONS TO THE RECOMMENDATION
## OF THE MAGISTRATE JUDGE ON PETITIONER'S §2241 PETITION

COMES NOW, Petitioner, Lavon Heath, Pro-Se in this action and pursuant to the applicable rules and law, respectfully submits the foregoing Objections to the Magistrate Judge's recommendation of dismissal with prejudice of Petitioner's §2241 petition. The Petitioner states as follows:

1.) The Petitioner adopts the statement of the case set forth therein in the initial petition.

2.) Objections as to the Recommendation of the Magistrate are made to the conclusions of the Magistrate that Petitioner's claim are barred by the one-year period of limitation and/or the constraints on successive §2255 motions contained in 28 U.S.C.§ 2244(b)(3)(A). In addition, the Magistrate's Recommendation essentially supports Petitioner's contention that, as applied to Petitioner's case, 28 U.S.C.§2244(b) and §2255, is an unconstitutional suspension of the writ of habeas corpus in violation of Article I, §9, cl.2 of the United States Constitution, which the Magistrate failed to address this

specific claim that was presented in the instant petition and raised in more than a perfunctory manner. See e.g. Wyzykowski v. Dept. of Corr., 226 F.3d 1213,1215-17(11th Cir.2000).

The Petitioner received the Recommendation on Wednesday, April 11,2007, through the mail at the Federal Prison Camp of Montgomery. The Petitioner respectfully request that this Honorable Court reject the Recommendation of the Magistrate for the following reasons and that the following points and authorities be placed in the record as opposition to the Recommendation of the Magistrate Judge.

## OBJECTIONS

I.  Petitioner is not evading or circumventing AEDPA in filing the instant petition under §2241.

First and foremost, it is definitely not the motive or intent of Petitioner to circumvent the one-year time limitation or the restrictions on successive motions under Sections 2255 and 2244(b). What is Petitioner's objective is to have a claim that was marshalled in Petitioner's first §2255 petition, adjudicated on the merits. Petitioner's extensive invocation of federal constitutional principles under habeas corpus jurispurdence demonstrates Petitioner's claims contained in the present §2241 petition would not have been forbidden prior to the enactment of AEDPA, and most certainly is not barred under the policies that prompted the enactment of AEDPA. See Medberry v. Crosby, 351 F.3d 1049, 1062(11th Cir.2003)("The term 'second or successive' remains a term of art that must be given meaning by reference to both the body of case law developed **before** the enactment of AEDPA and the policies that prompted AEDPA's

enactment."). In fact, the United States Supreme Court in <u>Sanders</u> <u>v. U.S.</u>, 373 U.S. 1,16, 10 L.Ed.2d 148,162(1963), emphatically held that "'adjudication of the merits' means a prior determination on the merits is deemed made of an application raising factual issues not conclusively resolved by files and records only if an evidentiary hearing was held." Id. This precedent of the Supreme Court that predates AEDPA is favorably applicable to Petitioner's case. To be sure, Petitioner's claim that the government failed to prove the seal was immediately applied to the wiretap recordings as a prerequisite to the use or disclosure at trial of Petitioner, the records nor the files conclusively resolved this factual issue neither was an evidentiary hearing held. Following the <u>Sanders'</u> holding, the Petitioner's claim was not adjudicated on the merits,and, on the facts of Petitioner's case, preAEDPA abuse of the writ precedent would rectify such an omission by means of a second or successive motion. Thus, the previous §2255 proceeding was patently defective, and Sections 2255 and 2244(b) as amended by AEDPA of 1996, that forecloses Petitioner the opportunity to have the claims heard on the merits, on the facts of the instant case, are beyond doubt inadequate or ineffective to test the legality of Petitioner's conviction and sentence. Therefore, Petitioner duly and respectfully objects to the Magistrate Judge's finding the Petitioner is attempting to circumvent the procedural restraints under AEDPA, therefore §2255 is not rendered inadequate or ineffective to challenge Petitioner's detention because of the time limitation period or a successive motion under that section would be barred. See <u>Recommendation, II</u>

3

Discussion ¶3. pg.5.

As to the Magistrate Judge's finding that Petitioner is attempting to evade the one-year period of limitation by filing this petition under §2241. The one-year period is not jurisdictional and may be subject to equitable tolling, 28 U.S.C. §2255 ¶6. See Tinker v. Moore, 255 F.3d 1331,1334(11th Cir.2001) (explaining that equitable tolling is available for extraordinary circumstances that are beyond the control of a petitioner and unavoidable with due diligence, for untimely petition under §2244 (d)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213(11th Cir.2000)(same). In Petitioner's case, the supporting documents and relevant court records demonstrate that Petitioner vigorously attempted to bring to the court's attention that it had failed to address the claim that the government had failed to prove immediate sealing of wiretap recordings before evidence could be used or disclosed at trial of Petitioner, to no avail. To be sure, the Petitioner informed the court that the government in its Response to Petitioner's §2255 motion had failed to prove immediate sealing, as required by §2518(8)(a). And, trial counsel was ineffective for failing to object to the admissibility of such recordings and counsel's performance was deficient for failing to investigate such facts, in two motions for Supplemental Authorities in Support of §2255 Motion and a Traverse to the Government's Response, see Attachments #'s 2,3 and 3(a) of the initial Habeas Petition. And the Magistrate Judge stated in her recommendation that: "for its consideration of this motion(Cv-DE#1)...Notices of Supplemental Authority(Cv-DE#'s 18, 20)...the movant's Reply(Cv-DE#19), see Attachment #4 of the

4

initial habeas Petition pgs. 1-2. However, the magistrate failed to address the immediacy requirement of §2518(8)(a) or trial counsel's performance in relation to the requirements of §2518(8)(a).

Indeed, Petitioner specifically addressed the district court in the objections to the magistrate's failure to find that the wiretap recordings were sealed immediately and the failure of counsel to object to the disclosure of such recordings was ineffective because the record and files did not conclusively support the magistrate's conclusion of law and fact, and could not resolve this issue, see Attachment #5 of the initial Habeas Petition. Thus, Petitioner should not be unjustly penalized for the court's failure to address the immediacy claim of §2518(8)(a). Therefore, on the basis of the facts and circumstances of Petitioner's case, specifically, "because of extraordinary circumstances that [were] both beyond the control [of Petitioner] and unavoidable even with due diligence," Wyzykowski, 226 F.3d at 1216, the one-year period would either be equitably tolled or not applicable to Petitioner's case. Because of an error of the court. See U.S. v. Barrett, 178 F.3d 34,46-47(1st Cir.1999)(explaining that a court's failure to address a claim is not inconceivable).

II. Review of Petitioner's claims is not precluded under §2244(b), as amended under AEDPA of 1996 neither does abuse of the writ principles preclude review.

i.) Review of claims is not precluded under §2244(b) which governs second or successive motions under §2255.

Petitioner objects to the Magistrate Judge's finding that the claims would be barred from review in a §2255 motion before

the United States District Court for the Southern District of
Florida by the AEDPA's gatekeeping provisions on successive
motions. See <u>Recommendation Part II Discussion ¶4</u>, pg.5.

Petitioner argues, contrary to the Magistrate findings, this
really a first petition. Even if not technically a first
petition, Petitioner contends it should be treated as one because
the claims were properly presented in the first properly filed
§2255 motion. Unfortunately, for Petitioner, the claims were not
fully and fairly adjudicated on the merits by the court. This,
Petitioner contends, is a situation which AEDPA amendments
unjustly forecloses review of claims previously presented in a
petition that were not adjudicated on the merits. Thus, in light
of §2244(b)'s preclusion of review of claims under these
circumstances, without question, the Petitioner does not "enjoy
the 'same right' as the habeas corpus applicant, or '  a remedy
exactly commensurate with' habeas." <u>Sanders v. U.S.</u>, 373 U.S.
at 14. Indeed, it was the intent of Congress to provide federal
prisoners similar rights as a habeas applicant but a different
remedy in enacting Section 2255 in 1948. See <u>Wofford v. Scott</u>,
177 F.3d 1236,1238-42(11th Cir.2003). And, the last clause of
the §2255 provision integrated the §2255 remedy with the
traditional writ of habeas corpus to avoid serious constitutional
questions,in particular, unconstitutional suspension of the writ.
This clause was left unchanged after the AEDPA amendments. It
would seem then, that this clause was left intact to provide a
remedy for a prisoner when it is shown that the prisoner does
not "enjoy the same rights" as a habeas applicant. In other
words, the remedy by motion is inadequate or ineffective to

6

test the legality of the prisoner's detention, that prisoner is entitled proceed under §2241. This is Petitioner's argument, because prior to the enactment of AEDPA a successive petition was to be heard on the merits where it is shown that the claims were not adjudicated on the merits in a prior petition. See 28 U.S.C.§2244(1996). Thus, Petitioner remedy under §2255, as amended by AEDPA, is inadequate or ineffective to test the legality of Petitioner's detention, in that, Petitioner does not enjoy the same rights as a habeas applicant.

