IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LAVON HEATH,

    Petitioner,

v.

DARLENE DREW,

    Respondent.      /

Case No. 2:07-cv-00255-WKW
[wo]

RECEIVED
2007 MAY 23 A 9: 37
A P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### MOTION FOR RELIEF FROM JUDGEMENT AND/OR MOTION TO ALTER OR AMEND JUDGEMENT, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 59(a)(2) AND RULE 59(e)

COMES NOW, Petitioner, Lavon Heath, PRO-SE, and pursuant to Rules of Civil Procedure, Rule 59(a)(2) and 59(e), that grants this Court jurisdiction to entertain such motion, and moves this Honorable Court to alter its Order that COA be denied for permission to appeal Petitioner's petition for writ of habeas corpus under §2241 pursuant to section 2255's "Savings Clause".

Rule 59(a)(2) and 59(e), of the Federal Rules of Civil Procedure empowers a United States District Court to alter or amend judgements. Although the words "alter or amend" imply something less than "set aside", a court may use 59(a)(2) or 59(e) to set aside the entire judgement. Of course, "[Petitioner] must present strong reasons for why the court should reconsider its prior decision, setting forth facts or **law** of a 'strongly convincing nature to induce the court to reverse its prior decision'". Altadis USA, Inc. v. NPR, Inc., 344 F.Supp.2d 1349, 1358(M.D.Ala.2004)(internal quotations omitted). For the following facts and law Petitioner respectfully moves this Honorable Court to alter its prior Order and states:



(1). Petitioner received this Court's Order denying COA and Petitioner's motion to proceed in forma pauperis on May 17, 2007.

(2). Petitioner petitions this Court to correct a manifest error of law because the precedent of the Eleventh Circuit does not require a federal prisoner proceeding under §2241 to obtain a certificate of appealability. See Sawyer v. Holder, 326 F.3d 1363,1364-65 n.3(11th Cir.2003)("As a preliminary matter, Sawyer may proceed before this court despite the lack of a certificate of appealability ("COA"). Based on the statutory language of 28 U.S.C.§2253(c)(1), state prisoners proceeding under §2241 must obtain a COA to appeal. In contrast, §2253(c)(1)(B) explicitly requires a federal prisoner to obtain a COA only when proceeding under §2255. By negative implication, a federal prisoner who proceeds under §2241 does not need a COA to proceed. See Jeffers v. Chandler, 253 F.3d 827,830(5th Cir.)(allowing petitioner to proceed under §2241 without a COA), cert.denied, 534 U.S. 1001, 122 S.Ct. 476, 151 L.Ed.2d 390(2001)").

For this reason, Petitioner respectfully moves this Court to amend and/or alter its Order denying COA because a COA is not applicable to proceedings under §2241. Accordingly Petitioner has presented a "strong reason[] for why [this Court] should reconsider its prior [order], setting forth facts [and] law of a strongly convincing nature to induce the [C]ourt to reverse its prior [Order]. Altadis USA, Inc. v. NPR, Inc., 344 F.Supp.2d 1349, 1358(M.D.Ala.2004).

## CONCLUSION

It is well established that a COA does not apply to federal prisoners proceeding under §2241, the Court should reverse it's

Order dated May 11, 2007, and forward Petitioner's Notice of Appeal to the Appeals Court for the appropriate action to taken.

Respectfully submitted,

*(signature)*
LAVON HEATH
#27989-004
FEDERAL PRISON CAMP
MAXWELL AFB
MONTGOMERY, AL 36112-001

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was mailed this 21st day of May 2007, to the United States Attorney's Office for the Middle District of Alabama, P.O. Box 197, Montgomery, Al 36101-0197.

*(signature)* 27989-004

3

LAVON HEATH
#27989-001
FEDERAL PRISON CAMP
MAXWELL AFB
MONTGOMERY, AL 36112

MONTGOMERY AL 361
22 MAY 2007 PM 4

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, AL 36101-0711

36101/0711