Without question, AEDPA leaves the phrase "second or successive" undefined. But before AEDPA, petitions referred to as "'[s]uccessive were those that raised grounds identical to those raised and rejected on the merits on a prior petition." Kuhlmann v. Wilson, 477 U.S. 436,445 n.6(1986)(plurality opinion) (emphasis added). But it seems, however, AEDPA refers to all petitions after the first as "second or successive." Esposito v. U.S., 135 F.3d 111,113 n.3(2d Cir.1997)(per curiam). There is significant guidance as to whether Petitioner's claims falls within the scope of AEDPA's "second or successive" restrictions, which precludes review of Petitioner's claim on the merits. The U.S. Supreme Court has made clear that not every numerically second petition is "second or successive" for purposes of AEDPA. Slack v. McDaniel, 529 U.S. 473,487(2000)(claims presented in a petition filed after an initial petition that were not adjudicated on the merits in the first petition is not a "'second or succesive' petition as that term is understood in the habeas context."); Stewart v. Martinez-Villareal, 523 U.S.637(1998)(a numerically second petition alleging a claim that contained in

7

a first petition, but dismissed as unripe, is not second or successive). In fact, in Martinez-Villareal, 523 U.S. at 643, the district court ruled on the merits of most of the claims presented in Martinez-Villareal's habeas petition filed in 1994, but found that one claim was premature. Thereafter, the claim became ripe and Martinez-Villareal moved in the district court to reopen the claim. Id. The Supreme Court stated: "This may have been the second time that [Martinez-Villareal] had asked the federal court to provide relief on [the claim that had previously been dismissed as premature], but this does not mean that there were two separate applications, the second of which was necessarily subject to [AEDPA's successive requirements]." Id. By implication, the logic of the decision in Martinez-Villareal, applies with equal force to Petitioner's case, because Petitioner presented the claims[1] in the first §2255 motion but the district court failed to adjudicate the merits of the claims. Therefore,

---

1. It appears to the Petitioner, that the Magistrate Judge finds that these claims are    either new or were available at the time Petitioner filed the initial §2255 motion. Assuming this is the case, Petitioner disagrees and argues that the claims were properly marshaled in the initial §2255 motion as demonstrated in the Habeas Petition and supporting documents. In fact, a claim under §2518(8)(a) includes a claim of not only the absence of seal but also the absence of an immediate seal. In other words, if this Honorable Court has doubts of whether or not Petitioner's claim that the government failed to present evidence of the seal provided by §2518(8)(a) includes both the total absence of seal and the absence of an immediate seal and there is doubt by the Honorable Court whether these claims are different or the same for the purposes of a claim under §2518(8)(a), it should be resolved in favor of the Petitioner. Sanders v. U.S., 373 U.S. 1,16(1963)("Should doubts arise in particular cases as to whether two grounds are different or the same, they should be resolved in favor of the applicant.").

8

even if not technically a first petition, the claims should be treated as one because the immediacy claim was marshaled in the first §2255 motion. Thus, under the precedent of U.S.Supreme Court and the Eleventh Circuit, Petitioner's claim would not be barred from review in a §2255 motion, contrary to the Magistrate Judge's findings.

ii.) The Abuse of the Writ Doctrine also would not preclude
      review of the claims.

The abuse of the writ doctrine, which is the core of the AEDPA restrictions, would not preclude review of the merits of the claims. See Felker v. Turpin, 518 U.S. 651, 135 L.Ed.2d 827 (1996)(The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'"). Even though Section 2244(b), as amended by AEDPA, specifies the treatment of second or successive petitions, courts defining "second or successive" generally apply abuse of the writ decisions, including decisions that predate AEDPA. Martinez-Villareal, 523 U.S. at 643-45; see also Medberry v. Crosby, 351 F.3d 1049,1062 (11th Cir.2003)("The term 'second or successive' remains a term of art that must be given meaning by reference to both the body of case law developed before the enactment of AEDPA and the policies that prompted AEDPA's enactment."). In fact, prior to the AEDPA amendments, §2244 explicitly cabined a district court's power to refuse to entertain a petitioner's claim; a district court could refuse to hear a claim for relief only if it had been presented in a prior habeas petition and adjudicated "on the merits." 28 U.S.C.§2244(b)(1996). In amending §2244, Congress

9

omitted this language. However, the Eleventh Circuit Court of Appeals has held "**that the §2244(b) inquiry as to whether a petition is second or successive must focus on the substance of the prior proceedings—on what really happened.**" <u>Dunn v. Single-tary</u>, 168 F.3d 440,442(11th Cir.1999)(emphasis added). Thus, the fact that there may have been a disposition of a prior petition is not per se sufficient to trigger AEDPA's gatekeeping provisions. Applying the above stated principle of <u>Dunn</u> to Petitioner's case, and this Court's complete review "on what really happened" it can only be found that Petitioner's claims are not second or successive.

As the record demonstrates, Petitioner presented the claims in the initial properly filed §2255 motion. And, though the district court ruled on the merits of most the claims presented, two claims were not adjudicated on the merits, i.e., the claim that the government did not prove immediate sealing of wiretap recordings as a requirement before such wiretap evidence can be disclosed or used at Petitioner's trial; and the claim that counsel was ineffective for failing to investigate these facts and object to the admissibility of such wiretap evidence under §2518(8)(a). As a result, and, on the above stated facts of Petitioner's case, the underlying facts and principles of <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 140 L.Ed.2d 849(1998), are indistinguishable and should govern the outcome of Petitioner's case. Because of the court's failure to adjudicate the merits of these two claims a subsequent petition containing these two claims is not considered an abuse of the writ. See <u>Sanders v.</u>

10

U.S., 373 U.S. 1,17, 10 L.Ed.2d 148(1963)(Holding that the doctrine of writ abuse is not implicated "if the same ground was earlier presented but not adjudicated on the merits."). In fact, the Magistrate Judge's Recommendation    , although Congress plainly intended the AEDPA amendments to work significant procedural changes in habeas corpus review, would not curb abuse of the writ, but would bar Petitioner the one full and fair opportunity for habeas review that Congress intended that a prisoner is entitled.

As demonstrated, with the facts of the present case and the applicable precedent, "both the body of case law[(abuse of the writ doctrine)] developed before the enactment of AEDPA and policies that prompted AEDPA's enactment," Medberry, 351 F.3d at 1062, does not prohibit any court from rectifying the previous court's omission(failing to adjudicate the merits of claims presented in a prior petition) by means of a second petition. In this case, this omission can only be rectified pursuant writ of habeas corpus under §2255's "Savings Clause" because §2244(b) does not provide an exception to the restrictions on filing second or successive motions for this particular circumstance, therefore the remedy by motion is inadequate or ineffective to test the legality of Petitioner's conviction and Petitioner is allowed to proceed under §2241.

III.
SECTION 2255 ALLOWS PETITIONER TO
PROCEED UNDER SECTION 2241

The Magistrate Judge correctly notes in his Recommendation that the Eleventh Circuit Court of Appeals holds that "[t]he 'Savings Clause' of §2255 applies to a claim when: 1) That claim

11

is based upon a retroactively applicable Supreme Court decision; 2) The holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first §2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244(11th Cir.1999).

In Wofford, the petitioner filed in the Eleventh Circuit Court of Appeals an application for certification to file in the district court a second §2255 motion. In this application Wofford raised three sentencing issues. The Eleventh Circuit denied the requested application to file a second motion, because the motion neither presented newly discovered evidence nor asserted a retroactively applicable new rule of constitutional law that was previous unavailable as required for a second or successive motion under AEDPA amendments to 28 U.S.C.§2255. On the basis of these same three sentencing issues, Wofford petitioned the District Court of Georgia pursuant to §2241, arguing that his sentence was illegal. Ultimately, the District Court denied this petition. Wofford appealed the District Court's order.

The Eleventh Circuit faced with the opportunity to interpret and apply the "savings clause" of Section 2255 to the facts and circumstances of Wofford's situation. See Wofford v. Scott, 177 F.3d at 1238-44. Initially, the Court looked to the opinion of U.S. v. Hayman, 342 U.S. 205, 96 L.Ed. 232(1952). Then, the Court looked to the legislative history of Section 2255 and to the decisions of other Circuits addressing the meaning of §2255's savings clause, for guidance on the of the savings clause. Id.

12

The Eleventh Circuit observed that "the Hayman opinion [was] not very helpful" and further observed that the Legislative history of the "savings clause" was concerned with more than the practical difficulties in conducting a §2255 proceeding in the district court where a petitioner was sentenced. As for the Eleventh Circuit's observations of the decisions from the other circuits that had the occasion to address §2255 savings clause in the wake of the decision in Bailey v. U.S., 516 U.S. 137(1995). Indeed, the Court looked to the decisions of the Second, Third, Fourth and the Seventh Circuits.

After review of these decisions the Court in Wofford, expressly adopted the approach of the Seventh Circuit in In Re Davenport, 147 F.3d 605(1998), the Eleventh Circuit concluded that Section 2255 is inadequate or ineffective when the three prongs listed above are met. What was more compelling to the Petitioner and of the opinion of Wofford, was the Court's observation that the "Seventh Circuit in Davenport suggested in dicta that the savings clause might apply to some claims **involving a 'fundamental defect' in sentencing where the petitioner had not had an opportunity to obtain judicial correction of that defect earlier...We need not decide whether the savings clause extends to sentencing claims in those circumstances, or what a 'fundamental defect' in a sentence might be."** Wofford, 177 F.3d at 1244-45(emphasis added). In addition to this observation by the Court in Wofford of the Seventh Circuit's dictum, the Eleventh Circuit emphatically found that **Wofford had a procedural opportunity to raise each of claims and have it decided either or on appeal.** Id. at 1245(emphasis added).

13

Petitioner legitimately argues, after a close review of the holding and rationale of the Wofford decision considerably divulges that the savings clause is not limited only to the exact standard announced in Wofford. Otherwise, Petitioner validly argues, the savings clause itself would be meaningless. To be sure, there are other **limited circumstances** of a prisoner's case that may allow that prisoner to seek habeas corpus that is needed to give him **"a reasonable opportunity to obtain a reliable judicial determination of that legality"** of the prisoner's detention. Davenport, 147 F.3d at 609. The Eleventh Circuit in adopting the approach of Seventh Circuit in Davenport, observed this same principle: **"that the essential function of habeas corpus is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."** Wofford, 177 F.3d at 1244. With that being stated above, Petitioner contends that a federal prisoner should be permitted to seek habeas corpus if he had no reasonable opportunity obtain a reliable judicial determination of the fundamental legality of his conviction and sentence and the circumstances eludes the permission in Section 2255 for successive motions; if it does, then his 2255 remedy is inadequate or ineffective and he must be allowed to apply for habeas corpus.

The facts underlying the decision in Wofford and the facts underlying Petitioner's case for a request to proceed under §2241, are clearly distinguishable. To this end, Petitioner validly argues that rationale behind the Wofford decision and the decisions from the other Circuits that had the occasion to

14

to address the "savings clause" of §2255 is favorably applicable to Petitioner's situation, although Petitioner cannot satisfy the exact standards announced in Wofford. However, Petitioner argues that the principle underlying the decision in Wofford and the language of the savings clause of §2255 was not intended to ignore the "fundamental defect" Petitioner currently faces. In addition, and perhaps most telling, Petitioner has not abused the writ, the principle situation that AEDPA was intended to eliminate. Moreover, the Eleventh Circuit has never squarely addressed the issues and peculiar facts raised by Petitioner's situation. In fact, distinguishable from Wofford, Petitioner utilized the remedial path that the law had mapped out for Petitioner and raised the claims in the first instant. The petitioner in Wofford, attempted to raise claims in the §2241 petition that were available at the time petitioner filed his first §2255 motion. In this situation, it would obviously seem that Wofford is attempting to utilize §2241 to escape the restrictions on second and successive §2255 motion. And, by implication, Wofford has abused the writ. In contrast, Petitioner did all that was required, Petitioner raised each of the claims that are presently before this §2241 court in the first properly filed §2255 motion. However, as demonstrated, these claims were not adjudicated on the merits through no fault of Petitioner's own. Therefore, under these peculiar facts and circumstances that eludes the permission in sections 2244(b)(2) and 2255 for successive motions,     Petitioner's §2255 remedy is inadequate or ineffective to test the legality of this detention and must be allowed to proceed under §2241 on the basis of the compelling

circumstances of Petitioner's case.

It also seems to Petitioner that a dispositive factor of the Wofford decision is that: "Wofford had a procedural opportunity to raise each of his claims and have it decided either at trial or on appeal." Wofford, 177 F.3d at 1244. As stated, Petitioner argues, though a procedural opportunity to raise claims exists this does not mean per se that procedural opportunity was reasonable. Because there are situations that exists in which the procedural opportunity is there for the taking but the procedure that was utilized by the petitioner was fundamentally defective for some reason. Indeed, in this situation the "reasonable opportunity" has been denied although the petitioner has utilized the remedial procedure. See Agee v. White, 809 F.2d 1487, 1490(11th Cir.1987)(Although the state had provided an "opportunity" to address Agee's Fourth Amendment claim Stone v. Powell did not preclude federal habeas review because "the Court of Criminal Appeals ignored [Agee's] contention in its opinion," therefore the Eleventh Circuit held that the claim was properly before the Court "for [Agee] did not receive a full and fair consideration of his search-and-seizure claim at trial and on direct review.");also Davis v. Jones, 441 F.Supp.2d 1138, 1218(M.D.Ala.2006)(Distinguishing Agee from Davis because "Alabama Court of Criminal Appeals did not ignore a Fourth Amendment claim because one was not raised," by Davis). Thus, merely having a procedural opportunity, as demonstrated in Agee, to raise claims in a forum is not per se an "opportunity", unless the constitutional claims "receive full and fair consideration." Agee, 809 F.2d at 1490. This, Petitioner

16

argues, is the meaning of a procedural opportunity.

Furthermore, the Eleventh Circuit examined Stone's "full and fair litigation" language in Tukes v. Dugger, 911 F.2d 508, 514(11th Cir.1990), explaining that "**where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court**" and "**where the trial court's findings which are essential to disposition of the fourth amendment claim are unclear and the state appellate court writes no opinion, we deemed the petitioner's fourth amendment claim not to have been fully considered within the meaning of Stone v. Powell**." Id. at 514. Indeed, U.S. Supreme Court has held that finality for state and federal prisoners "operates equally in both situations" and further commented that "[i]t would be anomalous indeed, especially in light of the interest in maintaining good federal-state relations, **if defaults not precluding one adequate federal review for the constitutional claims of state prisoners precluded such a review for federal prisoners, or if defects rendering state adjudications inadequate did not similarly affect federal court adjudications**." Kaufman v. U.S., 394 U.S. 217,231, 22 L.Ed. 2d 227, 240(1969). Thus, for these reasons and the above cited authorities, in contrast to the facts of Wofford's case, Petitioner raised each claim presented in this instant §2241 petition at the earliest possible opportunity, the initial properly filed §2255 motion. Indistinguishable from Agee and Tukes cited above, Petitioner employed the remedial process(the "opportunity") but the constitutional claims did not receive "full and fair consideration" by the §2255 court. And, in light of the foregoing precedent of Agee and Tukes that are very similar

17

and apposite to Petitioner's case, the process employed by Petitioner did not per se constitute an "opportunity" for the purposes of the Wofford's decision. Accordingly, Petitioner argues, Petitioner was "effectively deprived [] of any reasonable opportunity to obtain a reliable judicial determination" of the fundamental legality of the instant conviction and sentence. Wofford, 177 F.3d at 1244(citing In Re Davenport, 147 F.3d 605, 610-11(7th Cir.1998).

In sum, The Petitioner respectfully objects to the Magistrate Judge's finding that Petitioner's constitutional claims are not cognizable in a §2241 petition. Because Petitioner did not procrastinate or sleep on the entitled rights and procedures. Instead, proceeding pro se at that time, Petitioner was diligent in articulating the claims that the government had not proven immediate sealing of the wiretap recordings before the use or disclosure of such wiretap evidence at trial and trial counsel for Petitioner was ineffective for failing to object to the admissibility of such wiretap evidence under §2518(8)(a) and counsel's failure to investigate such facts under this subsection, also. Petitioner was also diligent in his efforts to have the claims adjudicated on the merits by specifically bringing this failure to the previous §2255 court's attention. And, contrary to the Magistrate Judge's findings, Petitioner had filed a request for a COA to the Eleventh Circuit raising the claim that district court ignored the claim that the wiretap recordings were not proven to be immediately sealed before such evidence can be disclosed or used at trial and the ineffective assistance of counsel claim relating his performance in relation

18

to §2518(8)(a)'s requirements. See Attachment. <u>Certificate of
Appealability to Eleventh Circuit</u>. Consequently, the request for
a COA was denied. On these facts, justice demands that Petitioner
have an "opportunity to obtain a reliable judicial determination
of the fundamental legality of [Petitioner's]...conviction and
sentence," <u>Davenport</u>, 147 F.3d at 609, which Congress intended
that a prisoner have enacting AEDPA. See e.g. <u>Lonchar v. Thomas</u>,
517 U.S. 314, 324, 134 L.Ed.2d 440(1996)(Where the Court
stressed, "dissimal of a **first** federal habeas petition is
particularly serious matter, for that dismissal denies the
petitioner the protections of the Great Writ entirely, risking
injury to an important interest in human liberty."). Thus, while
the <u>Wofford's</u> situation presented one circumstance where the
"savings clause" applies, Petitioner contends the situation that
Petitioner is in presents another unique and very limited
circumstance where Section 2255 is inadequate or ineffective to
test the legality of Petitioner's conviction and sentence.
Therefore, this Honorable Court should allow Petitioner's habeas
petition under Section 2241.

### III.
SUBJECTING PETITIONER'S CLAIMS PRESENTED IN THE PRESENT §2241
PETITION TO THE RESTRICTIONS AEDPA IMPOSES ON SECOND AND
SUCCESSIVE PETITIONS, AS APPLIED TO PETITIONER'S CAUSE
<u>VIOLATES THE SUSPENSION CLAUSE OF THE U.S. CONST.</u>

As an initial matter, Petitioner respectfully objects to
the Magistrate Judge's Recommendation, in that it does not
address Petitioner's argument that Sections 2244(b) and 2255,
as applied to Petitioner's cause, works an impermissible
suspension of the writ of habeas corpus, see Initial Petition
pgs 35-47. And, to the extent the Magistrate Judge addresses this

19

argument, Petitioner respectfully objects to the findings of the Magistrate Judge, pages 6 through 8 of the Recommendation.

The essential issue to the disposition of this suspension of the writ argument, was whether the claims presented in the instant §2241 petition second or successive claims under §2244(b), as amended by AEDPA, or under the abuse of the writ doctrine. Because Petitioner maintains that the instant claims are not "second or successive" within AEDPA's contemplation and, hence is not subject to statutory requirements.

Like the prior habeas statutes, "AEDPA does not define what constitutes a 'second or successive' petition." James v. Walsh, 308 F.3d 162, 167(2d Cir.2002). Courts that have interpreted the same phrase in relation to the pre-AEDPA version of 28 U.S.C.§ 2244(b) have determined that a numerically second petition is not "second or successive" if it attacks a different criminal judgement **or if previous presented claim(s) were not adjudicated on the merits.** See Stewart v. Martinez-Villareal, 523 U.S. 637 (1998)(Supreme Court holding that a petition    was not second or successive within the meaning of AEDPA state habeas provisions when claim at issue had been raised in a previous petition but dismissed by the district court as premature and unripe(although the district court had resolved the ripe claims presented in the first petition on their merits)). This Circuit has ruled that "[t]he term 'second or successive' remains a term of art that must be given meaning by reference to both the body of case law developed before the enactment of AEDPA and the policies that prompted AEDPA's enactment." Medberry v. Crosby, 351 F.3d 1049, 1062(11th Cir.2003) In addition, this Circuit has also held that "the §2244(b) inquiry as to whether a petition is second or

successive must focus on the substance of the prior proceedings—on what actually happened." Dunn v. Singletary, 168 F.3d 440, 442(11th Cir.1999). Thus, it is obvious in light of the Eleventh Circuit's principle holding in both Medberry and Dunn, that the fact there may have been a disposition of a prior petition is not per se sufficient to trigger AEDPA's gatekeeping provisions. Rather, a §2255 petition should not be considered second or successive unless the claim(s) presented in the prior §2255 petition was **adjudicated on the merits.** See Stewart v. Matinez-Villareal, 523 U.S. 637, 645-46, 140 L.Ed.2d 849(1998)(The Court observing that some claims presented in a numerically second petition "does not mean that there were two separate applications."); see also Slack v. McDaniel, 529 U.S. 473, 485-86(2000)(addressing issue in context of state habeas petition). In other words, **"if the same grounds was earlier presented but not adjudicated on the merits"** writ abuse is not implicated. Sanders v. U.S. 373 U.S. 1,17, 10 L.Ed.2d 148(1963). In fact, claims presented in earlier petition but not adjudicated on the merits does not conflict with "the policies that prompted AEDPA's enactment." Medberry, 351 F.3d at 1062; see also Felker v. Turpin, 518 U.S. 651,664, 135 L.Ed.2d 827(1996)("The restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'").

Petitioner's claims in the present §2241 petition were properly presented in the first properly filed §2255 petition in 2000. However, the district court failed to adjudicate the merits of these claims. Thus, these claims are not properly

21

subjected to the criterias of a second or successive petition under AEDPA gatekeeping provisions of Sections 2244(b) nor 2255. If so, then Petitioner's entitlement to the protection of the Writ of Habeas Corpus has been effectively suspended in violation of Article I, Section 9, Clause 2 of the U.S. Constitution.

Indeed, "[t]he whole history of the writ...[t]he language of Congress...the decisions of [the Supreme] Court" make clear that "where life or liberty is at stake and infringement of constitutional rights is alleged," that prisoner is entitled "to full and fair consideration of constitutional claims." Kaufman v. U.S., 394 U.S. 217,223-24,228(1969). This, Petitioner argues, requires a habeas court to fully adjudicate the merits of each claim presented by a prisoner in his first petition. Moreover, the proposed findings of the Magistrate Judge, far from falling "well within the compass" of the evolving doctrine of abuse of the writ, as stated in Felker v. Turpin, 135 L.Ed.2d 827(1996), would unjustifiably deviate from that evolution. Id. at 840. Because no where in the history of the decisions of the U.S. Supreme Court it's held that a prisoner be barred habeas review for a prior habeas court's failure to adjudicate the merits of claim(s) presented in a prior petition. If so, this contrary to the great principles that underscore the Writ of Habeas Corpus and test the established precedent of the U.S. Supreme Court interpreting the Great Writ. Thus, Section 2244(b) interpreted as narrowly as the Magistrate Judge has found and applied to Petitioner's case, has suspended the writ of habeas corpus in this case. See Swain v. Pressley, 430 U.S. 372,381, 51 L.Ed.2d 411(1977)("The substitution of a collateral remedy which is

22

neither inadequate nor ineffective to test the legality of person's detention does not constitute a suspension of the writ of habeas corpus within the meaning of Article 1,§9,cl 2. of the Constitution.").

Accordingly, Petitioner has made specific objections to the Recommendation of the Magistrate Judge pursuant to 28 U.S.C.§636 (b)(1)(C), and moves this Honorable Court to reject the findings contained therein the Recommendation Of the Magistrate Judge and allow Petitioner's Habeas petition to proceed under §2241. And, find that §2244(b), as applied to Petitioner's case, has suspended the writ of habeas corpus in this case. For these reasons, the bottom line must be driven by fair play and simply doing what is right. In the interest of justice and equity, Petitioner's case compels this Court to do that which ought to be done. Because the claims were earlier presented but not adjudicated on the merits, nothing in the legislative history of AEDPA's enactment or the U.S. Supreme Court's precedent interpretating AEDPA suggests Congress wished to depart from the longstanding equitable principle, that no barrier to habeas review arises from the federal habeas court's failure to adjudicate the merits of claims properly presented in the first habeas petition. As such this Honorable Court must grant Petitioner's request for habeas corpus relief.

## CONCLUSION

Based on the foregoing arguments and authorities cited herein these objections to Magistrate Judge, Petitioner respectfully prays that this Honorable Court grant any and all relief, this includes any equitable relief or statutory relief that this Honorable Court finds necessary and/or appropriate including but not limited to 28 U.S.C. §1631 Transfer to Cure Want of Jurisdiction.

Respectfully submitted,

_LaVon Heath_ 4/19/07

LAVON HEATH
#27989-004
FEDERAL PRISON CAMP
MAXWELL AFB
MONTGOMERY, AL 36112

## CERTIFICATE OF SERVICE

I, Lavon Heath, certify that true and correct copy of the foregoing instrument was mailed, postage pre-paid, to the U.S. Attorney'd Office for the Middle District of Alabama, P.O. Box 197, Montgomery, Alabama 36101-0197, this 19th day of April 2007.

_Lavon Heath_ 27989-004

24

PAID _____
In Forma
Pauperis _____
Clarence Maddox, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LAVON HEATH,                    :    CASE NO.:00-8925-CIV-ROETTGER
                                         (90-8065-CR-ROETTGER)
        Petitioner,             :

v.                              :

UNITED STATES of AMERICA,       :

        Respondent.    :
_____/

### NOTICE OF APPEAL AND REQUEST FOR CERTIFICATE OF APPEALABILITY PURSUANT TO $28 U.S.C.$2253(c)(2)

Comes now the Petitioner in the above matter, Lavon Heath, pro-se, and respectfully moves this Honorable Court pursuant to 28 U.S.C.$2253(c)(2), to grant a certificate of appealability in order to appeal to the United States Court of Appeals for the Eleventh Circuit this Honorable Court's denial of Petitioner's motion to Correct or Vacate sentence pursuant to 28 U.S.C.$2255. Insupport of this present request, the Petitioner respectfully submits the following:

I
STANDARD OF REVIEW

In order for a certificate of appealability to issue, the statute requires the Petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.$2253(c)(2). The United States Supreme Court and this Circuit have both determined that in order to make this required statutory showing under $2253(c)(2), a $2255 Petitioner must accord with the criteria set forth in Barefoot v. Estelle, 463 U.S. 880,103 S.Ct.3383(1983). see Slack v. McDaniel, 529 U.S.__, 120 S.Ct.1595(2000); Hardwick v. Singletary, 126 F.3d 1312(11th Cir.1997).

Accordingly, the standard for issuance of a certificate of appealability as set forth in Barefoot, supra, has been stated by the Supreme Court as follows:

> Obviously the petitioner need not show he should prevail on the merits. He has already failed in that endeavor, rather, he must demonstrate that issues are debatable among jurist of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further'. Barefoot, supra at 463 U.S.893 n.4(emphasis added)(internal quotations omitted).

Based upon the instant Petitioner's research, there is only limited published construction of this above "Barefoot standard". For instance, the Ninth Circuit has stated: "...our task is 'simply [to] take a quick look at the face of the complaint to determine whether the petitioner has facially allege[d] the denial of a constitutional right.' [cite omitted]. Any claims that satisfy that 'modest standard' [cite omitted], must receive a COA." Morris v. Woodford, 229 F.3d 775,781(9th Cir.200)(emphasis added)(cites omitted). And, the Fifth Circuit has stated that "...we are warned that any doubts whether CPC[in the instant case, a COA], should be granted are to be resolved in favor of the petitioner." Buxton v. Collins, 925 F.2d 816,819(5th Cir.1991). Note that Eleventh Circuit has indicated "the standard governing certificates of probable cause [CPC] and certificates of appealability [COA] is materially identical." Hardwick, supra at 1313.

Petitioner's COA application can be denied if it presents no procedural issue debatable among jurists of reason. see Henry v. Dept. of Corrections, 197 F.3d 1361, 1364(11th Cir.1999), or otherwise fails to make a substantial showing that he has been denied a constitutional right. Slack v. McDaniel, 529 U.S.473,

-2-

484(2000); 28 U.S.C.§2253(c)(2); <u>Franklin v. Hightower</u>, 215 F.3d 1196,1198-99(11th Cir.2000), cert.denied 121 S.Ct 1738(2001). However, a §2255 petitioner need only point out that petitioner's appellate issues are debatable among jurist of reason, not that petitioner in fact will prevail on appeal. see. <u>Henry</u>, supra. As to each issue presented in this request petitioner will show that this Honorable should grant the requested certificate of appealability in turn.

## II
## Procedural History

The Petitioner, Lavon Heath, was indicted for conspiracy to possess with **intent** to distribute cocaine base and related offenses. On October 27,1992, Petitioner was found guilty by a jury of the above charges. Petitioner's sentenced was entered on July 7, 1993, in the Southern District of Florida, to term of concurrent 400 month sentences. An appeal was taken to the Eleventh Circuit Court of Appeals and on September 18, 1998, that Court affirmed Petitioner's conviction and remanded the sentence. <u>United States v. Glinton</u>, 154 F.3d 1245(11th Cir.1998). Pursuant to the appellate court's remand, the district court conducted a resentencing hearing on April 30,1999. Petitioner's sentence was decreased to 292 months of imprisonment. Petitioner appealed his resentencing. On January 26, 2000, the Court of Appeals affirmed Petitioner's resentencing. <u>United States v. Heath</u>, 208 F.3d 1012(11th Cir.2000)(table).

On October 3,2000, the Petitioner filed a timely motion to Vacate or Correct Sentence pursuant to 28 U.S.C.§2255. This Motion was denied by this Honorable Court on March 18,2002.

-3-

III

Memorandum of Law and Argument in Support

A. Trial Error In Admitting Evidence Under §2518(8)(a)

The Petitioner's §2255 Motion claimed that it was error for the trial court to admit evidence of tape conversations and evidence derived therefrom in violation of Title III, Petitioner's Fifth Amendment right to Due Process, Petitioner's Sixth Amendment right to Fair and Impartial Trial, and Petitioner's Fourteenth Amendment right to Due Process and Equal Protection of the Law. The Petitioner had put forth indisputed facts that the government did not comply with the procedures set out under 18 U.S.C.§2518(8)(a). In that the government had failed to show or prove that the tapes of the wire intercepts were sealed "immediately" as a "prerequisite" to the admissibility of this evidence at trial. Thus, as stated by the United States Supreme Court:

> "'[T]he seal provided for by this subsection[§2518]' (emphasis added) is a prerequisite to the admissibility of electronic surveillance tapes...The seal required by §2518(8)(a) is not just any seal but a seal that has been obtained immediately upon expiration of the underlying surveillance order. The 'absence' the government must satisfactorily explain encompasses not only the total absence of a seal but also the absence of a timely applied seal..." United States v. Ojeda Rios, 495 U.S.at 263(1990).

In the instant case, the Petitioner had proven that the government did not show or prove that the tapes were sealed "immediately" upon expiration of the wiretap orders as a prerequisite to its admissibility of the tapes at or before trial. Indeed, the government has unambiguously conceded that it did not present such evidence at or before trial. The government states in its Response to Petitioner's Motion to Vacate:

**"Heath fails to note that Heath and his codefendants did**

-4-

> not file any motion and did not make any objection at trial
> regarding the sealing requirement that would have necessit-
> ated the presentation of such evidence...Since the govern-
> ment was not required under these circumstances to present
> evidence regarding compliance with the sealing requirement
> for the wiretap tapes, no conclusion can be drawn from the
> non-presentation of such evidence at or before trial."

Government's Response, pg.4(emphasis added). This concession by

the government supports Petitioner's claim that the tapes and

evidence were inadmissible in the "absence" of a timely applied

seal. Petitioner "need not show prejudice to obtain suppression;

government could not use wiretap evidence unless it could show

either prompt sealing of tapes or a reasonable excuse for not

doing so." Jones v. United States, 224 F.3d 1251,1254 n.7(11th

Cir.2000).

The provisions of §2518(8)(a) standing alone directs the courts

to admit wiretap evidence only when it could be shown that the

tapes have been sealed "immediately" upon expiration of the underlying

wiretap order or a satisfactory explanation for its failure to

do so. It takes only one glance at the relevant statute to find

that the **only** seal that is "provided for by this subsection" which,

"shall be a prerequisite for the use or disclosure of the contents",

is an "immediately" obtained seal. Therefore, the Petitioner has

demonstrated, combined with the government's own concession, that

there is an "absence" of a timely applied seal in this Honorable

Court's record.

Indeed, not only has this Circuit determined that wiretap

evidence could not be used unless and until the government could

show either prompt sealing of tapes or a reasonable excuse for

not doing so, other Circuits and district courts have agreed to

the same conclusion. And yes, the Supreme Court of the United

States.

Thus, Petitioner directs this Honorable Court's attention to the numerous cases published in other circuits for the support that Petitioner has met the standard for the issuance of a certificate of appealability. In that this "procedural issue [is] debatable among jurists of reason." <u>Henry v. Dept. of Corrections</u>, 197 F.3d 1361,1364(11th Cir.1999).

For instant, the First Circuit, <u>United States v. Mora</u>, 821 F.2d 860,864(1987)(The satisfactory explanation applies to untimely sealing as well as the total absence of a seal). Second Circuit, <u>United States v. Ojeda Rios</u>, 875(1989)("A satisfactory explanation is required not for total failure to seal the tapes, but for failure to seal the tapes 'immediately' as well...any other interpretation 'would completely under cut the statutory purpose of protecting the integrity of the tapes.'"); <u>United States v. Gigante</u>, 538 F.2d 502, 506(2nd Cir.1976)("...Two possible prerequisites to the use of wiretap evidence——the presence of [an immediate] judicial seal, or a satisfactory explanation of its absence——are explicitly stated. Failure to meet either requirement **must** result in the inadmissibility of the tapes."). The Third Circuit, <u>United States v. Quintero</u>, 38 F.3d 1317, 1324(1994)("In the absence of timely sealing, the [Supreme Court] interpreted the statute to require that the government supply a satisfactory explanation for its failure to comply with the statute."). In the Seventh Circuit, <u>United States v. Jackson</u>, 207 F.3d 910(2000)("To this end, the recording must be judicially sealed 'immediately upon the expiration of the period of the order, or extensions thereof'...and if it is not sealed immediately it can't be used in evidence unless

-6-

the government offers a 'satisfactory explanation' for the delay
in sealing." [cites omitted]). In the Eighth Circuit, <u>United States
v. Feiste</u>, 961 F.2d 1349(1992)("Title 18 U.S.C.§2518(8)(a) requires
that any failure to seal wiretap tapes '[i]mmediately upon expiration
of the period of the order' **mandates** their suppression in the
absence of a 'satisfactory explanation.'"). In the Tenth Circuit,
<u>United States v. Gomez</u>, 67 F3d 1515,1523(1995)("either the recording
must have been properly placed under seal, or the government must
provide a 'satisfactory explanation' for its failure to comply
with the sealing requirement."); in the District of Kansas, <u>United
States v. Wright</u>, 156 F.Supp.2d 1218,1230(D.Kan.2001)("'[T]he
seal required by §2518(8)(a) is not just any seal but a seal that
has been obtained immediately upon expiration of the underlying
surveillance order.'"). Finally, in this Circuit the Court held
in <u>Jones v. United States</u>, 224 F.3d 1251,1254(11th Cir.2000),
that "defendant need not show prejudice to obtain suppression;
**government could not use wiretap evidence unless it could show
either prompt sealing of tapes or a reasonable excuse for not
doing so.**"Id. Finally, the Supreme Court of the United States
in <u>Ojeda Rios</u> 495 U.S. at 263, held that "...'The seal <u>provided
for by the subsection</u>(emphasis added) is a prerequisite to the
admissibility of electronic surveillance tapes...The seal required
by §2518(8)(a) is not just any seal but a seal that has been obtained
<u>immediately</u> upon expiration of the underlying surveillance order..."
Id. Based upon the facts and the relevant law cited above Petitioner
overcomes this Honorable Court's core reasoning that the issue
of an "absence" of a timely applied seal does not require suppression
of the tapes.

-7-

Accordingly, with all due respect, this Honorable Court does not read the relevant case law and §2518(8)(a) requirements in accordance with the Supreme Court of the United States, the Circuit Courts of Appeals, and other District Courts, interpretating the same statute. However, a §2255 petitioner need only point out that the appellate issues are debatable among jurists of reason, not that petitioner in fact will prevail on appeal. see Slack v. McDaniel, 120 S.Ct.1595(2000). Other jurists of reason have held that in the "absence" of a timely applied seal to the tapes the wiretap evidence is inadmissible at trial, see the cases cited supra and §2518(8)(a) represents the same conclusion. Therefore, this Honorable Court should grant the Petitioner's request for a COA on this issue.

B. <u>The Government Witheld Evidence Of Whether Or Not The Tapes Were Sealed "Immediately Upon Expiration Of The Period Of The Order" In Violation Of **BRADY**</u>

Petitioner has proven that the government had suppressed material facts that could have possibly lead to a different outcome of the proceeding. This suppression by the government, of the dates on which these tapes were judicially sealed has denied Petitioner Due Process, Discovery rights, and prejudiced Petitioner's ability to litigate the §2518(8)(a) issue.

The essence of Petitioner's claim is that the government has denied the Petitioner material evidence in violation of <u>Brady</u>. And it was error for this Honorable Court to deny Petitioner's motion on this issue. This is because the information, the dates on which these tapes were sealed, was critical to a fair determination of whether or not the tapes and evidence were admissible at trial. And this information may have been helpful for impeachment purposes

-8-

or favorable to Petitioner. In the instant case, where the suppression or disclosure of this evidence, under §2518(8)(a) turned on whether there had been an "immediately" obtained seal, such information was indeed, material to Petitioner's defense. Also, compounding the prejudice, the government's concession that no presentation of such evidence was made at or before trial. see Government's Response, at pg.4. The disclosure of this material evidence could have made the difference between conviction and acquittal. And this is particularly true in this case where the material facts are not in the record, where dates are the central issue of this claim and the facts are beyond the record are in dispute.

As the Supreme Court recently noted, "there are three essential components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; it must have been suppressed by the state, either willfully or inadvertently, and prejudice must have ensued." Strickler v. Greene, 119 S.Ct.1936(1999). The evidence Petitioner points to as Brady material is documentary evidence or facts of when the tapes were judicially sealed, specific dates. This evidence that was suppressed was material to Petitioner's defense in that the procedure under §2518(8)(a) requires that a seal be obtained "immediately" upon expiration of the period of each underlying wiretap order. And this "immediate" seal is a prerequisite for the use or disclosure of tapes and evidence at trial. Since these material facts were never disclosed to Petitioner or this Honorable Court, it precludes anyone from determining whether the government complied with the immediacy aspect of the statute.

Therefore, it was necessary for this Honorable Court to hold an

evidentiary hearing on this issue. Indeed, the government's evidence,
ASA Robert Shepard's testimony(CV-DE#15 ex.C at 185-189) or the
Ten-Day notice to allegedly unseal(CR-DE# 136), simply does not
permit the kind of inquiry insisted upon in Ojeda Rios, Jones,or
§2518(8)(a). As a result, this Honorable Court or any other court
know whether the tapes were sealed "immediately". To hold that
this record suffices to carry the government's burden under §2518(8)(a),
without any factual support of **when** the seal was obtained, would
effectively eliminate the immediacy requirement in §2518(8)(a).
Petitioner "alleges facts which, if true, would warrant habeas
relief." Tejada v. Dugger, 941 F.2d 1551,1559(11th Cir.1991); see
also. Friedman v. United States, 588 F.2d 1010,1015(5th Cir.1979)
("If the record, supplemented by the judge's personal knowledge,
does not conclusively negate the factual predicates asserted in
support of the motion for postconviction relief, and if petitioner
would be entitled to postconviction relief as a matter of law if
those allegations were in fact true, the district court **must** conduct
an evidentiary hearing on those factual allegations.").

   Secondly, the Eleventh Circuit has held "[i]n order to establish
a violation of Brady, [Petitioner] must demonstrate" (1) that the
government possessed evidence favorable to the defendant(including
impeachment evidence)...; (2)that the defendant does not possess
the evidence nor could he obtain it himself with any reasonable
diligence...;(3) that the prosecution suppressed the favorable
evidence...;(4) that had the evidence been disclosed to the defense,
a reasonable probability exists that the outcome of the proceeding
would have been different..." Wright v. Hopper, 169 F.3d 695,701
(11th Cir.1999)(quoting United States v. Meros, 866 F.2d 1304,1308

(11th Cir.1989)).

Petitioner has met the four criterias set out in <u>Wright</u>. First, the government possesses evidence of whether or not the tapes were sealed "immediately" upon the expiration of the wiretap order issued in this case; (2) it is evidently clear that the government and state officials were authorized to intercept conversations of Petitioner. The relevant information, the dates on which the tapes were presented for judicial sealing are within the possession and knowledge of the government and state officials; (3) the government has suppressed material evidence in that the government had failed to disclose information on which date the tapes were judicially sealed; (4) had the evidence been disclosed to the Petitioner, a reasonable probability exist that the outcome of the proceeding would have been different in that if the government did not seal the tapes "immediately" under §2518(8)(a) the evidence must be suppressed. Furthermore, this Honorable Court should consider the adverse effects of the prosecutor's failure to release such information had on Petitioner's preparation and presentation of the case. see <u>United States v. Bagley</u>, 473 U.S. 667,683(1985).

Indeed, there are cases where there were specific findings of when the tapes were sealed, in contrast to the instant case. Implicit in those cases either the government disclosed to the defendants the dates on which the tapes were judicially sealed or the defendants obtained this information from other sources. The end result is that the defendants in these cases knew **when** exactly the tapes were sealed, but not Petitioner.

Here are some of the cases in which the determination of when the seal was applied the findings were supported by the record.

-11-

In <u>United States v. Gigante</u>, 538 F.2d 502,507(2nd Cir.1976), the Court held that due to the uncertainty "...of precisely when those tapes were presented for sealing...we **must** remand for the determination of the following questions..." The cases that have had the occasion to address §2518(8)(a) requirements all had information or evidence of a seal being obtained at some point in time, although there may have been a delay in sealing the tapes, in contrast to the instant case. Here are some of the many cited cases on this issue. <u>United States v. Sklaroff</u>, 506 F.2d 837(5th Cir.), cert.denied, 423 U.S.874(1975)(delay of 14 days); <u>United States v. Diadone</u>, 558 F.2d 775,780(5th Cir.1977)(two week delay); <u>United States v. Mora</u>, 821 F.2d 860(1st Cir. 20 day delay); <u>United States v. Poeta</u>, 455 F.2d 117(2nd Cir.), cert. denied, 406 U.S.948(1972)(13 days); <u>United States v. Ojeda Rios</u>, 875 F2d 17 (2nd Cir. 1989), cert. granted 493 U.S.889(1989)(delay ranging from 15 to 118 days); <u>United States v. Quintero</u>, 38 F.3d 1317(3rd Cir.1994)(delay of 5, 11, and 20 days); <u>United States v. Vastola</u>, 989 F.2d 865(3rd Cir.1990)(45 day delay); <u>United States v. Sawyers</u>, 963 F.2d 157(8th Cir.1992)(delay of 8,12,and 32 days); <u>United States v. Feiste</u>, 961 F.2d 1349(8th Cir.1992)(31 day delay); <u>United States v. Pedroni</u>, 958 F.2d 262(9th Cir.1992)(14 day delay); <u>United States v. Gomez</u>, 67 F.3d 1515(10th Cir.1995)(finding that tapes were never judicially sealed). There are many more published decisions dealing with dates on which the tapes were sealed throughout the Federal Reporters and Federal Supplement law books. Petitioner cites just a few of these cases for the support that the government has deprived Petitioner of material facts and information of the dates that the tapes were sealed, in the instant case. So, why is it that these defendants

-12-

were disclosed the dates on which the tapes were judicially sealed and were able to litigate their claims under §2518(8)(a) and Petitioner cannot! This is unfair and unrealistic, with all due respect, for this Honorable Court to allow such misconduct to go on uncorrected. And Petitioner is being unfairly treated and prejudice has ensued.

Indeed, "the basic import of Brady is...that there is an obligation on the part of the prosecution to produce certain evidence actually or constructively in its possession or accessible to it in the **interests of inherent fairness.**" Calley v. Callaway, 519 F.2d 184,223 (5th Cir.1975)(en banc). Furthermore,"...to ensure that justice is done, it is imperative to the functions of courts that **compulsory process** be available for the production of evidence needed either by the prosecution **or by the defense.**" United States v. Nixon, 418 U.S.683,709(1974)(emphasis added). Thus, in the instant case, with all due respect, but in contrast to the findings of this Honorable Court in its order denying Petitioner's §2255 motion, the government has suppressed evidence which is the dates the tapes were judicially sealed. The denial of this information and evidence has deprived Petitioner of Due process, discovery rights, and prejudiced Petitioner's ability to litigate the issue under §2518(8)(a).

Accordingly, Petitioner has shown that this Honorable Court should grant a COA on this issue. This so because reasonable jurists could differ as to whether precise dates after an order has expired under §2518(8)(a), are material and must be disclosed under Brady. "Having reviewed Th[e] opinions, [Petitioner contends] that these issues are debatable among jurists of reason, and [petitioner] is thus due COA on them." Franklin v. Hightower, 215 F.3d 1196,1200 (11th Cir.2000). Furthermore, Petitioner has made a substantial

-13-

showing that Petitioner has been denied a constitutional right
to **Due Process** and the **Compulsory Process** under the Sixth Amendment
of the United States Constitution.

C.

### Ineffective Assistance Of Counsel For Failing To Pursue A Meritorious Issue Under §2518(8)(a)

To establish that Petitioner has been denied the Sixth Amendment
right to effective assistance of counsel, Petitioner must show
two things. First, Petitioner must show that counsel was deficient;
that is, that counsel's representation "'fell below an objective
standard of reasonableness.'" Williams v. Taylor, 120 S.Ct. 1495,1511
(2000)(quoting Strickland v. Washington, 466 U.S.688(1984)). Second,
Petitioner must show that the deficient performance prejudiced
his right to a fair trial. see Id. Prejudice is found when "'there
is a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different.'"
Id. at 1512(quoting Strickland, 466 U.S.at 694).

Petitioner had met both prongs under the Strickland's requirements
before relief should be granted under a Sixth Amendment claim.
Petitioner showed that counsel was deficient in failing to argue
for the suppression of wiretap evidence based on an "absence" of a timely
applied seal which, is commanded by the plain language of §2518(8)(a),
is a prerequisite for the use or disclosure of the contents of the
recordings, or evidence derived therefrom, in a proceeding. see §2518(8)
(a). In Petitioner's case, the record is void of any evidence as to
when the tapes were judicially sealed. And, the government concedes
that no such presentation of such evidence was presented at or
before trial. see Government's Response, at pg.4. This is so, and

-14-

conceded by the government, because Petitioner failed to move to suppress evidence on such grounds. This failure of counsel is also explicitly conceded by the government in its Response, and without more, reflects counsel's deficient performance.

Secondly, "[p]retrial investigation and preparation are keys to effective representation. Specifically, an attorney does not provide effective assistance if he fails to investigate sources of evidence which may be helpful to the defense...[and] where the inadequacy of counsel's preparation results in his failure to understand basic procedural requirements, counsel's services fall outside the range of competency expected of criminal defense attorneys." Adams v. Balkcom, 688 F.2d 734,739-40(11th Cir.1982)( internal quotes and citations omitted). In light of the above express reasoning Petitioner makes the related argument: (1) had counsel done any reasonable investigation into the facts about the tapes being "immediately" sealed upon expiration of each wiretap order counsel would have discovered the exact dates of when the tapes recorded under each underlying order were sealed, and whether the government complied with the sealing requirements under §2518 (8)(a) or if the government did not comply; (2) The failure of counsel to investigate this source of evidence that may have been helpful to the defense was deficient in that this evidence might have been exculpatory; (3) Counsel's inadequate preparation resulted in his failure to understand the "basic procedural requirements" of §2518(8)(a) causing Petitioner to be deprived of a fair trial and information that was necessary for the resolution of Petitioner's claim. Id. With all of this Petitioner's trial counsel performance was deficient.

-15-

Indeed, twenty-eight months before the start of Petitioner's trial the United States Supreme Court in Ojeda Rios explicitly "rejected the Eleventh Circuit's requirement that a defendant had to show prejudice, or that the evidence had become compromised, as a prerequisite to suppression." Jones v. United States, 224 F.3d 1251,1257(11th Cir.2000). The law was then clear that unless the government could show either prompt sealing of tapes or a reasonable excuse for not doing so the government could not use wiretap evidence. see Id. at n.7. And this Honorable Court should use its discretionary authority under Federal Rules Of Evidence, Rule 201 Judicial Notice Of Adjudicative Facts. In that the government concedes that no such presentation occurred at or before trial of evidence of a promptly obtained seal before the wiretap evidence could be disclosed. Under Fed.R.Evid. Rule 201(b)(2), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either... (2) capable of accurate and ready determination by **resort to sources whose accuracy cannot reasonably questioned.**" Id. Petitioner directs this Court's attention to the Government's Response on pg.4 in which the facts are not in dispute and these facts are from a source who has no reason to be questioned as to the accuracy of these statements. Therefore, failing to argue for suppression in light of the "absence" of this "immediately" obtained seal fell below an "objective standard of reasonableness." Jones, supra at 1258(quoting Strickland, 466 U.S.at 688). And Petitioner re-emphasizes that the government directs this Court's attention to Petitioner's failure to argue this issue at or before trial for its own failure to disclose these facts to Petitioner or the Court. Obviously, this contention by the government, is an attempt to shift its

-16-

burden to Petitioner for its failure to present such evidence
of an "immediately" obtained seal. And the government contends
further that under these circumstances the government was not
required to present this evidence. Government's Response, at pg.4.
Although, it was not the burden of the Petitioner to present such
evidence. This statement of why the government did not present
such evidence is explicitly rejected by the United States Supreme
Court in Ojeda Rios. It is plainly required by this decision that
the government present this evidence before it could use or disclose
wiretap evidence at Petitioner's trial.

    This failure alone by Petitioner's counsel, however, will
not entitle Petitioner to relief unless Petitioner can show he
was prejudiced by it. Petitioner must show that a reasonable probability
that the outcome of the case would have been different if Petitioner's
counsel had argued for suppression based on the absence of a timely
applied seal in the record at trial. This failure alone has prejudiced
Petitioner effectively causing this Honorable Court to leave unresolved
the question of whether or not these tapes were "immediately"
sealed upon expiration of each underlying wiretap order. And,
there is no question that, if there was a delay in sealing the
tapes involved in the instant case, there is a reasonable probability
the suppression of this evidence would have changed the result.
see.Futch v Dugger, 874 F.2d 1483,1485(11th Cir.1989).

    Furthermore, this Honorable Court should have granted an evidentiary
hearing to determine whether the tapes were "immediately" sealed
because this evidence was crucial to Petitioner's conviction.
see.Smith v. Singletary, 170 F.3d 1051,1052(11th Cir.1999)("A
habeas petitioner is entitled to evidentiary hearing on his claim

-17-

'if he alleges facts which, if proven, would entitle him to relief.'")
(quoting <u>Futch v. Dugger</u>, 874 F.2d 1483,1485(11th Cir.1989); see
also. <u>Huynh v. King</u>, 95 F.3d 1052,1058(11th Cir.1996)("Because
the merit of <u>Huynh's</u> Fourth Amendment claim is dispositive to
a finding of prejudice, **we remand to the district court for an
evidentiary hearing to determine whether the search in question
violated <u>Huynh's</u> Fourth Amendment right.**")(footnote omitted).
If the government could not establish that the tapes were "immediately"
sealed as required §2518(8)(a) which, the government has conceded
that it did not present such evidence at or before trial in its
Response to Petitioner's §2255 motion. It is reasonably certain
the outcome of Petitioner's case would have been different if
the wiretap evidence was suppressed. see. <u>Tower v. Phillips</u>, 979
F.2d 807,813 n.13(11th Cir.1992)("District Court's determination
in habeas proceeding must be made on a sufficient and adequate
record.[cite omitted]. The record is more likely to be found inadequate
where, as here, no state court has ever considered all the evidence.
[cite omitted].".). Thus Petitioner was deprived of his Sixth Amendment
right to effective assistance of counsel and the right to a fair
trial.

    Accordingly, Petitioner has demonstrated that this claim,
that has been denied by this Honorable Court on its merits, a
reasonable jurists could find that assessment of this constitutional
claim debatable or wrong. see. <u>Eagle v. Linahan</u>, 268 F.3d 1306,1315
(11th Cir.2001)("Where a district court has rejected the constitutional
claims on the merits,...[t]he petitioner [seeking a COA] must
demonstrate that reasonable jurists would find the district court's
assessment of the constitutional claims  **debatable or wrong.**")(quoting

and Equal Protection of the Law under the Fifth and Fourteenth Amendments of the United States Constitution, and finally, Petitioner's Statutory rights under 18 U.S.C.§2518(8)(a).

Accordingly, as previously shown the standard for the issuance of a certificate of appealability is not a rigorous standard. As set forth by the Supreme Court, **"obviously the petitioner need not show he should prevail on the merits. He has already failed in that endeavor."** Barefoot, at 463 U.S.893 n.4. Instead, it is submitted the Petitioner must make only a modest showing "that the issues are debatable among jurists of reason." Id. see also. Eagle v. Linahan, 268 F.3d 1306,1315(11th Cir.2001). In the instant case, Petitioner respectfully contends, based upon the facts and relevant law cited, that a court could resolve the issues [in a different manner]." Ibid. Or a jurists of reason would find that this Honorable Court's assessment of Petitioner's constitutional claims wrong or debatable. see Eagle, supra. Therefore, it is submitted the "Barefoot standard" applicable for the issuance of certificate of appealability has been met, and Petitioner prays that this Honorable Court issue such a Certificate on the issues herein presented.

Respectfully submitted,

*Lavon Heath 27989-004  4/02/2002*

LAVON HEATH, PRO-SE
27989-004
Federal Correctional Inst.
P.O. BOX 7007
Marianna, FL 32447

-31-

## CERTIFICATE OF SERVICE

I, Lavon Heath, Petitioner, Pro-se, in the above matter, do hereby certify that a true and correct copy of the foregoing request for Certificate of Appealability was duly served on the Respondent by placing said copy in the U.S. mail, proper postage affixed, addressed to Thomas O'Malley, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33394 this 2nd day of April, 2002.

#27989-004
FEDERAL PRISON CAMP
MAXWELL AFB
MONTGOMERY, AL 3611?

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711